1  LYNNE C. HERMLE (STATE BAR NO. 99779)
   lchermle@orrick.com
2  JOSEPH C. LIBURT (STATE BAR NO. 155507)
   jliburt@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA  94025
   Telephone:    (650) 614-7400
5  Facsimile:    (650) 614-7401

6  CHRISTIAN N. BROWN (STATE BAR NO. 233147)
   cbrown@orrick.com
7  ORRICK HERRINGTON & SUTCLIFFE LLP
   405 Howard Street
8  San Francisco, CA 94105
   Telephone:    (415) 773-5700
9  Facsimile:    (415) 773-5759

10 Attorneys for Defendants
   SEARS HOLDINGS CORPORATION and SEARS,
11 ROEBUCK AND CO.

12

                    UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14               SAN FRANCISCO/OAKLAND DIVISION

15

16

17 | PATRICK RODRIGUEZ, as an individual    | Case No.
   | and on behalf of all others similarly situated,, |
18 |                                        | **DEFENDANTS SEARS HOLDINGS
   |                Plaintiff,              | CORPORATION AND SEARS,
19 |                                        | ROEBUCK AND CO.'S NOTICE OF
   |        v.                              | REMOVAL**
20 |                                        |
   | SEARS HOLDINGS CORPORATION, a          | CLASS ACTION
21 | corporation; SEARS, ROEBUCK AND CO.,   |
   | a corporation; and DOES 1 through 100, |
22 | inclusive,                             |
   |                                        |
23 |                Defendants.             |

24

25

26

27

28

OHS West:260882249.2

NOTICE OF REMOVAL

1   TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2   NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF

3   RECORD:

4   PLEASE TAKE NOTICE that Defendants Sears Holdings Corporation and Sears,

5   Roebuck and Co. ("Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§ 1332(d),

6   1441, 1446 and 1453 to effect the removal of the above-captioned action, which was commenced

7   in the Superior Court of the State of California in and for the County of Alameda, and states that

8   the removal is proper for the reasons stated below.

9                                  **BACKGROUND**

10   1.   On February 11, 2010, Plaintiff Patrick Rodriguez, individually and purportedly on

11   behalf of all others similarly situated, filed a Complaint in the Superior Court of California for the

12   County of Alameda, entitled "Patrick Rodriguez, as an individual and on behalf of all other

13   similarly situated, Plaintiff, v. Sears Holdings Corporation, Sears Roebuck & Co., and Does 1

14   through 100, Defendants," No. RG 10498626 (the "Action").  The allegations of the Complaint in

15   the Action are incorporated by reference in this Notice of Removal without necessarily admitting

16   any of them.

17   2.   The Complaint purports to bring five class-wide claims for relief against all

18   defendants in the case, alleging causes of action based upon the plaintiff's employment

19   relationship with the defendants.  The Complaint alleges class-wide causes of action for

20   violations of the California Labor Code and unfair business practices statutes of California

21   Business and Professions Code section 17200 *et seq.*, and seeks relief in the form of allegedly

22   unpaid overtime wages, meal and rest break premium pay, penalties under the Labor Code,

23   declaratory relief, and statutory attorneys' fees and interest.

24   3.   The Complaint names Defendant Sears Holdings Corporation, a non-California

25   corporation with its principal place of business in Illinois, and Defendant Sears, Roebuck and Co.,

26   also a non-California corporation with its principal place of business in Illinois.  Sears is informed

27   and believes there have been no other defendants named in this case.

28   4.   Sears' agent for service of process was served with the Summons and Complaint

OHS West:260882249.2                          1

1    and other papers on February 24, 2010. The Summons and Complaint are attached hereto

2    together with all other pleadings, process and orders served on Defendants as Exhibit A. This

3    Notice of Removal is timely as it is filed within thirty days of the first receipt by a defendant of a

4    copy of the Summons and Complaint in this matter. 28 U.S.C. § 1446(b).

5                                **CLASS ACTION FAIRNESS ACT**

6            5.      Sears removes this action based upon the Class Action Fairness Act of 2005

7    ("CAFA"), codified in 28 U.S.C. § 1332(d). This Court has original jurisdiction of this action

8    under § 1332(d)(2). As set forth below, this action is removable pursuant to 28 U.S.C. § 1441(a)

9    as it is a class action in which at least one class member is a citizen of a state different from that

10   of any one defendant, the proposed class exceeds 100 members, and the amount in controversy

11   exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A). Further, no

12   defendant identified in the Complaint is a state, officers of a state, or a governmental agency. 28

13   U.S.C. § 1332(d)(5).

14                               Diversity of Citizenship

15           6.      Plaintiff's Citizenship. Plaintiff alleges that he has resided within the state of

16   California at all times relevant to the matters set forth in the Complaint. Complaint ¶ 5. For

17   diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor*

18   *v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie*

19   evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir.

20   1994). Defendants therefore allege that Plaintiff is a citizen of California. Complaint ¶ 5.

21           7.      Citizenship Of Members Of Proposed Plaintiff Class. Plaintiff alleges that the

22   proposed class consists only of persons formerly employed within the State of California. On that

23   basis, Defendants allege that at least two-thirds of the persons who make up the proposed class

24   are citizens of the State of California.

25           8.      Defendants' Citizenship. Defendant Sears Holdings Corporation is a citizen of

26   Delaware and Illinois. Defendant Sears, Roebuck and Co. is a citizen of New York and Illinois.

27   A corporation "shall be deemed a citizen of any State by which it has been incorporated and of

28   the State where it has its principal place of business." 28 U.S.C. § 1332(c). Sears Holdings

1   Corporation is incorporated under the laws of the State of Delaware, and has its principal place of

2   business in Hoffman Estates, Illinois, where it is headquartered. Sears, Roebuck and Co. is

3   incorporated under the laws of the State of New York, and has its principal place of business in

4   Hoffman Estates, Illinois, where it is headquartered.

5       9.      Doe Defendants' Citizenship. The citizenship of fictitious defendants is

6   disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See* 28

7   U.S.C. § 1441(a); *see also Bryant v. Ford Motor Co.*, 886 F.2d 1526 (9th Cir. 1989), cert.

8   denied, 493 U.S. 1076 (1990).

9       10.     Size of Class. The Complaint defines a single class and one subclass. The class

10  includes "[a]ll persons employed by defendants in the State of California as 'Assistant Managers'

11  and similar positions, who were misclassified as exempt employees during the period from

12  February 1, 2006, up to and including the date judgment is rendered herein." Complaint ¶ 19.

13  Plaintiff's proposed class includes Assistant Managers (and similar positions) employed by other

14  unnamed entities allegedly owned by Defendants or their subsidiaries, including Kmart

15  Corporation, Orchard Supply Hardware, and others. Defendants assert that there are more than

16  100 individuals who qualify as potential class members during the four-year period alleged.

17  Defendants presently estimate that the number of current and former Assistant Managers

18  employed by entities encompassed by the Complaint during the alleged class period is greater

19  than 2,000. Declaration of Robert G. Springhorn ("Springhorn Decl."), ¶ 3.

20                          Amount in Controversy

21      11.     The alleged amount in controversy in this class action exceeds, in the aggregate,

22  $5,000,000, exclusive of interest and costs. Defendants deny plaintiff's claims in their entirety

23  and assert that plaintiff's claims are not amenable to class treatment, but provide the following

24  analysis of potential damages (without admitting liability) in order to demonstrate that plaintiff's

25  Complaint puts a sufficient amount "in controversy" to warrant removal under 28 U.S.C. §

26  1332(d). The Complaint seeks payment of allegedly unpaid regular and overtime wages over a

27  four-year period, premium pay for missed meal and rest periods, and damages for allegedly

28  inaccurate wage statements at the amounts set by Labor Code § 226(a), which sets forth

OHS West:260882249.2                         - 3 -

1   maximum damages of $4,000 per employee.  The Complaint also seeks payment of waiting time

2   penalties under California Labor Code § 203, which provides that wages shall continue at their

3   regular rate for a period of up to 30 days if all concededly due wages are not paid at the time of

4   termination.

5       12.     When the amount in controversy is not readily apparent from a complaint, "the

6   court may consider facts in the removal petition" to determine the potential damages at issue.

7   *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (*quoting Singerv. State Farm Mut.*

8   *Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).  Where the complaint is silent, a defendant need only

9   satisfy the amount in controversy by a preponderance of the evidence.  *Singer*, 116 F.3d at 376.

10  Thus, Defendants in this case are only required to establish that it is more likely than not that the

11  amount in controversy exceeds $5,000,000.  Statutory penalties may be considered by the Court

12  when determining the amount in controversy.  *See Chabner v. United of Omaha Life Ins. Co.*, 225

13  F.3d 1042, 1046 n.3 (9th Cir. 2000). The Court should also include requests for attorneys' fees in

14  determining the amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-

15  56 (9th Cir. 1998).

16      13.     The potential damages, penalties and restitution plaintiff seeks in this action easily

17  exceed $5,000,000, exclusive of interest and costs.  Defendants' records show that Defendant

18  Sears, Roebuck and Co. alone employed 1,160 Assistant Managers during the proposed class

19  period.  Springhorn Decl., ¶ 3.  This does not include Assistant Managers employed by Kmart

20  Corporation, Orchard Supply Hardware, or other separately incorporated entities encompassed

21  within the Complaint who also employed Assistant Managers.  Accounting for a leave of absence,

22  Plaintiff was employed by Defendant Sears, Roebuck and Co. for approximately 88 workweeks,

23  and his average hourly rate of pay was $27.88.  Springhorn Decl., ¶ 4.

24      14.     Plaintiff's first cause of action is for failure to pay overtime wages.  Complaint at

25  ¶¶ 31-34.  Based on the Complaint's allegation that Assistant Managers were misclassified as

26  exempt employees, it is expected that plaintiff will claim to have worked some (as yet

27  unidentified) number of overtime hours each week for which he should have been paid.

28  Assuming that plaintiff claims he was owed for just one (1) overtime hour each week (a

OHS West:260882249.2                        - 4 -

1   conservative estimate of the amount in controversy because plaintiffs in this type of case typically

2   allege more than 1 hour of overtime per week regardless of whether there is any factual basis), his

3   individual  damages for the first cause of action would be $3,680.16  (1 OT Hour at $41.82 per

4   hour (1.5 x $27.88) multiplied by 88 weeks).  Assuming (as alleged in the Complaint) that

5   plaintiff's claims are typical of the class and that at least one hour of overtime per week is at

6   issue, the amount in controversy on the first cause of action alone would be $4,268,985.  If

7   plaintiff claims that he and proposed class members worked 5 hours of overtime per week, then

8   the amount in controversy on the first cause of action alone would be  $21,344,928 (5 OT hours at

9   $41.82 x 88 weeks x 1,160 class members).  And again, these amounts are for Sears, Roebuck

10   and Co. only.  Including Assistant Managers from the additional entities covered by the

11   Complaint will result in larger potential damages.

12       15.   Plaintiff's second cause of action for failure to provide meal and rest breaks alleges

13   that plaintiff and members of the proposed class were unlawfully denied meal and rest breaks,

14   and were not paid an hour's wages in lieu thereof.  Assuming one non-compliant meal and/or rest

15   period each day during a five-day workweek, plaintiff's individual potential damages over the 88

16   workweeks that he was employed would be $12,267.20 (5 x $27.88 x 88 weeks).  If plaintiff's

17   claim is assumed to be typical of the class, the amount in controversy for the meal and rest break

18   cause of action would be $14,242,219 for Sears, Roebuck and Co. only.  Even assuming that

19   plaintiff alleges only two non-compliant meal or rest periods each workweek, the amount in

20   controversy for the second cause of action alone would be $5,691,980.80.  This is, again, just for

21   the Assistant Managers employed by Sears, Roebuck and Co. in California during the relevant

22   time period.  Potential damages for the entire proposed class (which includes Assistant Managers

23   at other entities) would be even larger.

24       16.   Plaintiff's third cause of action for late payment of final wages under California

25   Labor Code § 203 alleges that class members who are no longer employed by the defendants

26   were not paid all wages due upon termination.  Labor Code § 203 provides for 30 days' wages as

27   a penalty for late final payment of owed wages.  Of the 1,160 Assistant Managers employed by

28   Sears, Roebuck and Co. in California during the proposed class period, 640 are no longer

employed. Springhorn Decl., ¶ 5. Thirty days of wages for the plaintiff would be $6,691.20. Assuming that plaintiff's Labor Code § 203 penalties are typical of those of the class, the total amount in controversy on plaintiff's third cause of action would be $4,282,368 – just for the Assistant Managers employed by Sears, Roebuck and Co.. The amount in controversy considering other entities covered by the Complaint would be even larger.

17. Plaintiff's fourth cause of action for failure to issue accurate itemized wage statements carries a maximum penalty of $4,000 per employee. If the 1,160 Assistant Managers at Sears, Roebuck and Co. (including The Great Indoors division) were entitled to the maximum penalties provided by Labor Code § 226(a), the amount in controversy on this claim alone would be $4,640,000. Including Assistant Managers employed by Kmart, Orchard Supply Hardware and other entities would increase this amount considerably. As the calculations above demonstrate, there is well over $5,000,000 in controversy in this action, without even addressing the issue of potential attorneys' fees, which are provided for by statute and in the Ninth Circuit typically are 25% of any judgment in favor of the plaintiff.

18. That over $5,000,000 is in controversy in this action is also supported by the facts in two similar actions pending against Defendant Sears, Roebuck and Co. and Kmart Corporation. *Jimenez v. Sears, Roebuck and Co.*, Los Angeles Superior Court Case No. BC383006, is a class action pending against Sears that involves Assistant Managers at Sears Auto Centers in California. *Jimenez* is much smaller in scope than this action, covering only Sears Auto Center Assistant Managers. Here, plaintiff has proposed a class that includes all Assistant Managers at *all* Sears establishments, as well as *all* Assistant Managers at Kmart and Orchard Supply Hardware locations in California. Despite the smaller scope of the *Jimenez* action compared with this case, the plaintiff in *Jimenez* recently made a settlement demand of over $10 million. *See* Declaration of Christian N. Brown in Support of Defendant's Removal ("Brown Decl."), Ex. A.; *see also Babasa v. Lenscrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) ("a settlement letter is relevant evidence of the amount in controversy")(quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

19. Another action pending against Kmart Corporation in this Court also demonstrates that the amount in controversy here exceeds $5,000,000. *Gilhuly v. Kmart Corporation*, Northern District of California Case No. 4:10-cv-00360-PJH is a class action alleging misclassification of three assistant manager-type positions at Kmart stores in California. The job positions at issue in *Gilhuly* (Sales Coaches, Operations Managers and Merchandise Managers) are in the nature of assistant manager positions, and the plaintiff here in *Rodriguez* has defined Kmart Assistant Managers as part of his proposed class. *See* Complaint, ¶¶ 8-9 (alleging that Defendants are part of an integrated enterprise with Kmart Corporation and other entities, and employ Assistant Managers working at Kmart, Orchard Supply Hardware, and elsewhere). With a smaller proposed class (which is subsumed by the class definition in this case), *Gilhuly* still satisfied the amount in controversy requirement and was successfully removed to this court on January 26, 2010 on CAFA grounds. *See* Brown Declaration, Ex. B (Notice of Removal filed in *Gilhuly*); Ex. C. (Declaration of Robert G. Springhorn in support of *Gilhuly* Notice of Removal).

Other Similar Cases Filed Within Past 3 Years

20. Within the 3 years preceding the filing of the instant action, there have been several other class actions filed asserting the same or similar factual allegations against Defendant Sears, Roebuck and Co.:

(a) *Sears, Roebuck and Co. v. Lisa Fitts*, U.S. District Court, Central District of California, Case No. 8:05-cv-00238-CJC-RNB. On May 10, 2007, defendant and counter-claimant Lisa Fitts filed a class action counter-claim against Sears, Roebuck and Co.. The counter-claim included class-wide claims alleging misclassification of assistant manager positions and resultant violations of California Labor Code sections 203 and 226 and California Business and Professions Code section 17200. This case was assigned to U.S. District Judge Cormac Carney and has since resolved.

(b) *Gilhuly v. Kmart Corporation*, U.S. District Court, Northern District of California, Case No. 4:10-cv-00360-PJH. While the *Gilhuly* suit involves a different nominal defendant, it involves a proposed class that overlaps with plaintiff's proposed class in this case. On January 26, 2010 plaintiff Michael Gilhuly filed a class action complaint against Kmart

1    Corporation alleging misclassification of three identified manager positions that also fall under

2    the class definition plaintiff has offered in this case. Gilhuly alleges failures to pay overtime and

3    regular wages (Labor Code §§ 510, 1194 and 1198), failure to provide meal and rest periods

4    (Labor Code §§ 226.7 and 512), failure to pay wages on termination (Labor Code § 203), and

5    unfair business practices under California Business & Professions Code § 17200 *et seq.*. The case

6    was successfully removed from Alameda County Superior Court and is currently pending in this

7    Court before U.S. District Judge Phyllis J. Hamilton in the Oakland Division.

8              (c)    *Jose Jimenez v. Sears, Roebuck and Co.*, Los Angeles County Superior

9    Court, Case No. BC383006. As alleged in the December 28, 2007 complaint filed in the *Jimenez*

10   matter, the claims include an allegation that Sears Auto Center Assistant Managers are

11   misclassified as exempt, resulting in class-wide violations of various provisions of the California

12   Labor Code and unfair competition in violation of California Business and Professions Code

13   section 17200 *et seq.*. The *Jimenez* case is currently pending in Los Angeles Superior Court.

14             (d)    *William Dailey v. Sears, Roebuck and Co.*, U.S. District Court, Southern

15   District of California Case No. 3:10-cv-00345-L-NLS. *Dailey* involves similar claims to the

16   *Jimenez* case described above. Dailey asserts that Sears Auto Center Assistant Managers and

17   Managers are misclassified as exempt employees, resulting in unpaid overtime, meal and rest

18   period violations, inaccurate itemized wage statements, and unfair competition in violation of

19   California Business & Professions Code § 17200. The *Dailey* case is currently pending before

20   Judge M. James Lorenz in the U.S. District Court for the Southern District of California.

<u>No Bases for Rejecting or Declining Jurisdiction</u>

21   21.    There are no bases for this Court to reject or decline jurisdiction as set out in 28

22   U.S.C. § 1332(d). Further, as set out above, no named defendant is a citizen of California; thus

23   28 U.S.C. §§ 1332(d)(3) and (4)(A)(i)(I) are inapplicable. Also, as set out above, there have been

24   several similar cases filed against Defendant Sears, Roebuck and Co. within the past 3 years.

<u>VENUE</u>

27   22.    Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 1441(a),

28   1446(a), and 84(c)(2). This action was originally brought in the Superior Court of the State of

1   California, County of Alameda, which is embraced by the Northern District of California,

2   Oakland Division.

3   <u>NOTICE OF REMOVAL</u>

4       23.     This Notice of Removal shall be served promptly on the plaintiff Patrick

5   Rodriguez and filed with the Clerk of the Superior Court of the State of California in and for the

6   County of Alameda.

7       24.     In compliance with 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** are copies

8   of the state-court papers served herein, including the summons and Complaint.

9       WHEREFORE, Defendants pray that this civil action be removed from the Superior Court

10  of the State of California, County of Alameda to the United States District Court for the Northern

11  District of California (Oakland Division).

12

13  Dated:    March 25, 2010           LYNNE C. HERMLE
                                       JOSEPH C. LIBURT
14                                     CHRISTIAN N. BROWN
                                       ORRICK, HERRINGTON & SUTCLIFFE LLP
15

16                                     _____
                                                Christian N. Brown
17                                            Attorneys for Defendant
                                           SEARS, ROEBUCK AND CO.
18

19

20

21

22

23

24

25

26

27

28

OHS West:260882249.2                   - 9 -

NOTICE OF REMOVAL

# EXHIBIT A



F I L E D
ALAMEDA COUNTY

FEB 1 1 2010

CLERK OF THE SUPERIOR COURT
_____
Deputy

1  **MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq.  (SBN: 090058)
2  Marcus D. Bradley, Esq. (SBN: 174156)
Lynn P. Whitlock, Esq. (SBN: 127537)
3  29229 Canwood Street, Suite 208
Agoura Hills, California   91301
4  (818) 991-8080  Fax: (818) 991-8081

5
**UNITED EMPLOYEES LAW GROUP, PC**
6  Walter Haines, Esq. [SBN 71075]
110 Pine Avenue,  Suite  725
7  Long Beach , California  90802
Phone: (888) 474 - 7242; Fax: (866) 435 - 7471
8

9  Attorneys for Plaintiff and the Proposed Plaintiff Class

10            **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

11                 **FOR THE COUNTY OF ALAMEDA**

12

13  PATRICK RODRIGUEZ, as an individual )    Case No. **10 498 626**
and on behalf of all others similarly            )
14  situated,                                                      )    **CLASS ACTION COMPLAINT FOR:**
                                                                     )
15                        Plaintiff                             )    1.   **Failure to Pay Overtime Wages** (*Lab.*
                                                                     )         *Code* § 1194);
16  vs.                                                         )    2.   **Failure to Allow and Pay for Meal and**
                                                                     )         **Rest Periods** (*Lab. Code* §§ 200, 226.7,
17  SEARS HOLDINGS CORPORATION, a  )         512);
corporation; SEARS ROEBUCK AND        )    3.   **Failure to Pay Compensation Upon**
18  CO., a corporation; and DOES 1 through  )         **Discharge** (*Lab. Code* §§ 201-203);
100, inclusive,                                          )    4.   **Failure to Provide Proper Wage**
19                                                                 )         **Statement** (*Lab. Code* § 226);
                        Defendants                        )    5.   **Violation of California** *Bus. & Prof.*
20  _____ )         *Code* §§ 17200-17208);

21            PATRICK RODRIGUEZ, individually and behalf of all others similarly situated, alleges the

22  following against SEARS HOLDINGS CORPORATION, and SEARS ROEBUCK AND CO.

23  (hereinafter sometimes collectively referred to as "defendants"):                    **FAX FILE**

24                                        **INTRODUCTION**

25            1.        This matter is brought as a class action pursuant to *California Code of Civil Procedure*

26  § 382, on behalf of Plaintiff and the Plaintiff Class, which is comprised of all persons who are, or have

27  been employed by defendants as Assistant Managers in any of defendants' California retail stores

28  during the Class Period, which is February 11, 2006, to the date judgment is rendered herein.

                                                 1

                                    **Class Action Complaint**

2.      Plaintiff seeks relief on behalf of himself and the Plaintiff Class based on defendants' (a) failure to pay overtime compensation in violation of *Labor Code* § 1194 and the orders and standards promulgated by the California Division of Labor Standards Enforcement and the California Industrial Commission, (b) failure to allow and pay for meal and rest breaks pursuant to *Labor Code* §§ 220, 226.7 and 512, (c), failure to pay compensation at the time of termination in violation of *Labor Code* §§ 201-203, (d) failure to furnish plaintiff and the Plaintiff Class with accurate itemized statements upon payment of wages as required by *Labor Code* § 226, and (e) violation of California's unfair competition laws (*Business &Professions Code* § 17200). Plaintiff and the Plaintiff Class also seek equitable remedies in the form of declaratory relief, injunctive relief, accounting, and restitution.

3.      Plaintiff's claims are based on the erroneous misclassification of Plaintiff and members of the Plaintiff Class as exempt from California's wage and hour laws which require defendants to pay overtime compensation, and provide its employees proper, statutorily required meal and rest periods. In fact, Plaintiff and members of the Plaintiff Class performed non-exempt job duties, and thus are, and were entitled to, but denied overtime compensation, and proper meal and rest periods.

## JURISDICTION AND VENUE

4.      Venue is proper in Alameda County because defendants maintain offices and transact business in Alameda County, because plaintiff Patrick Rodriguez resides in Alameda County, and because the conduct alleged herein which gives rise to the claims asserted occurred within Alameda County. Specifically, plaintiff Patrick Rodriguez worked for defendants within Alameda County, and the wages herein claimed were earned by him in Alameda County.

## THE PARTIES

5.      At all times mentioned herein Plaintiff Patrick Rodriguez was, and now is, a resident of the County of Alameda, State of California.

6.      Plaintiff was employed by defendants as an Assistant Manager of defendants' Sears store in Oakland, California, from March, 2008, to January, 2010.

7.      The members of the proposed class are likewise current and former employees of defendants, employed by defendants within the state of California as Assistant Managers.

2

**Class Action Complaint**

8.  Defendants Sears Roebuck and Company and Sears Holding Corporations are corporations doing business in the State of California, including the County of Alameda. Defendants conduct businesses under the names of Sears Roebuck and Company, Sears Home Centers, Sears Department Stores, Sears Essentials, Orchard Supply Hardware, The Great Indoors, K-Mart, and other entities unknown to Plaintiff at this time. All of these entities are retail entities which operate in and around Alameda County, and throughout the State of California, and employ and have employed individuals in the position of Assistant Manager.

9.  Defendants herein are engaged in an integrated enterprise in connection with their retail enterprises in California including, but not limited to, Sears Roebuck and Company, Sears Home Centers, Sears Department Stores, Sears Essentials, Orchard Supply Hardware, The Great Indoors and K-Mart. As such, these entities have and operate with (1) an interrelation of operations, (2) common management, (3) centralized control of labor relations and human resource issues, and (4) common ownership or financial control.

10. Defendant Sears Holding Corporation is a publicly traded corporation and is required to file an annual Form 10-K with the United States Securities and Exchange Commission. Its report for the Fiscal Year Ending February 3, 2007 sets forth the following relevant facts:

    a.  Defendant Sears Holding Corporation ("Holding") is the parent company of Kmart Holding Corporation ("Kmart") and Sears, Roebuck and Co. ("Sears"). Holding was formed in connection with the merger of Kmart and Sears.

    b.  "The Company is a broadline retailer with approximately 2,300 full-line and 1,100 specialty retail stores in the United States operating through Kmart and Sears. . . ."

    c.  All employees are considered employees of Defendant Sears Holding Corporation. "As of February 3, 2007, the Company had approximately 315,000 employees in the United States and U.S. territories, and approximately 37,000 employees in Canada through Sears Canada including, in each case, part-time employees."

3

10. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of the defendants sued herein as DOES 1 through 100, inclusive, but on information and belief alleges that said defendants are in some manner legally responsible for the unlawful actions, policies, and practices alleged herein, and therefore sues such defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges that each defendant named herein was the agent of the other, and the agent of all defendants. Plaintiff is further informed and believes, and thereon alleges, that each defendant was acting within the course and scope of said agency at all relevant times herein, for the benefit of themselves, each other, and the other defendants, and that each defendant's actions as alleged herein was authorized and ratified by the other defendants.

## FACTUAL ALLEGATIONS

11. Throughout the Class Period, as the same is defined herein, plaintiff and each member of the Plaintiff Class was a non-exempt employee, performing job duties which are classified as non-exempt, and thus covered by one or more Industrial Welfare Commission ("IWC") Wage Orders, including, but not limited to, Wage Order Nos. 7-1989, 7-1998, 7-200, 7-2001 ("Wage Orders"), as well as Cal. Code Regs., tit. 8, § 11070, and *Labor Code* § 510, and/or other applicable wage orders, regulations and statutes.

12. Specifically, the primary job duties performed by plaintiff and members of the Plaintiff Class were, and are maintaining the inventory and sales floor, cleaning the store, working the cash registers, sales, and assisting customers. Plaintiff and the members of the Plaintiff Class spent the vast majority of their time performing these non-exempt job duties, as opposed to job duties classified as exempt under California law.

13. Plaintiff and members of the Plaintiff Class are not involved in managing defendants' enterprise, and are not subject to any exemptions for executive, administrative or professional employees. Defendants were therefore obligated to pay plaintiff and members of the Plaintiff Class compensation for overtime, and to provide them the statutorily mandated meal and rest periods, and/or to compensate plaintiffs therefore. However, defendants improperly classified plaintiff and members

1  of the Plaintiff Class as exempt employees, exempt from the wage and hour provisions identified

2  above.

3          14.     Plaintiff and each member of the Plaintiff Class routinely worked in excess of the

4  maximum regular rate hours established by the IWC in the above-described Wage Orders, regulations,

5  and statutes, which entitled them to overtime compensation as set by law. Since at least February 11,

6  2006, and continuing to the present, defendants have had a consistent policy of failing to pay wages

7  and/or overtime to plaintiff and members of the Plaintiff Class for all work performed and/or work

8  over eight (8) hours per day or forty (40) per week. Relying upon, and consistent with defendants'

9  standard policy, practice and procedure of classifying plaintiff and each member of the Plaintiff Class

10 as exempt employees, defendants failed and refused to compensate plaintiff and members of the

11 Plaintiff Class for overtime worked by them.

12         15.     Plaintiff and each member of the Plaintiff Class were routinely not allowed meal and

13 rest breaks as required by the IWC in the above-described Wage Orders, regulations, and statutes.

14 Since at least February 11, 2006, and continuing to the present, defendants have had a consistent policy

15 of failing to provide plaintiff and members of the Plaintiff Class statutorily required meal and rest

16 periods. Relying upon, and consistent with defendants' standard policy, practice and procedure of

17 classifying plaintiff and each member of the Plaintiff Class as exempt employees, defendants failed

18 and refused to allow plaintiff and members of the Plaintiff Class statutorily required meal and rest

19 periods.

20         16.     Plaintiff and each member of the Plaintiff Class were routinely provided wage

21 statements which do not truly and accurately reflect the number of hours worked by them, or the wages

22 due to them, specifically including but not limited to, failing to reflect hours worked overtime, and

23 overtime wages due, and compensation due for missed meal and rest breaks. Since at least February

24 11, 2006, and continuing to the present, defendants have had a consistent policy of failing to provide

25 plaintiff and members of the Plaintiff Class true and accurate wage statements upon payment of wages,

26 as required by *California Labor Code* § 226(a).

27         17.     Plaintiff and each member of Sub-Class No. 1 (hereinafter sometimes referred to as the

28 "Terminated Sub-Class"), whose employment with defendants was terminated during the class period,

1  were routinely not paid, upon termination, all wages due to them, in violation of California *Labor*

2  *Code* section 201-203. Specifically, plaintiff and members of the Terminated Sub-Class were not paid

3  for overtime, nor were they compensated for missed meal and rest breaks. Since at least February 11,

4  2006, and continuing to the present, defendants have had a consistent policy of failing to provide

5  plaintiff and members of the Terminated Sub-Class all wages due to them upon termination. Relying

6  upon, and consistent with defendants' standard policy, practice and procedure of classifying plaintiff

7  and each member of the Terminated Sub-Class as exempt employees, defendants failed and refused

8  to compensate plaintiff and members of the Terminated Sub-Class for overtime, and missed meal and

9  rest breaks at the time their employment was terminated.

10       18.     During the Class Period, defendants required Plaintiff and members of the Plaintiff

11  Class to work overtime without lawful compensation, and without proper meal and rest breaks.

12  Defendants, in violation of the above-described Wage Orders and statutes, willfully failed and refused

13  to pay plaintiff and members of the Plaintiff Class overtime compensation, failed to provide them, or

14  to compensate them for meal and rest periods, failed to pay all wages due upon termination, and failed

15  to provide true and accurate wage statements. Said policies, procedures, and practices are in violation

16  of the California *Labor Code,* including, but not limited to, *Labor Code* §§ 201-203 and 227.3.

17                        **CLASS ACTION ALLEGATIONS**

18       19.     Plaintiff brings this action on behalf of himself and all others similarly situated as a

19  class action, pursuant to *California Code of Civil Procedure* section 382.  The class which plaintiff

20  seeks to represent is composed of, and defined as follows:

21       Plaintiff Class:

22               All persons employed by defendants in the State of California as

23               "Assistant Managers," and similar positions, who were misclassified as

24               exempt employees during the period from February 1, 2006, up to and

25               including the date judgment is rendered herein.

26       Sub-Class No. 1:

27               All members of the Plaintiff Class whose employment ended during the

28               proposed class.

6

**Class Action Complaint**

20.     The Class period is designated as the period from February 11, 2006, through and including the date judgment is rendered in this matter, and includes anyone employed by defendants in the State of California during that period meeting the class definition.

21.     The Class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of Class Members are unknown to plaintiff at this time and can only be ascertained through appropriate discovery directed to defendants, plaintiffs are informed and believe that the Class includes hundreds, and possibly thousands of members.

22.     Common questions of law and fact exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

a.     Whether Plaintiff and members of the proposed class are subject to and entitled to the benefits of California Wage and Hour statutes;

b.     Whether defendants misclassified plaintiff and members of the Plaintiff Class as exempt employees under California's wage and hour laws;

c.     Whether plaintiff and members of the Plaintiff Class are entitled to overtime compensation;

d.     Whether defendants failed to pay overtime compensation to plaintiff and members of the Plaintiff Class;

e.     Whether defendant's policy and practice of classifying plaintiff and members of the Plaintiff Class as exempt, and failing to provide them overtime compensation violated provisions of California's wage and hour laws;

f.     Whether plaintiff and members of the Plaintiff Class are entitled to meal and rest periods;

g.     Whether defendants failed to provide and/or compensate plaintiff and members of the Plaintiff Class for meal and rest periods;

7

h.   Whether defendant's policy and practice of not providing plaintiff and members of the Plaintiff Class meal and rest periods violated provisions of California's wage and hour laws;

I.   Whether defendants unlawfully and/or willfully failed to promptly pay compensation owing to plaintiff and members of the Terminated Sub-Class upon termination of their employment, in violation of *Labor Code* §§ 201-203;

j.   Whether defendants unlawfully and/or willfully failed to provide plaintiff and members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of *Labor Code* section 226;

k.   Whether plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and

l.   Whether defendants violated the Unfair Business Practices Act of California, *Bus. & Prof. Code* § 17200, et seq., by violating the above cited provisions, and treating plaintiff and members of the Plaintiff Class unfairly by failing to pay them overtime, failing to provide them meal and rest periods, failing to pay them wages due upon termination, and failing to provide true and accurate wage statements.

23.   The claims of the named Plaintiff are typical of the claims of the members of the proposed class. Plaintiff and other class members sustained losses, injuries and damages arising out defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other Class Members as well as plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

24.   Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interest of the members he seeks to represent. Plaintiff has retained counsel competent experienced in prosecution of complex class actions, and together plaintiff and his counsel intend to prosecute this action vigorously for the benefit of the Class. The interests of the Class members will fairly and adequately be protected by plaintiff and his attorneys.

Class Action Complaint

25.   A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would result in hundreds, and potentially thousands of individual, repetitive lawsuits.  Individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

26.   The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the *California Code of Civil Procedure* section 382 because:

a.   The prosecution of separate actions by hundreds or thousands of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for defendants.

b.   The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

c.   Defendants have acted or refused to act on grounds applicable to the entire Class, thereby making appropriate final declaratory and injunctive relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Compensation)

### (By All Plaintiffs Against All Defendants)

27.   Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 26.

9

28.     Plaintiff and each member of the Plaintiff Class are entitled to overtime compensation for all hours worked in excess of the hours and time specified in the Wage Orders, statutes and regulations identified above.

29.     Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring plaintiff and the Plaintiff Class, with improper motives amounting to malice, and in conscious disregard of the rights of plaintiff and the Plaintiff Class. Plaintiff and the Plaintiff Class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at the time of trial, but in excess of the minimum jurisdiction of this Court.

30.     Defendants' conduct described herein violates the California *Code of Regulations*, Title 8, § 11070, and *Labor Code* §§ 200, 203, 226, 226.7, 512, and 1194. Plaintiff and members of the Plaintiff Class are thus entitled to recover, in addition to the unpaid balance of overtime compensation defendants owe them, interest, penalties, attorneys' fees, expenses and costs of suit. Plaintiff and members of the Plaintiff Class assert a claim for penalties pursuant to *Labor Code* §§ 201, 202, 203, 204, 210, 225.5, 223, 226, 226.3, 226, 226.3, 226.7, 227.3, 510, 512, 1194, and 1194.2.

## SECOND CAUSE OF ACTION

### (Failure to Allow and Pay for Meal and Rest Breaks)

### (By All Plaintiffs Against All Defendants)

31.     Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 30.

32.     *Labor Code* § 226.7(a) provides, "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

33.     As alleged herein, defendants routinely and/or failed to permit, authorize and/or provide plaintiff and members of the Plaintiff Class with meal and rest breaks. By these actions defendants violated *Labor Code* § 226.7(a) in the number, length and manner of the breaks mandated by statute and regulation. At no time did plaintiff or members of the Plaintiff Class expressly or impliedly waive their right to meal and rest breaks.

10

**Class Action Complaint**

34.     As a result of the unlawful acts of defendants, plaintiff and members of the plaintiff class have been deprived of meal and rest breaks, and are entitled to recovery under *Labor Code* § 226.7(a) in an amount of one additional hour of pay at the employee's regular rate of compensation for each work day that a meal and/or rest period was not provided.  Additionally, plaintiff and members of the Plaintiff Class are entitled to penalties under the *Labor Code* sections identified above.

## THIRD CAUSE OF ACTION

### (Failure to Pay Compensation at the Time of Termination)

### (By Plaintiff and Members of the Terminated Sub-Class Against All Defendants)

35.     Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 34.

36.     California *Labor Code* § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge.  California *Labor Code* § 202 requires an employer to promptly pay compensation due and owing to an employee within no more than 72 hours of that employee's termination of employment by resignation, and at the time of termination if an employee is involuntarily terminated.  California *Labor Code* section 203 provides that if an employer wilfully fails to pay compensation promptly upon discharge or resignation in a prompt and timely manner as required by *Labor Code* §§ 201 and 202, respectively, said employer is liable to said employee for a waiting time wage continuation as described herein.

37.     Defendants' willful failure to pay plaintiff and members of the Terminated Sub-Class all the wages due to them upon termination is in violation of *Labor Code* §§ 201 and 203, which provide that an employee's wages continue accruing up to thirty days from the time said wages became due.  Therefore, plaintiff and members of the Terminated Sub-Class are entitled to a waiting time wage continuation penalty pursuant to *Labor Code* § 203.  Additionally, plaintiffs seek costs, interest, disbursements, and attorneys' fees, as provided by *Labor Code* §§ 218.5 and 218.6.

/ / /

/ / /

Class Action Complaint

# FOURTH CAUSE OF ACTION

### (Failure to Provide Accurate Wage Statements)

### (By All Plaintiffs Against All Defendants)

38.   Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 37.

39.   *Labor Code* §226(a) sets forth reporting requirements for employers when they pay wages, as follows: "Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis. . . ." Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorney's fees."

40.   Defendants failed to accurately record the overtime hours worked by plaintiff and members of the Plaintiff Class.

41.   Plaintiff and members of the Plaintiff Class were damaged by these failures because, among other things, the failure to break down the incentive pay hindered Plaintiff and members of the Plaintiff Class from determining the amounts of wages actually owed to them.

42.   Plaintiff and members of the Plaintiff Class request recovery of *Labor Code* § 226(e) penalties according to proof, as well as interest, attorney's fees and costs pursuant to *Labor Code* §226(e), in a sum as provided by the *Labor Code* and/or other statutes.

/ / /

/ / /

12

Class Action Complaint

# FIFTH CAUSE OF ACTION

**(Unfair Competition: California *Business and Professions Code* § 17200 etc.)**

**(By All Plaintiff, on Behalf of Herself, the Plaintiff Class, and the**

**General Public, Against All Defendants)**

43.     Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 42.

44.     Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice.

45.     Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described hereafter.  Plaintiff and members of the proposed class have suffered and continue to suffer injury in fact and monetary damages as a result of defendants' actions.

46.     The actions by defendants, including, but not limited to, the continuing failure to pay overtime, failure to provide meal and rest periods, failure to provide itemized wage statements, and failure to pay wages due upon termination, amount to conduct which is unlawful and a violation of law as alleged herein.  As such, said conduct amounts to unfair business practices in violation of *Business and Professions Code* § 17200 et. seq.

47.     Defendants' conduct as herein alleged has damaged plaintiffs and the members of the Plaintiff Class by denying them wages due and payable, and failing to provide proper wage statements. Defendants' actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury in fact and loss of money.

48.     As a result of such conduct, defendants have unlawfully and unfairly obtained monies due to the plaintiff and the members of the Plaintiff Class.

49.     All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the defendants.  The amount of wages due plaintiff and members of the Plaintiff Class can be readily determined from defendants' records.  The members of the proposed class are entitled to restitution of monies due and obtained by defendants during the Class Period as a result of defendants' unlawful and unfair conduct.

13

50.     Beginning at a date unknown to Plaintiff, but at least as early as February 11, 2006, defendants committed, and continue to commit acts of unfair competition as defined by § 17200 et. seq. of the *Business and Professions Code*, by and among other things, engaging in the acts and practices described above.

51.     Defendants' course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of §17200 etc. of the *Business and Professions Code*.

52.     The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of defendants' policies and practices and, therefore, defendants' actions described herein constitute an unfair business practice or act within the meaning of *Business and Professions Code* § 17200.

53.     Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

54.     Defendants' course of conduct described herein further violates *Business and Professions Code* 17200 in that it is fraudulent, illegal, improper, and unfair.

55.     The unlawful, unfair, and fraudulent business practices and acts of defendants, and each of them, as described herein above have injured Plaintiff and members of the Plaintiff Class in that they were wrongfully denied the timely and full payment of wages due to them.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of himself, and on behalf of the members of the Plaintiff Class, prays for judgment against defendants as follows:

1.      For nominal damages;

2.      For compensatory damages;

3.      For equitable relief in the nature of declaratory relief, restitution of all monies due to plaintiff and members of the Plaintiff Class, disgorgement of profits from the unlawful business practices of defendants, and accounting;

14

1    4.      For penalties permitted by *Labor Code* §§ 201, 202, 203, 204, 210, 225.5, 223,

2           226, 226.3, 226, 226.3, 226.7, 227.3, 510, 512, 1194, and 1194.2;

3    5.      For all penalties permitted by California's Private Attorney General's Act

4           (PAGA), *Labor Code* § 2698, *et seq.*;

5    6.      For interest accrued to date;

6    7.      For costs of suit and expenses incurred herein pursuant to *Labor Code* §§ 226

7           and 1194;

8    8.      For reasonable attorney's fees pursuant to *Labor Code* §§ 226 and 1194; and

9    9.      For all such other and further relief that the Court may deem just and proper.

10

11  Dated: February 11, 2010         **MARLIN & SALTZMAN,** LLP

12

13

14             By:                             

                                 Lynn P. Whitlock of Marlin & Saltzman,
                                 Attorneys for Plaintiff

**Class Action Complaint**

ENDORSED
FILED
ALAMEDA COUNTY

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FEB 1 1 2010

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SEARS HOLDINGS CORPORATION, a corporation; SEARS ROEBUCK
AND CO., a corporation; and DOES 1 through 100, inclusive

CLERK OF THE COURT
Sears Holdings Corp.
Law Dept. Intake

MAR 0 8 2010

Routed

(#201000146)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PATRICK RODRIGUEZ, as an individual and on behalf of all
others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: Alameda County Superior Court *(El nombre y dirección de la corte es):* | **CASE NUMBER:** *(Número del Caso):* 10 498 626 |
|---|---|

1225 Fallon Street
Oakland, CA 95613

FAX FILE

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*   (714) 669-4900

Marlin & Saltzman, LLP
3200 El Camino Real, Suite 100
Irvine, CA 92602

| DATE: FEB 1 1 2010 *(Fecha)* | Clerk, by *(Secretario)* ERICA BAKER | , Deputy *(Adjunto)* |
|---|---|---|

PAT S. SWEETEN Executive Officer/Clerk of the Superior Court

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
www.CalCourtForms.com




*8249474*

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
— Louis M. Marlin, Esq. [Bar No. 054053]
MARLIN & SALTZMAN, LLP
3200 El Camino Real, Suite 100
Irvine, CA 92602
TELEPHONE NO: (714)669-4900   FAX NO: (714) 669-4750
ATTORNEY FOR (Name): Patrick Rodriguez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 95613
BRANCH NAME:

CASE NAME:
RODRIGUEZ v. SEARS HOLDINGS CORPORATION, et al.

**FILED**
**ALAMEDA COUNTY**

FEB 1 1 2010

~~CLERK OF THE SUPERIOR COURT~~

Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 10 498 626 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

**FAX FILE**

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 5
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 11 2010

Lynn P. Whitlock
(TYPE OR PRINT NAME)

_Lynn Whitlock_
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: | Case Number: |
|---|---|
| RODRIGUEZ V. SEARS HOLDINGS CORPORATION | |

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)    [ ] Hayward Hall of Justice (447)
                                                      [ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | |
|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 | Auto tort (G)<br>**Is this an uninsured motorist case? [ ] yes [ ] no** |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 | Asbestos (D) |
| | Product liability (24) | [ ] 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 | Civil rights (G) |
| | Defamation (13) | [ ] 84 | Defamation (G) |
| | Fraud (16) | [ ] 24 | Fraud (G) |
| | Intellectual property (19) | [ ] 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 | Wrongful termination (G) |
| | Other employment (15) | [X] 85 | Other employment (G) |
| | | [ ] 53 | Labor comm award confirmation |
| | | [ ] 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 | Collections (G) |
| | Insurance coverage (18) | [ ] 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 | Unlawful Detainer - commercial    **Is the deft. in possession** |
| | Residential (32) | [ ] 47 | Unlawful Detainer - residential    **of the property?** |
| | Drugs (38) | [ ] 21 | Unlawful detainer - drugs     [ ] Yes [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 | Writ of mandate<br>**Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No** |
| | Other judicial review (39) | [ ] 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | ( ) 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 | Enforcement of judgment |
| | | [ ] 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 | Change of name |
| | | [ ] 89 | Other petition |

A-13

⌐ Marlin & Saltzman LLP          ⌐          ⌐ Sears Holdings Corporation          ⌐
  Attn: Whitlock Esq, Lynn P.
  29229 Canwood St
  Ste 208
⌐ Agoura Hills, CA  91301        ⌐          ⌐                                    ⌐

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Rodriguez | | No. RG10498626 |
| | Plaintiff/Petitioner(s) | |
| VS. | | |
| | | **NOTICE OF HEARING** |
| Sears Holding Corporation | | |
| | Defendant/Respondent(s) | |
| (Abbreviated Title) | | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 03/22/2010    TIME: 03:00 PM    DEPARTMENT: 17
LOCATION: Administration Building, Third Floor
                1221 Oak Street, Oakland

Case Management Conference:
DATE: 04/27/2010    TIME: 03:00 PM    DEPARTMENT: 17
LOCATION: Administration Building, Third Floor
                1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 17 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6933. Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department17.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be

scheduled for hearing in Department 17.

If the information contained in this notice requires change or clarification, please call the courtroom clerk for Department 17 at (510) 267-6933.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  02/18/2010

Executive Officer / Clerk of the Superior Court

By _____

*Cheryl Clark*

Deputy Clerk

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/18/2010.

By _____

*Cheryl Clark*

Deputy Clerk

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):
Stanley D. Saltzman, SBN 090058
29229 Canwood St Ste 208

Agoura Hills            CA            91301

TELEPHONE NO.
(818) 991-8080

FOR COURT USE ONLY

ATTORNEY FOR (Name)
Insert of Court Name of Judicial District and Branch Court if any
ALAMEDA COUNTY SUPERIOR COURT, OAKLAND

SHORT TITLE OF CASE
RODRIGUEZ v. SEARS

| | (HEARING) Date | Time | Dept | |
|---|---|---|---|---|
| 1889506 | | | | 17 |

**FILED**
ALAMEDA COUNTY

MAR 0 4 2010

CLERK OF THE SUPERIOR COURT
By
Deputy

Case Number:
RG10498626

REFERENCE NO.
Sears II

PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION

2. I SERVED COPIES OF THE:
   SUMMONS & COMPLAINT
   NOTICE OF HEARING

FAX FILE

3. a. PARTY SERVED:    SEARS ROEBUCK AND CO., a corporation

   CT Corporation System, Agent for Service

   b. PERSON SERVED:  MARIA SANCHEZ, AUTHORIZED TO RECEIVE
                      HISPANIC FEMALE 40YRS 5'04" 180LBS. BLACK HAIR

4. c. ADDRESS:    818 W 7th St
                  Los Angeles            CA            90017

5. I SERVED THE PARTY NAMED IN ITEM 3
   a. BY PERSONALLY DELIVERING THE DOCUMENTS LISTED IN ITEM 2 TO THE PARTY OR PERSON
   AUTHORIZED TO RECEIVE SERVICE OF PROCESS FOR THE PARTY. ON    2/24/2010  AT  2:50:00 PM

6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:
      SEARS ROEBUCK AND CO., a corporation
      CT Corporation System, Agent for Service

   UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : CORPORATION  CCP 416.10

7a. Person Serving:    V. Enrique    Mendez

b. DDS Legal Support
2900 Bristol St
Costa Mesa, Ca 92626

c. (714) 662-5555

d. The fee for service was        $82.90
e. I am:
   (1)        not a registered California process server.
   (3) X      registered California process server.
       (i) Independent Contractor
       (i) Registration No:  434/3428
       (i) County:  oc/la

8. I declare under the penalty of perjury under the laws of the State of California that the
foregoing is true and correct. V. Enrique    Mendez

2/25/2010

X

SIGNATURE

Form Approved for Optional Use Judicial
Council of California
POS-010 [REV Jan 1 2007]

**PROOF OF SERVICE**

CRC 982(A)(23)