1  LYNNE C. HERMLE (STATE BAR NO. 99779)
   lchermle@orrick.com
2  JOSEPH C. LIBURT (STATE BAR NO. 155507)
   jliburt@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA  94025
   Telephone:     (650) 614-7400
5  Facsimile:     (650) 614-7401

6  CHRISTIAN N. BROWN (STATE BAR NO. 233147)
   cbrown@orrick.com
7  ORRICK HERRINGTON & SUTCLIFFE LLP
   405 Howard Street
8  San Francisco, CA 94105
   Telephone:     (415) 773-5700
9  Facsimile:     (415) 773-5759

10 Attorneys for Defendants
   SEARS HOLDINGS CORPORATION and SEARS,
11 ROEBUCK AND CO.

12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                 SAN FRANCISCO/OAKLAND DIVISION

16

17 PATRICK RODRIGUEZ, as an individual      Case No.   CV  10  1268
   and on behalf of all others similarly situated,
18                                          DECLARATION OF CHRISTIAN N.
                     Plaintiff,             BROWN IN SUPPORT OF
19                                          DEFENDANTS SEARS HOLDINGS
        v.                                  CORPORATION AND SEARS,
20                                          ROEBUCK AND CO.'S NOTICE OF
   SEARS HOLDINGS CORPORATION, a            REMOVAL
21 corporation; SEARS, ROEBUCK AND CO.,
   a corporation; and DOES 1 through 100,
22 inclusive,

23                   Defendants.

24

25

26

27

28

1          I, Christian N. Brown, declare as follows:

2          1.     I am a member of the State Bar of California and am authorized to practice

3 before this Court. I am an attorney with Orrick, Herrington & Sutcliffe LLP, attorneys of record

4 for Defendants Sears Holdings Corporation and Sears, Roebuck and Co. in this action. The facts

5 set forth in this declaration I know to be true of my own personal knowledge, except where such

6 facts are stated to be based on information and belief, and those facts I believe to be true. If

7 called as a witness I could and would testify competently to the matters set forth herein.

8          2.     Attached hereto as **Exhibit A** is a true and correct copy of a written

9 settlement demand made by the plaintiff in *Jimenez v. Sears, Roebuck and Co.*. Los Angeles

10 Superior Court Case No. BC383006. The plaintiff in *Jimenez* alleges misclassification of

11 Assistant Managers employed by Defendant Sears, Roebuck and Co. at Sears Auto Centers in

12 California. Plaintiff's settlement demand was for $10,428,603.80.

13          3.     Attached hereto as **Exhibit B** is a true and correct copy of the Notice of

14 Removal filed on January 26, 2010 in *Gilhuly v. Kmart Corporation,* Northern District of

15 California Case No. 4:10-cv-00360-PJH, with all exhibits thereto.

16          4.     Attached hereto as **Exhibit C** is a true and correct copy of the Declaration

17 of Robert G. Springhorn In Support of Defendant Kmart Corporation's Notice of Removal, filed

18 on January 26, 2010 in *Gilhuly v. Kmart Corporation,* Northern District of California Case No.

19 4:10-cv-00360-PJH.

20

21          I declare under penalty of perjury under the laws of the United States that the

22 foregoing is true and correct. Executed on March 25, 2010, in San Francisco, California.

23

24

*Christian N. Brown*

Christian N. Brown

25

26

27

28

# EXHIBIT A

# SEARS- DAMAGE CALCULATIONS

ASSUMPTIONS BASED ON SEARS DATA:

1-      9783 workweeks through 1/10/10;
2-      12,649 workweeks through Preliminary Approval of 4/30/10;
3-      Average hourly straight time rate is $21.30;
4-      Average hourly overtime rate is $31.95;
5-      Number of former employees- 136.

OVERTIME- $31.95 per hour  X 14.8 OT hours / week  X  12,649 workweeks = $5,981,206.10.
Add interest at 10% per year for a total of $7,476,650.60

MEAL PERIOD VIOLATIONS- $21.30  X 4.1 violations/week X  12,649 workweeks =$1,107,257

REST PERIOD VIOLATIONS- $21.30  X 4.4 violations/week X 12,649 workweeks =$1,185,464.20

203 PENALTIES- $21.30 X 8 hours/day X 30 days = $5112/ per former employee  X 136 formers =
$659,232

**TOTAL DAMAGES**= $10,428,603.80

# EXHIBIT B



1  GAYLE M. ATHANACIO (State Bar No. 130068)
   VIRGINIA K. YOUNG (State Bar No. 174384)
2  MEGAN BARKER (State Bar No. 245991)
   SONNENSCHEIN NATH & ROSENTHAL LLP
3  525 Market Street, 26th Floor
   San Francisco, California 94105
4  Telephone:    (415) 882-5000
   Facsimile:    (415) 882-0300
5  Email:    gthanacio@sonnenschein.com
             vyoung@sonnenschein.com
6            mbarker@sonnenschein.com

7  Attorneys for Defendant
   KMART CORPORATION

8

9

10                  UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO/OAKLAND DIVISION



13  MICHAEL GILHULY, individually and on      Case No.
    behalf of all others similarly situated,
14                                            NOTICE OF REMOVAL
                Plaintiffs,
15
    vs.
16
    KMART CORPORATION; and DOES 1
17  through 100, inclusive,

18              Defendants.

19

20

21

22

23

24

25

26

27

28

Case No.                                    NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS

OF RECORD:

PLEASE TAKE NOTICE that pursuant to the Class Action Fairness Act ("CAFA"), 28

U.S.C. § 1332, 28 U.S.C. §1441, 28 U.S.C. § 1446 and 28 U.S.C. § 1453, defendant Kmart

Corporation ("Kmart") hereby removes the above-captioned matter from the Superior Court of

the State of California, Alameda County to this Court.  The grounds for removal are as follows:

## I.      BACKGROUND

1.      On December 23, 2009, plaintiff Michael Gilhuly ("Plaintiff") filed a civil action,

on behalf of a putative California class, in the Superior Court of the State of California for the

Court of Alameda, entitled *Michael Gilhuly, individually and on behalf those similarly situated,*

*v. Kmart Corporation*, Case No. RG 09490829 (the "Complaint").  Pursuant to 28 U.S.C. §

1446(a), Kmart has attached all pleadings filed and served upon it in the state court proceedings

as Exhibit A.

2.      The Complaint asserts causes of action for:  (1) failure to pay overtime and

regular wages (violation of California Labor Code §§510, 1194 and 1198); (2) failure to provide

meal and rest periods (violation of California Labor Code §§ 226.7 and 512); (3) failure to

provide accurate itemized wage statements (Labor Code §§ 226 and 1174); (4) failure to pay

wages on termination (Labor Code § 203 ("waiting time" penalties)); and (5) unfair business

practices under the California Unfair Competition Act (Cal. Bus. & Prof. Code § 17200-17208).

3.      The Complaint names defendant Kmart, a non-California corporation with its

principal place of business in Illinois.  Kmart was first served with a copy of the summons and

complaint on December 28, 2009.  Thus, this Notice of Removal is timely filed in accordance

with 28 U.S.C. § 1446(b).

4.      The state court action is removable to this Court, and this Court has jurisdiction

over this action, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, as well as

28 U.S.C. § 1441 (a) and (b), and 28 U.S.C. § 1453, because this is a putative class action

involving more than 100 putative class members, the aggregate amount in controversy,

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000



1  excluding interest and costs, exceeds more than $ 5,000,000, and, as discussed below, there is

2  minimal, in fact complete, diversity.

**II.     This Court Has Jurisdiction Over This Action Under CAFA.**

3
4          5.      Plaintiff alleges that this case is brought as a class action and appears to seek

5  certification of a putative class under California Code of Civil Procedure section 382.  (Compl.,

6  at ¶¶ 13, 16.)  Plaintiff filed this putative class action on behalf of "all persons who were

7  employed as exempt Sales Coaches, Operations Managers, Merchandise Managers and/or the

8  equivalent by Kmart Corporation in one or more of its retail store locations in California at any

9  time on or after December 23, 2005."  (Compl., at ¶ 21.)  Therefore, this action is a proposed

10 "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23

11 of the Federal Rules of Civil Procedure or similar State statute of rule of judicial procedure

12 authorizing an action to be brought by one or more representative persons as a class action."

13         6.      CAFA reflects Congress's intent to have federal courts adjudicate substantial class

14 action suits brought against out-of-state defendants.  Toward that end, CAFA expands federal

15 jurisdiction over class actions, and expressly provides that class actions filed in state court are

16 removable to federal court where (a) the putative class contains at least 100 class members; (b)

17 any member of the putative class is a citizen of a State different from that of any defendant; and

18 (c) the aggregate amount in controversy for the putative class exceeds $5,000,000, exclusive of

19 interest and costs.  28 U.S.C. § 1332(d); *accord Serrano v. 180 Connect, Inc.,* 478 F.3d 1018,

20 1020-1021 (9th Cir. 2007).   This suit satisfies all the requirements under CAFA for federal

21 jurisdiction.

22         **A.      The Putative Class Exceeds 100 Members.**

23         7.      CAFA requires that the class consist of at least 100 persons.  28 U.S.C. §

24 1332(d)(5).  That requirement is met here because the Complaint alleges that the putative class

25 "is well into the hundreds of individuals."  (Compl., ¶ 23(a); *see also* Declaration of Robert G.

26 Springhorn ("Springhorn Dec.", ¶ 3) (noting that based on Kmart's electronic records, it appears

27 that there are 343 putative class members.)

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

Case No.                                                                                    NOTICE OF REMOVAL

**B.    Minimal Diversity Exists.**

8.     The second CAFA requirement is minimal diversity — at least one putative class member and at least one defendant must be citizens of different states. 28 U.S.C. § 1332(d)(2). Here, the putative class contains at least one putative class member who is a citizen of the State of California, namely, plaintiff Michael Gilhuly. (Compl., ¶¶ 1, 12.) Defendant Kmart is incorporated under the laws of the State of Michigan, and has its principal place of business in Illinois. 28 U.S.C. § 1332(c)(1). Accordingly, there is plainly minimal diversity here. 28 U.S.C. § 1332(d)(2).

**C.    The CAFA Amount In Controversy Requirement Is Satisfied.**

9.     CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.")

10.     When a plaintiff fails to plead a specific amount of damages and if the amount in controversy is not "facially apparent" from the complaint, "the court may consider facts in the removal petition" to determine the amount at issue. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (*quoting Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). A defendant need only make a factual showing that it is more likely than not the amount in controversy exceeds $5,000,000. *Singer*, 116 F.3d at 376. The ultimate inquiry is what "amount is put 'in controversy' by the plaintiff's complaint," not what a defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). In considering whether the amount in controversy is met, courts may consider the statutory maximum penalty available under the claims asserted. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000).

11.     Kmart denies any liability in this case and intends to vigorously oppose class certification. For purposes of jurisdictional requirements for removal purposes only, however,

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-3-

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1    Kmart submits the following evidence showing that the allegations in the Complaint put at

2    controversy, in the aggregate, an amount that exceeds $5,000,000.

3        12.    Based on Kmart's electronic records, approximately 343 individuals worked for

4    Kmart in the job position of Sales Coaches, Operations Managers, Merchandise Managers for

5    Kmart Corporation in one or more of its retail store locations in California at any time on or

6    after December 23, 2005 ("Relevant Time Frame"). (Springhorn Dec., ¶ 3.) Based on Kmart's

7    records, Plaintiff terminated his employment with Kmart on July 23, 2007. (*Id.*, ¶ 4.) He thus

8    worked for Kmart for approximately 83 full workweeks but for less than one half of the

9    Relevant Time Frame. Kmart's electronic records indicate that Plaintiff's average hourly rate of

10   pay was approximately $22.51 per hour. (*Id.*, ¶ 4.)

11       13.    Plaintiff's first cause of action is for failure to pay overtime wages. (Compl., ¶

12   37.) Plaintiff claims he and the class "on many occasions" worked in excess of eight hours in a

13   workday and/or forty hours in a workweek. (Compl., ¶ 36.) Under California law, employees

14   not exempt for overtime laws are entitled to 1.5 their regular rate of pay for each hour worked

15   over 8 hours in a day and 40 hours in a week. Plaintiff was scheduled to work 48 hours a week

16   during the Relevant Time Frame identified in the Complaint. Without conceding that Plaintiff

17   actually worked those hours, based on that schedule, Plaintiff is expected to argue that he and

18   the putative class are entitled to 8 hours (or more) of overtime per workweek. Based on Kmart's

19   records, Plaintiff's individual claim for overtime would be approximately $22,416.64 (8 hours

20   per week overtime at an overtime rate of $33.76 ($22.51 times 1.5) for 83 workweeks.)

21   Assuming Plaintiff's allegations that his claims are "typical" of the putative class (Compl., ¶

22   23(c)), the potential liability would be $7,621,720.68 for the overtime claim alone. *See Rippee*

23   *v. Boston Market*, 408 F. Supp. 2d at 985-86 (the amount in controversy is properly evaluated

24   based on Plaintiff's allegations regarding damages and the defendant's own employment data).

25       14.    Plaintiff's second cause of action alleges that Kmart failed to provide thirty-

26   minute meal periods and rest periods in violation of California Labor Code §§ 226.7 and 512.

27   (Compl., ¶¶ 43-49.) As a result, Plaintiff asserts that Kmart "never paid the one hour of

28   compensation to any Class Member[.]" (*Id.*, ¶ 49.) Plaintiff's Complaint alleges that he and the

-4-

Case No.                                                NOTICE OF REMOVAL



1   class are thus entitled to an hour of pay at their regular rate of pay for each meal and rest break

2   missed (or two hours per day worked). (*Id.*, ¶¶ 30-31.) Plaintiff's individual claim for missed

3   meal and rest breaks based on his average hourly rate ($22.51 and number of workweeks (83)

4   and assuming a 5 day workweek) amounts to $18,683.30. (*See* Springhorn Dec., ¶ 3-4.)

5   Assuming Plaintiff's allegations that his claims are "typical" of the putative class, the potential

6   liability would be $6,408,371.90 for the meal and rest break claim alone. ($18,683.30 times 343

7   putative class members.) (*See id.*)

8         15.   Plaintiff's third cause of action seeks damages as a result of Kmart's alleged

9   failure to provide accurate itemized wage statements in violation of Labor Code section 226.

10   (*Id.*, ¶¶ 55, 56.) Penalties of up to $4,000 are available under Labor Code section 226. Thus,

11   based on Plaintiff's Complaint, the amount in controversy for this claim alone is $ 1,372,000.

12   ($4,000 times 343 putative class members.)

13         16.   Plaintiff's fourth cause of action asserts Kmart failed to pay wages due upon

14   termination of employment and that its failure to do so was "willful," entitling Plaintiff and

15   putative class members to penalties. (*Id.*, ¶ 60.) Based on Kmart's electronic records,

16   approximately 140 of the putative class members Plaintiff seeks to represent had their

17   employment with Kmart terminated. (Springhorn Dec., ¶ 3.) Based on a calculation of

18   Plaintiff's average daily rate of pay of $180.08 (average hourly rate of $22.51 times 8), the

19   amount in controversy for Plaintiff's individual "waiting time" penalty claim under California

20   Labor Code section 203 is approximately $5,402.40 and the amount in controversy for the

21   putative class he seeks to represent (assuming his claims are "typical" as he alleges) is

22   $756,336.00 ($180.08 daily wages times 30 days maximum penalty times 140 terminated

23   employees).

24         17.   Additionally, attorneys' fees are included in determining the amount in

25   controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an

26   underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the

27   amount in controversy."). Here, with the exception of Plaintiff's claim under California

28   Business and Professions Code §§ 17200, *et seq.*, all of his alleged claims allow for the recovery

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-5-

Case No.                                                      NOTICE OF REMOVAL

1  of attorneys' fees.  In a successful wage and hour class action, such attorneys' fees often exceed

2  $500,000.

3      18.    Finally, Plaintiff seeks injunctive relief, the value of which must be applied to the

4  total amount in controversy.  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)

5  (including the value of requested injunctive relief in the amount in controversy).

6      19.    For all the foregoing reasons, it is evident that the $5,000,000 CAFA amount in

7  controversy requirement is satisfied here.

8      20.    Kmart will provide written notice of the filing of this Notice of Removal to

9  Plaintiff's counsel and will promptly file a copy of this Notice of Removal with the clerk of the

10 Superior Court of the State of California for the County of Alameda, as required by 28 U.S.C. §

11 1446(d).

12     WHEREFORE, Kmart respectfully requests that these proceeding, entitled *Michael*

13 *Gilhuly, individually and on behalf those similarly situated, v. Kmart Corporation*, Case No. RG

14 09490829, now pending in the Superior Court of the State of California, Alameda County, be

15 removed to this Court.

16 Dated: January 26, 2010                SONNENSCHEIN NATH & ROSENTHAL LLP

17

18                                        By: _____

19                                            GAYLE M. ATHANACIO

20                                            Attorneys for Defendant
                                              KMART CORPORATION

21

22

23 27339803

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-6-

Case No.                                        NOTICE OF REMOVAL

# EXHIBIT  A

1  Matthew R. Bainer, Esq. (S.B. #220972)
   Molly A. Kuehn, Esq. (S.B. #230763)
2  SCOTT COLE & ASSOCIATES, APC
   1970 Broadway, Ninth Floor
3  Oakland, California 94612
   Telephone: (510) 891-9800
4  Facsimile: (510) 891-7030
   web:   www.scalaw.com
5
6  Attorneys for Representative Plaintiff
   and the Plaintiff Class
7

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF ALAMEDA

10

11 MICHAEL GILHULY, individually, and        Case No.: RG09490829
   on behalf of all others similarly situated,
12                                            CLASS ACTION
                          Plaintiffs,
13                                            COMPLAINT FOR DAMAGES, INJUNCTIVE
   v.                                         RELIEF AND RESTITUTION
14
   KMART CORPORATION, and DOES 1
15 through 100, inclusive,

16                        Defendants.

17

18 Representative Plaintiff alleges as follows:

19

20                 PRELIMINARY STATEMENT

21        1.    This is a class action, brought on behalf of Michael Gilhuly ("Representative

22 Plaintiff") and all other persons similarly situated ("Class Members") who are or have been

23 misclassified as exempt Sales Coaches, Operations Managers, Merchandise Managers and/or the

24 equivalent by Defendant Kmart Corporation and Does 1 through 100, inclusive ("Kmart" and/or

25 "Defendant") in any Kmart store in the state of California within the applicable class period. On his

26 own behalf and on behalf of all Class Members, Representative Plaintiff seeks unpaid wages,

27 including unpaid overtime compensation and interest thereon, and other penalties, injunctive and

28 other equitable relief, and reasonable attorneys' fees and costs, under, *inter alia*, Title 8 of the

California Code of Regulations, California Business and Professions Code §§ 17200, *et seq.*, California Code of Civil Procedure § 1021.5, and various provisions of the California Labor Code.

2.    The "Class Period" is designated as the time from December 23, 2005 through the trial date, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been ongoing throughout that time.

3.    During this Class Period, Kmart has had a consistent policy of (1) permitting, encouraging and/or requiring its allegedly overtime-exempt Sales Coaches, Operations Managers, Merchandise Managers and/or the equivalent, including the Representative Plaintiff and Class Members, to work in excess of eight hours per day and in excess of forty hours per week without paying them overtime compensation as required by California's wage and hour laws, (2) unlawfully denying the Representative Plaintiff and Class Members statutorily-mandated meal periods and rest periods, and (3) willfully failing to provide the Representative Plaintiff and the Class Members with accurate semi-monthly itemized wage statements reflecting the total number of hours each worked, the applicable deductions and the applicable hourly rates in effect during the pay period. In addition, Representative Plaintiff alleges, on information and belief, that Kmart has had a consistent policy of willfully failing to pay compensation (including unpaid overtime) in a prompt and timely manner to Class Members whose employment with Kmart has terminated.

## INTRODUCTION

4.    Kmart is a wholly owned subsidiary of Sears Holdings Corporation. Kmart purports to be a mass merchandising company that offers customers "quality products through a portfolio of exclusive brands and labels."

5.    As of January 31, 2009, Kmart operates approximately 1,368 stores across 49 states, Guam, Puerto Rico and the U.S. Virgin Islands. Also, Hoovers indicates that Kmart's sales are approximately $16 billion.

6.    According to the company website, Kmart employs more than 133,000 associates. Representative Plaintiff is informed and believes and, on that basis, alleges that within the Class Period, Kmart Corporation employed individuals who occupied the position of Sales Coach,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    Operations Manager, Merchandise Manager and/or the equivalent at one or more Kmart stores, an

2    employment position which has not, and currently does not, meet any test for exemption from the

3    payment of overtime wages or the entitlement to meal period and rest periods.

4        7.    Despite actual knowledge of these facts and legal mandates, Kmart has enjoyed an

5    advantage over its competition and a resultant disadvantage to its workers by electing not to pay

6    premium (overtime) and/or "penalty" (a.k.a. "waiting time") wages to its Sales Coaches, Operations

7    Managers, Merchandise Managers and/or the equivalent at its Kmart stores.

8        8.    Representative Plaintiff is informed and believes and, based thereon, alleges that

9    officers of Kmart Corporation knew of these facts and legal mandates, yet, nonetheless, repeatedly

10   authorized and/or ratified the violation of the laws cited herein.

11       9.    Despite Kmart's knowledge of Class Members' entitlement to premium (overtime)

12   pay and meal and rest periods for all applicable work periods, Kmart failed to provide same in

13   violation of California state statutes, any applicable California Industrial Welfare Commission

14   Order, and Title 8 of the California Code of Regulations. This action is brought to redress and end

15   this long-time pattern of unlawful conduct once and for all.

16

17   **JURISDICTION AND VENUE**

18       10.    This Court has jurisdiction over the Representative Plaintiff's and Class Members'

19   claims for unpaid wages and/or penalties under, *inter alia*, any applicable Industrial Welfare

20   Commission Wage Order, Title 8 of the California Code of Regulations, California Labor Code §§

21   201-204, 226.7, 510, 512, 1194 and 1198, and/or California Code of Civil Procedure § 1021.5.

22       11.    This Court also has jurisdiction over the Representative Plaintiff's and Class

23   Members' claims for injunctive relief and restitution of ill-gotten benefits arising from Kmart's

24   unfair and/or fraudulent business practices under California Business & Professions Code §§ 17200,

25   *et seq.*

26       12.    Venue as to Kmart Corporation is proper in this judicial district, pursuant to

27   California Code of Civil Procedure § 395(a). Kmart maintains stores within Alameda County,

28   transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    service of process. The unlawful acts alleged herein have a direct effect on the Representative

2    Plaintiff and those similarly situated within the State of California and within Alameda County.

3    Kmart Corporation operates said facilities and has employed numerous Class Members in Alameda

4    County as well as in other counties within the State of California.

5

6                                        **PLAINTIFFS**

7        13.    Representative Plaintiff Michael Gilhuly is a natural person who was employed by

8    Kmart during the Class Period. Specifically, Representative Plaintiff worked as a Sales Coach,

9    Operations Manager, and Merchandise Manager in two separate retail locations in the State of

10   California.

11       14.    As used throughout this Complaint, the term "Class Members" refers to the

12   Representative Plaintiff herein as well as each and every person eligible for membership in the class

13   of persons as further described and defined herein.

14       15.    At all times herein relevant, the Representative Plaintiff was and is now a person

15   within the class of persons further described and defined herein.

16       16.    The Representative Plaintiff brings this action on behalf of himself and as a class

17   action, pursuant to California Code of Civil Procedure § 382, on behalf of all persons similarly

18   situated and proximately damaged by the unlawful conduct described herein.

19

20                                       **DEFENDANTS**

21       17.    At all times herein relevant, Kmart Corporation was, and is, a leading mass

22   merchandising retailer within the state of California selling a wide assortment of general

23   merchandise including apparel, food, electronics and Sears brand home appliances.

24       18.    Those defendants identified as Does 1 through 100, inclusive, are and were, at all

25   relevant times herein-mentioned, officers, directors, partners, and/or managing agents of some or

26   each of the remaining defendants. Representative Plaintiff is informed and believes and, on that

27   basis, alleges that at all relevant times herein mentioned, Kmart and those identified as Does 1

28   through 100, inclusive, employed and/or exercised control over the wages, hours and/or working

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   conditions of the Representative Plaintiff and Class Members at various California locations, as

2   identified in the preceding paragraph.

3        19.   The Representative Plaintiff is unaware of the true names and capacities of those

4   defendants sued herein as Does 1 through 100, inclusive and, therefore, sues these defendants by

5   such fictitious names. The Representative Plaintiff will seek leave of Court to amend this Complaint

6   when such names are ascertained. The Representative Plaintiff is informed and believes and, on that

7   basis, alleges that each of the fictitiously-named defendants was responsible in some manner for,

8   gave consent to, ratified and/or authorized the conduct herein alleged and that the Representative

9   Plaintiff's and Class Members' damages, as herein alleged, were proximately caused thereby.

10       20.   The Representative Plaintiff is informed and believes and, on that basis, alleges that,

11  at all relevant times herein mentioned, each of the defendants was the agent and/or employee of each

12  of the remaining defendants and, in doing the acts herein alleged, was acting within the course and

13  scope of such agency and/or employment.

14

15                              <u>**CLASS ACTION ALLEGATIONS**</u>

16       21.   Representative Plaintiff brings this action individually, and as a class action on behalf

17  of all persons similarly situated and proximately damaged by Kmart's conduct, including, but not

18  necessarily limited to, the following Plaintiff Class:

19           All persons who were employed as exempt Sales Coaches,
             Operations Managers, Merchandise Managers and/or the equivalent
20           by Kmart Corporation in one or more of its retail store locations in
             California at any time on or after December 23, 2005.

21

22       22.   Kmart Corporation, its officers and directors are excluded from the Plaintiff Class.

23       23.   This action has been brought and may properly be maintained as a class action under

24  California Code of Civil Procedure § 382 because there is a well-defined community of interest in

25  the litigation and the proposed Class is easily ascertainable.

26           a.    <u>Numerosity</u>: A class action is the only available method for the fair and
                   efficient adjudication of this controversy. The members of the Plaintiff Class
27                 are so numerous that joinder of all members is impractical, if not impossible,
                   insofar as Representative Plaintiff is informed and believes and, on that basis,
28                 alleges that, the total number of class members is well into the hundreds of

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

individuals. Membership in the Class will be determined upon analysis of employee and payroll, among other, records maintained by Kmart.

b. Commonality: The Representative Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

i. whether Kmart violated the applicable California Wage Order(s) and/or California Labor Code § 510 by failing to pay overtime compensation to Class Members who worked in excess of forty hours per week and/or eight hours a day;

ii. whether Kmart violated California Business and Professions Code § 17200 by failing to pay overtime compensation to Class Members who worked in excess of forty hours per week and/or eight hours a day;

iii. whether Kmart violated, and continues to violate, California Labor Code §§ 226.7 and/or 512 by failing to consistently provide meal and/or rest periods to Class Members;

iv. whether Kmart violated, and continues to violate, California Labor Code § 1174 by failing to keep accurate records of the Class Members' hours of work;

v. whether Kmart violated, and continues to violate California Labor Code §§ 201-204 by failing to pay overtime wages due and owing at the time particular Class Members' employment with Kmart terminated; and

vi. whether Kmart violated, and continues to violate, California Labor Code § 226 by failing to provide semi-monthly itemized wage statements to Class Members of total hours worked and all applicable hourly rates in effect during the pay period.

vii. whether Class Members are entitled to "waiting time" penalties, pursuant to California Labor Code § 203 and/or 204.

c. Typicality: The Representative Plaintiff's claims are typical of the claims of Class Members. The Representative Plaintiff and Class Members sustained damages arising out of and caused by Kmart's common course of conduct in violation of law, as alleged herein.

d. Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER,
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800



litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

e.    Adequacy of Representation: The Representative Plaintiff in this class action is an adequate representative of the Plaintiff Class, in that the Representative Plaintiff's claims are typical of those of the Plaintiff Class and the Representative Plaintiff has the same interest in the litigation of this case as the Class Members. The Representative Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel, experienced in conducting litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to Class Members as a whole. The Representative Plaintiff anticipates no management difficulties in this litigation.

## COMMON FACTUAL ALLEGATIONS

24.    As described herein, Kmart has, for years, knowingly failed to adequately compensate those employees within the class definition identified above for all wages earned, including premium wages such as overtime wages and/or compensation for missed meal and/or rest periods, as are due under the California Labor Code and California Wage Order No. 7, thereby enjoying a significant competitive edge over other retailers.

25.    Kmart has declined to pay these wages even upon Class Members' terminations or resignations from employment, in blatant violation of California Labor Code §§ 201 and/or 202.

26.    California Labor Code §§ 201 and 202 require defendant Kmart to pay severed employees all wages owed to the employee immediately upon discharge or within 72 hours of resignation of their positions, in most circumstances. California Labor Code § 203 provides that, if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, and shall continue to accrue for a period of time up to thirty days.

27.    Furthermore, despite its knowledge of the Representative Plaintiff's and the Class Members' entitlement to compensation for all hours worked, Kmart violated California Labor Code § 1174(d) by failing to provide or require the use, maintenance or submission of time records by members of the class. Kmart also failed to provide Representative Plaintiff and Class Members with accurate semimonthly itemized statements of the total number of hours worked by each and all

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800



1   applicable hourly rates in effect during the pay period, in violation of California Labor Code § 226.

2   In failing to provide the required documents, Kmart has not only failed to pay its workers the full

3   amount of compensation due, but the company has also, until now, effectively shielded itself from

4   its employees' scrutiny by concealing the magnitude and financial impact of its wrongdoing that

5   such documents might otherwise have led workers to discover.

6        28.   Representative Plaintiff and all persons similarly situated are entitled to unpaid

7   compensation, yet, to date, have not received such compensation despite termination and/or

8   resignation from Kmart. More than thirty days have passed since the Representative Plaintiff and

9   certain Class Members have left Kmart's employ.

10        29.   As a consequence of Kmart's willful conduct in not paying former employees

11   compensation for all hours worked in a prompt and timely manner, certain Class Members are

12   entitled to up to thirty days wages, as a penalty under California Labor Code § 203, together with

13   attorneys' fees and costs.

14        30.   As a consequence of Kmart's willful conduct in not providing an uninterrupted thirty

15   minute meal period within the first five hours of Class Members' shifts, as required under California

16   Labor Code § 512 and Section 11 of IWC Wage Order No. 7, Class Members are entitled to one

17   hour of wages for each day that they were denied at least one meal period, as provided under

18   California Labor Code § 226.7, together with interest thereon and attorneys' fees and costs.

19        31.   As a consequence of defendant Kmart's willful conduct in not providing a ten minute

20   rest period during each four hour segment of work, as required under Section 12 of IWC Wage

21   Order No. 7, Class Members are entitled to one hour of wages for each day that they were denied

22   at least one rest period, as provided under California Labor Code § 226.7, together with interest

23   thereon and attorneys' fees and costs.

24        32.   The Representative Plaintiff is informed and believes and, on that basis, alleges that

25   Defendant's failure to make available meal and/or rest periods entitled the Plaintiff Class to wages

26   therefor, yet said wages were not paid in accordance with California Labor Code § 204, in further

27   violation of the law (*inter alia*, California Labor Code § 226).

28   ///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

33.     As a direct and proximate result of Kmart's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, as described above, including compensation for missed meal and rest periods, and loss of earnings for hours worked on behalf of Defendant, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and/or certain Class Members are entitled to recover "waiting time" penalties (pursuant to California Labor Code § 203) and penalties for failure to provide semimonthly statements of hours worked and all applicable hourly rates (pursuant to California Labor Code § 226) in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members are also entitled to recover costs and attorneys' fees, pursuant to California Labor Code § 1194 and/or California Civil Code § 1021.5, among other authorities.

34.     Representative Plaintiff seeks injunctive relief, prohibiting Defendant from engaging in the complained-of illegal labor acts and practices in the future. Representative Plaintiff also seeks restitution of costs incurred by Representative Plaintiff and Class Members under California's Unfair Competition Law. Unless enjoined, Defendant's unlawful conduct will continue unchecked, while Representative Plaintiff and Class Members bear the financial brunt of Defendant's unlawful conduct. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the Plaintiff Class are also entitled to recover costs and attorneys' fees, pursuant to statute.

## FIRST CAUSE OF ACTION
### UNLAWFUL FAILURE TO PAY OVERTIME WAGES
**(Violation of California Wage Order 7 and California Labor Code §§ 510, 1194 and 1198)**

35.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

36.     During the Class Period, the Representative Plaintiff and the Class Members worked, on many occasions, in excess of eight hours in a workday and/or forty hours in a workweek. The precise number of overtime hours will be proven at trial.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

37.     During said time period, Kmart refused to compensate the Representative Plaintiff and Class Members for all of the overtime wages earned; in violation of the applicable Wage Order, and provisions of the California Labor Code.

38.     Moreover, during said time period, many of the Class Members herein were employed by and thereafter terminated or resigned from their positions with Kmart, yet were not paid all wages due upon said termination or within seventy-two hours of said resignation of employment therefrom. Said non-payment of all wages due was the direct and proximate result of a willful refusal to do so by Kmart.

39.     At all relevant times, Kmart was aware of, and was under a duty to comply with, the overtime provisions of the California Labor Code, including, but not limited to, the following:

a.      <u>California Labor Code § 510</u>:  "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee . . . ."

b.      <u>California Labor Code § 1194</u>:  "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

c.      <u>California Labor Code § 1198</u>:  "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

40.     By refusing to compensate the Representative Plaintiff and Class Members for overtime wages earned, Kmart violated those California Labor Code provisions cited herein, as well as any applicable California Industrial Welfare Commission Wage Order.

41.     As a direct and proximate result of Kmart's unlawful conduct, as set forth herein, the Representative Plaintiff and the Plaintiff Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Kmart, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**SECOND CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL AND REST PERIODS**
(California Labor Code §§ 226.7 and 512)

42. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

43. At all relevant times, Kmart was aware of and was under a duty to comply with California Labor Code §§ 226.7 and 512.

44. California Labor Code § 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

45. Moreover, California Labor Code § 512 provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

46. Sections 11 and 12, respectively, of the applicable IWC Wage Order mandate that employers provide all applicable meal and/or rest periods to non-exempt (including exempt-misclassified) employees.

47. Section 11 of the applicable IWC Wage Order provides:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes .... (B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

period of not less than 30 minutes .... (C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

Moreover, Section 12 of the applicable IWC Wage Order provides:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof .... (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

48.     By failing to consistently provide uninterrupted thirty-minute meal periods within the first five hours of work each day and/or uninterrupted ten-minute net rest periods to Representative Plaintiff and the Class Members, Kmart violated California Labor Code and the IWC Wage Order provisions.

49.     Representative Plaintiff is informed and believes and, on that basis, alleges that Kmart has never paid the one hour of compensation to any Class Member due to its violations of the California Labor Code and the IWC Wage Order provisions.

50.     As a direct and proximate result of Kmart's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial. As a further direct and proximate result of Kmart's unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" and other penalties, in amounts to be established at trial, as well as costs and attorneys' fees, pursuant to statute.

///

///

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
**(California Labor Code §§ 226 and 1174)**

51.   The Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

52.   California Labor Code § 226(a) provides:

> Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions; provided, that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

53.   Moreover, California Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

54.   Finally, California Labor Code § 1174 provides:

> Every person employing labor in this state shall: (d) Keep, at a central location in the state...payroll records showing the hours worked daily by and the wages paid to ... employees .... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

55.   Representative Plaintiff seeks to recover actual damages, costs and attorneys' fees under these provisions on behalf of himself and on behalf of all Class Members.

56.   Kmart failed to provide timely, accurate itemized wage statements to the Representative Plaintiff and Class Members in accordance with California Labor Code § 226. Representative Plaintiff is informed and believes and, on that basis, alleges that, none of the statements provided by Kmart has accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions of such Class Members.

- 13 -

57.   As a direct and proximate result of Kmart's unlawful conduct, as set forth herein, the Representative Plaintiff and Class Members have sustained damages in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

### FOURTH CAUSE OF ACTION
### FAILURE TO PAY WAGES ON TERMINATION
### (California Labor Code § 203)

58.   Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

59.   California Labor Code § 203 provides that:

"If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

60.   The Representative Plaintiff and numerous Class Members were employed by Kmart during the class period and thereafter were terminated or resigned from their positions, yet they were not paid all premium (overtime) wages due upon said termination or within seventy-two hours of said resignation of employment therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by Kmart.

61.   More than thirty days has elapsed since Representative Plaintiff and numerous Class Members were involuntarily terminated or voluntarily resigned from Kmart's employ.

62.   As a direct and proximate result of Kmart's willful conduct in failing to pay said Class Members for all hours worked, the Representative Plaintiff and numerous Class Members are entitled to recover "waiting time" penalties of up to thirty days' wages pursuant to California Labor Code § 203, in an amount to be established at trial, together with interest thereon and attorneys' fees and costs.

///
///
///
///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL.: (510) 891-9800

- 14 -
Complaint For Damages, Injunctive Relief and Restitution

**FIFTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT**
(California Business & Professions Code §§ 17200-17208)

63.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

64.    Representative Plaintiff further brings this cause of action seeking equitable and statutory relief to stop the misconduct of Kmart, as complained of herein, and to seek restitution from Kmart of amounts acquired through the unfair, unlawful and fraudulent business practices described herein.

65.    The knowing conduct of Kmart, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Kmart conducted business activities while failing to comply with the legal mandates cited herein.

66.    Kmart's knowing failure to adopt policies in accordance with and/or to adhere to these laws, all of which are binding upon and burdensome to its competitors, engenders an unfair competitive advantage for Kmart, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§ 17200-17208.

67.    Kmart has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to the Representative Plaintiff and to Class Members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record.

**RELIEF SOUGHT**

WHEREFORE, the Representative Plaintiff, on behalf of himself and the proposed Plaintiff Class, prays for judgment and the following specific relief against Defendants, and each of them, jointly and separately, as follows:

1.     That the Court declare, adjudge and decree that this action is a proper class action and certify the proposed Representative Class and/or any other appropriate subclasses under California

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  Code of Civil Procedure § 382;

2      2.   That the Court declare, adjudge and decree that Kmart violated the overtime

3  provisions of the California Labor Code and the applicable California Industrial Welfare

4  Commission Wage Order as to the Representative Plaintiff and Class Members;

5      3.   That the Court declare, adjudge and decree that Kmart willfully violated its legal

6  duties to pay overtime under the California Labor Code and the applicable California Industrial

7  Welfare Commission Wage Order;

8      4.   That the Court declare, adjudge and decree that the Representative Plaintiff and Class

9  Members were, at all times relevant hereto, and are still, entitled to be paid overtime for work

10  beyond forty hours in a week;

11      5.   That the Court make an award to the Representative Plaintiff and Class Members of

12  damages and/or restitution for the amount of unpaid overtime compensation, including interest

13  thereon, and penalties in an amount to be proven at trial;

14      6.   That the Court make an award to the Representative Plaintiff and the Class Members

15  of one hour of pay at each employee's regular rate of compensation for each workday that a meal

16  period was not provided;

17      7.   That the Court make an award to the Representative Plaintiff and the Class Members

18  of one hour of pay at each employee's regular rate of compensation for each workday that a rest

19  period was not provided;

20      8.   That the Court find that Kmart has willfully violated California Labor Code §§ 201-

21  204 by failing pay "waiting time" penalties to particular Class Members;

22      9.   That the Court order Kmart to pay restitution to the Representative Plaintiff and the

23  Class Members due to Kmart's unlawful activities, pursuant to California Business and Professions

24  Code §§ 17200-17208;

25      10.  That the Court further enjoin Kmart, ordering it to cease and desist from unlawful

26  activities in violation of California Business and Professions Code §§ 17200, *et seq.*;

27      11.  For all other Orders, findings and determinations identified and sought in this

28  Complaint;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- 16 -

12.   For interest on the amount of any and all economic losses, at the prevailing legal rate;

13.   For reasonable attorneys' fees, pursuant to California Labor Code § 1194 and/or California Code of Civil Procedure § 1021.5; and

14.   For costs of suit and any and all such other relief as the Court deems just and proper.

Dated: December 23, 2009

SCOTT COLE & ASSOCIATES, APC

By:

Matthew R. Bainer, Esq.
Attorneys for the Representative Plaintiff
and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

- 17 -
Complaint For Damages, Injunctive Relief and Restitution

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Matthew R. Bainer (S.B. #220972)
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor
Oakland, CA 94612
TELEPHONE NO.: (510) 891-9800  FAX NO.: (510) 891-7030
ATTORNEY FOR *(Name):* Representative Plaintiff and the Plaintiff Case

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA. 94612
BRANCH NAME: Rene C. Davidson Courthouse

**FOR COURT USE ONLY**

F I L E D
ALAMEDA COUNTY

DEC 23 2009

By
                                    Deputy

*8124773*

**CASE NAME:**
MICHAEL GILHULY vs. KMART CORPORATION

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | RG09490629 |

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 23, 2009

Matthew R. Bainer
*(TYPE OR PRINT NAME)*                                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

F I L E D
ALAMEDA COUNTY

DEC 2 3 2009

CLERK OF THE SUPERIOR COURT
Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KMART CORPORATION, and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHAEL GILHULY, individually, and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):* RG 09490829

Alameda County Superior Court
1225 Fallon Street, Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Matthew R. Bainer, Esq., Scott Cole & Associates, 1970 Broadway, Ninth Floor, Oakland, California 94612

DATE:                                    Clerk, by                                    , Deputy
*(Fecha):* DEC 2 3 2009   PAT S. SWEETEN   *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Scott Cole & Associates, APC
Attn: Bainer Esq, Matthew R.
1970 Broadway, Ninth Floor
Oakland, CA   94612____

Kmart Corporation

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Gilhuly | No. RG09490829 |
| Plaintiff/Petitioner(s) | |
| VS. | |
| Kmart Corporation | NOTICE OF HEARING |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:

Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Case Management Conference:
DATE: 04/23/2010   TIME: 10:00 AM   DEPARTMENT: 20
LOCATION: Administration Building, Fourth Floor
1221 Oak Street, Oakland

Dated: 12/31/2009

Executive Officer / Clerk of the Superior Court

By _____
Deputy Clerk

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 12/31/2009.

By _____
Deputy Clerk

 

Scott Cole & Associates, APC
Attn: Bainer Esq, Matthew R.
1970 Broadway, Ninth Floor
Oakland, CA 94612____

Kmart Corporation

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Gilbuly | | No. <u>RG09490829</u> |
|---|---|---|
| | Plaintiff/Petitioner(s) | |
| VS. | | |
| Kmart Corporation | | NOTICE OF HEARING |
| | Defendant/Respondent(s) | |
| | (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 03/19/2010   TIME: 11:00 AM   DEPARTMENT: 20
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 20 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6936. Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 20.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 20.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 20 by e-mail at Dept.20@alameda.courts.ca.gov or by phone at (510) 267-6936.



TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  12/31/2009                                    Executive Officer / Clerk of the Superior Court

                                        By        _____
                                                                        Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 12/31/2009.

                                        By        _____
                                                                        Deputy Clerk



1  Matthew R. Bainer, Esq. (S.B. #220972)
   Molly A. Kuehn, Esq. (S.B. #230763)
2  **SCOTT COLE & ASSOCIATES, APC**
   1970 Broadway, Ninth Floor
3  Oakland, California 94612
   Telephone: (510) 891-9800
4  Facsimile: (510) 891-7030
   web:   www.scalaw.com
5
   Attorneys for the Representative Plaintiff
6  and the Plaintiff Class

7

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF ALAMEDA

10

11  MICHAEL GILHULY, individually, and      )   **Case No.: RG09490829**
    on behalf of all others similarly situated,  )
12                                           )   <u>CLASS ACTION</u>
                        Plaintiffs,          )
13                                           )   **PROOF OF SERVICE**
    vs.                                      )
14                                           )
    KMART CORPORATION, and DOES 1            )
15  through 100, inclusive,                  )
                                             )
16                      Defendants.          )
    _____ )

17

18

19

20

21

22

23

24

25

26

27

28

(sidebar) SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**PROOF OF SERVICE**

I am over 18 years of age and not a party to the within entitled action. I am employed at and my business address is the law offices of Scott Cole & Associates, A Professional Corporation, 1970 Broadway, Ninth Floor, Oakland, California 94612. On this date, I served a copy of:

**NOTICE OF HEARING**

by the following method(s):

[X]     by placing one true copy thereof enclosed in a sealed envelope, and serving same as follows:

    [ ]     by <u>personally delivering</u> same addressed as shown below, to an attorney, as indicated below, at the indicated address and serving same in accordance with CCP § 1011(a) by leaving same at the attorney's office, with the envelope being clearly labeled, as below, to indicate the attorney(s) being served, with a receptionist or with a person having charge thereof;

    [ X ]     by placing same, with postage fully prepaid, with <u>United States Mail</u>, addressed as indicated below. I am readily familiar with the practices of these law offices for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service in the same day in the ordinary course of business.

<u>Name of Registered Agent:</u>

Margaret Wilson
Process Specialist
C T Corporation
818 W. 7th Street
Los Angeles, CA 90017

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed at Oakland, California, on January 7, 2010

Vahram Antonian

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

# EXHIBIT C

1   GAYLE M. ATHANACIO (State Bar No. 130068)
2   VIRGINIA K. YOUNG (State Bar No. 174384)
    MEGAN BARKER (State Bar No. 245991)
3   SONNENSCHEIN NATH & ROSENTHAL LLP
    525 Market Street, 26th Floor
4   San Francisco, California 94105
    Telephone:    (415) 882-5000
5   Facsimile:    (415) 882-0300
    Email:        gthanacio@sonnenschein.com
6                 vyoung@sonnenschein.com
                  mbarker@sonnenschein.com

E-filing



7   Attorneys for Defendant
    KMART CORPORATION

8

9

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12              SAN FRANCISCO/OAKLAND DIVISION

13  MICHAEL GILHULY, individually and on          Case No.
    behalf of all others similarly situated,
14
                      Plaintiffs,                  DECLARATION OF ROBERT G.
15                                                 SPRINGHORN IN SUPPORT OF
    vs.                                            DEFENDANT KMART CORPORATION'S
16                                                 NOTICE OF REMOVAL
    KMART CORPORATION; and DOES 1
17  through 100, inclusive,

18                    Defendants.

19

20

21

22

23

24

25

26

27

28

Case No.                                          SPRINGHORN DECL. IN
                                                  SUPPORT OF REMOVAL

I, Robert G. Springhorn, declare as follows:

1.     I am employed by Sears Holding Management Corporation.  Sears Holding Management Corporation is a subsidiary of Kmart Corporation, which owns defendant Kmart Corporation ("Kmart").  As a Senior Business Analyst for Sears Holding Management Corporation, I have personal knowledge of the facts set forth below and, if called as a witness, could and would competently testify thereto.

2.     Following service of the complaint in the action *Michael Gilhuly, individually and on behalf those similarly situated, v. Kmart Corporation*, Case No. RG 09490829, Kmart compiled information from its electronic human resources records regarding the number of employees in California who at anytime from December 23, 2005 to January 2, 2010 (the "Relevant Time Frame"), worked in the position of Sales Coaches, Operations Managers, and/or Merchandise Managers.  The electronic data that was used to compile this information is entered and stored on Kmart's computer systems in the ordinary course and scope of Kmart's business.  Kmart completed compiling this information on or around January 21, 2010.

3.     Based on Kmart's electronic records, approximately 343 employees of Kmart were in the position(s) of Sales Coaches, Operations Managers, and/or Merchandise Managers in a California store during the Relevant Time Frame.  Based on Kmart's electronic records, approximately 140 of these individuals had their employment with Kmart terminated.

4.     Based on Kmart's electronic records, during the Relevant Time Frame, Plaintiff held the position of Sales Coach.  Relevant here, Plaintiff held that position from December 23, 2005, to July 23, 2007, at which time he retired.  Kmart's records reflect that during this Relevant Time Frame, which amounts to approximately 83 full workweeks, Plaintiff's average hourly rate of pay (based upon a calculation of his average salary) was approximately $22.51.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 26, 2010, at Hoffman Estates, Illinois.

Robert G. Springhorn

27340128

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

Case No.                                                    NOTICE OF REMOVAL