LYNNE C. HERMLE (State Bar No. 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (State Bar No. 155507)
jliburt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     (650) 614-7400
Facsimile:      (650) 614-7401

CHRISTIAN N. BROWN (State Bar No. 233147)
cbrown@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California  94105-2669
Telephone:     (415) 773-5700
Facsimile:      (415) 773-5759

Attorneys for Defendants
SEARS HOLDINGS CORPORATION and SEARS, ROEBUCK AND CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| PATRICK RODRIGUEZ, as an individual and on behalf of all others similarly situated,, <br><br> Plaintiffs, <br><br> v. <br><br> SEARS HOLDINGS CORPORATION, a corporation; SEARS, ROEBUCK AND CO., a corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.  3:10-cv-01268-SC <br><br> **DEFENDANTS SEARS, ROEBUCK AND CO.'S AND SEARS HOLDINGS CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** <br><br> CLASS ACTION |

Defendants Sears Holdings Corporation and Sears, Roebuck & Co., (collectively, "Defendants"), hereby answer Plaintiff Patrick Rodriguez's Class Action Complaint by admitting, denying and alleging as follows:

1. As to paragraph 1 of the Complaint, Defendants admit that the Plaintiff named therein, by his attorneys, brings this matter as a purported class action against Defendants. The remaining allegations set forth in paragraph 1 assert no factual contentions or assert only legal conclusions, and on that basis Defendants deny each and every remaining allegation therein.

2. As to paragraph 2 of the Complaint, Defendants admit that the Plaintiff named therein, by his attorneys, seeks relief on behalf of himself and an alleged Plaintiff Class based on the alleged violations of the California Labor Code described therein. Defendants deny that they committed any of the alleged violations of the California Labor Code or California Business & Professions Code described in paragraph 2 of the Complaint, and deny each and every remaining allegation in paragraph 2.

3. As to paragraph 3 of the Complaint, Defendants deny each and every allegation therein.

### JURISDICTION AND VENUE

4. As to paragraph 4 of the Complaint, Defendants admit that Plaintiff worked for Sears, Roebuck and Co. in Alameda County. The remaining allegations set forth in paragraph 4 contain no factual contentions or assert only legal conclusions, and on that basis Defendants deny the remaining allegations therein.

### PARTIES

5. As to paragraph 5 of the Complaint, Defendants lack information and belief as to Plaintiff Rodriguez's residence and on that basis deny the allegations contained in paragraph 5.

6. As to paragraph 6 of the Complaint, Defendants admit that Plaintiff Rodriguez is a former Assistant Manager who was employed by Sears, Roebuck and Co. from March 10, 2008 through January 11, 2010. Except as so admitted, Defendants deny each and every remaining allegation in paragraph 6.

///

7. As to paragraph 7 of the Complaint, Defendants admit that Plaintiff has proposed an alleged class of current and former Assistant Managers employed by Defendants in California. Except as so admitted, Defendants deny each and every remaining allegation in paragraph 7.

8. As to paragraph 8 of the Complaint, Defendants deny each and every allegation contained therein.

9. As to paragraph 9 of the Complaint, Defendants deny each and every allegation contained therein.

10. As to paragraph 10 of the Complaint, Defendant Sears Holdings Corporation admits that it is a publicly traded corporation and that it must file an annual Form 10-K with the United States Securities and Exchange Commission. Except as so admitted, Defendants deny each and every remaining allegation contained in paragraph 31.

   a. As to paragraph 10(a) of the Complaint, Defendants admit the allegations contained therein.

   b. As to paragraph 10(b) of the Complaint, Defendants admit the quoted language appeared in Sears Holdings Corporation's 2007 10-K. Defendants deny that such language is dispositive of any issue alleged in the Complaint.

   c. As to paragraph 10(c) of the Complaint, Defendants admit that in the Fiscal Year ending February 3, 2007 the subsidiaries, sub-subsidiaries and sub-sub-subsidiaries of Sears Holdings Corporation had approximately 315,000 employees in the United States and U.S. Territories. Defendants deny each and every remaining allegation contained in paragraph 10(c).

11. As to the second paragraph numbered 10 of the Complaint, Defendants deny each and every allegation contained therein.

12. As to paragraph 11 of the Complaint, Defendants deny each and every allegation contained therein.

13. As to paragraph 12 of the Complaint, Defendants deny each and every allegation contained therein.

14. As to paragraph 13 of the Complaint, Defendants deny each and every allegation contained therein.

15. As to paragraph 14 of the Complaint, Defendants deny each and every allegation contained therein.

16. As to paragraph 15 of the complaint, Defendants deny each and every allegation contained therein.

17. As to paragraph 16 of the Complaint, Defendants deny each and every allegation contained therein.

18. As to paragraph 17 of the Complaint, Defendants deny each and every allegation contained therein.

19. As to paragraph 18 of the Complaint, Defendants deny each and every allegation contained therein.

## CLASS ACTION ALLEGATIONS

20. As to paragraph 19 of the Complaint, Defendants admit that Plaintiff has styled this lawsuit as a purported class action. The remaining allegations set forth in paragraph 19 contain no factual contentions or assert only legal conclusions and, therefore, Defendants deny each and every remaining allegation contained therein.

21. As to paragraph 20 of the Complaint, Sears admits that Plaintiff currently defines the putative class and sub-class as described therein. Except as so admitted, Defendants deny each and every remaining allegation contained in paragraph 20.

22. As to paragraph 21 of the Complaint, the allegations set forth therein contain no factual contentions or assert only legal conclusions and, therefore, Defendants deny each and every allegation therein.

23. As to paragraph 22 and each subparagraph of Paragraph 22 of the Complaint, Defendants deny each and every allegation therein.

24. As to paragraph 23 of the Complaint, Defendants deny each and every allegation contained therein.

25. As to paragraph 24 of the Complaint, Defendants lack information and belief regarding the skills and experience of Plaintiff's attorneys, and on that basis deny the related

///

allegations in paragraph 24. Defendants deny each and every remaining allegation contained in paragraph 24 of the Complaint.

26. As to paragraph 25 of the Complaint, Defendants deny each and every allegation contained therein.

27. As to paragraph 26 of the Complaint, Defendants assert that the allegations set forth therein assert no factual contentions or assert only legal conclusions and, therefore, Defendants deny each and every allegation contained in paragraph 26, including the allegations contained in subparagraphs 26(a)-(c).

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Compensation)

### (By All Plaintiffs Against All Defendants)

28. As to paragraph 27 of the Complaint, Defendants incorporate herein by reference the responses to paragraphs 1 through 26 of the Complaint, set forth above.

29. As to paragraph 28 of the Complaint, Defendants deny each and every allegation contained therein.

30. As to paragraph 29 of the Complaint, Defendants deny each and every allegation contained therein.

31. As to paragraph 30 of the Complaint, Defendants deny each and every allegation contained therein.

## SECOND CAUSE OF ACTION

### (Failure to Allow and Pay for Meal and Rest Breaks)

### (By All Plaintiffs Against All Defendants)

32. As to paragraph 31 of the Complaint, Defendants incorporate herein by reference the responses to paragraphs 1 through 30 of the Complaint, set forth above.

33. As to paragraph 32 of the Complaint, the allegations set forth in this paragraph contain no factual contentions or assert only legal conclusions, and, therefore, Defendants deny the allegations set forth therein.

/ / /

34. As to paragraph 33 of the Complaint, Defendants deny each and every allegation contained therein.

35. As to paragraph 34 of the Complaint, Defendants deny each and every allegation contained therein.

## THIRD CAUSE OF ACTION

**(Failure to Pay Compensation at the Time of Termination)**

**(By All Plaintiffs Against All Defendants)**

36. As to paragraph 35 of the Complaint, Defendants incorporate herein by reference the responses to paragraphs 1 through 34 of the Complaint, set forth above.

37. As to paragraph 36 of the Complaint, the allegations set forth therein contain no factual contentions or assert only legal conclusions and, therefore, Defendants deny the allegations set forth therein.

38. As to paragraph 37 of the Complaint, Defendants deny each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

**(Failure to Provide Accurate Wage Statements)**

**(By All Plaintiffs Against All Defendants)**

39. As to paragraph 38 of the Complaint, Defendants incorporate herein by reference the responses to paragraphs 1 through 37 of the Complaint, set forth above.

40. As to paragraph 39 of the Complaint, the allegations set forth therein contain no factual contentions or assert only legal conclusions and, therefore, Defendants deny the allegations set forth therein.

41. As to paragraph 40 of the Complaint, Defendants deny each and every allegation contained therein.

42. As to paragraph 41 of the Complaint, Defendants deny each and every allegation contained therein.

/ / /

/ / /

43. As to paragraph 42 of the Complaint, the allegations set forth therein contain no factual contentions or assert only legal conclusions and, therefore, Defendants deny the allegations set forth therein.

## FIFTH CAUSE OF ACTION

### (Failure to Provide Accurate Wage Statements)

### (By All Plaintiffs Against All Defendants)

44. As to paragraph 43 of the Complaint, Defendants incorporate herein by reference the responses to paragraphs 1 through 42 of the Complaint, set forth above.

45. As to paragraph 44 of the Complaint, the allegations set forth therein contain no factual contentions or assert only legal conclusions and, therefore, Defendants deny the allegations set forth therein.

46. As to paragraph 45 of the Complaint, Defendants deny each and every allegation contained therein.

47. As to paragraph 46 of the Complaint, Defendants deny each and every allegation contained therein.

48. As to paragraph 47 of the Complaint, Defendants deny each and every allegation contained therein.

49. As to paragraph 48 of the Complaint, Defendants deny each and every allegation contained therein.

50. As to paragraph 49 of the Complaint, Defendants deny each and every allegation contained therein.

51. As to paragraph 50 of the Complaint, Defendants deny each and every allegation contained therein.

52. As to paragraph 51 of the Complaint, Defendants deny each and every allegation contained therein.

53. As to paragraph 52 of the Complaint, Defendants deny each and every allegation contained therein.

/ / /

54. As to paragraph 53 of the Complaint, Defendants deny each and every allegation therein.

55. As to paragraph 54 of the Complaint, Defendants deny each and every allegation contained therein.

56. As to paragraph 55 of the Complaint, Defendants deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. As a First Defense to the Complaint and to each claim for relief therein, Defendants allege that the Complaint, and each purported claim for relief therein, fails to state facts upon which relief may be granted.

### SECOND DEFENSE

2. As a Second Defense to the Complaint and to each claim for relief therein, Defendants allege that no conduct by or attributable to Defendants was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff and/or the purported class.

### THIRD DEFENSE

3. As a Third Defense to the Complaint and to each claim for relief therein, Defendants allege that Plaintiff and/or the purported class and subclasses released, relinquished and waived any right to any of the claims upon which Plaintiff now seeks relief.

### FOURTH DEFENSE

4. As a Fourth Defense to the Complaint and to each claim for relief therein, Defendants allege that, should it be determined that Plaintiff and/or the purported class and subclasses have been damaged, then said damages were proximately caused by their own conduct.

### FIFTH DEFENSE

5. As a Fifth Defense to the Complaint and each cause of action therein, Defendants allege that the Plaintiff and/or the purported class and subclasses have failed to comply with California Labor Code sections 2854, 2856, 2858 and 2859, respectively, to the extent that they

failed to use ordinary care and diligence in the performance of the their duties, failed to substantially comply with the reasonable directions of their alleged employer, and failed to exercise a reasonable degree of skill in performing their job duties.

### SIXTH DEFENSE

6. As a Sixth Defense to the Complaint and each cause of action therein, Defendants allege that the Plaintiff and/or the purported class or subclasses cannot satisfy the requirements for a class, representative, group or collective action, including but not limited to commonality, typicality, predominance of common questions of fact and law, adequacy of representation, an ascertainable class, and superiority.

### SEVENTH DEFENSE

7. As a Seventh Defense to the Complaint and each cause of action therein, Defendants allege that the claims of certain proposed class and subclass members are barred by the doctrine of settlement or compromise and release.

### EIGHTH DEFENSE

8. As a Eighth Defense to the Complaint and each cause of action therein, Defendants allege that neither Sears Holdings Corporation nor Sears, Roebuck & Co. is unjustly enriched.

### NINTH DEFENSE

9. As a Ninth Defense to the Complaint and each cause of action therein, Defendants allege that Plaintiff and/or the purported class and subclasses are not entitled to equitable relief because they have failed to avail themselves of or exhaust plain, adequate, or complete remedies of laws available to them under the provisions of applicable state or federal law.

### TENTH DEFENSE

10. As a Tenth Defense to the Complaint and to each cause of action therein, Defendants allege that the Complaint fails to allege facts sufficient to justify injunctive or other equitable relief.

/ / /

/ / /

**ELEVENTH DEFENSE**

11. As an Eleventh Defense to the Complaint and to each cause of action therein, Defendants allege that the claims of Plaintiff and/or the purported class and subclasses are barred in whole or in part by the applicable statutes of limitation.

**TWELFTH DEFENSE**

12. As a Twelfth Defense to the Complaint and to each claim for relief therein, Defendants allege that Plaintiff has unreasonably delayed bringing this action to the prejudice of Sears, and therefore Plaintiff's Complaint and each claim for relief therein is barred by the doctrine of laches.

**THIRTEENTH DEFENSE**

13. As a Thirteenth Defense to the Complaint and to each claim for relief therein, Defendants allege that the claims of Plaintiff and/or the purported class and subclasses are subject to disputes over wages.

**FOURTEENTH DEFENSE**

14. As Fourteenth Defense to the Complaint and to each claim for relief therein, to the extent Plaintiff and/or putative class members claim their wages were paid late, such claims are barred and/or recovery for such claims should be reduced because Defendants acted in good faith, Defendants did not willfully fail to pay any wages, the claims are subject to good faith disputes over wages, and/or certain wages were not readily ascertainable at the time of termination or quitting.

**FIFTEENTH DEFENSE**

15. As a Fifteenth Defense to the Complaint and to each claim for relief therein, Defendants allege that Plaintiff's and/or the purported class' or subclasses' recovery in this action is barred in whole or in part by their failure to exercise reasonable care and diligence to mitigate any damages allegedly accruing to them.

/ / /

/ / /

/ / /

**SIXTEENTH DEFENSE**

16. As a Sixteenth Defense to the Complaint and to each claim for relief therein, Defendants allege that Plaintiff's recovery is barred in whole or in part by Plaintiff's own unclean hands and by the doctrine of *in pari delicto*.

**SEVENTEENTH DEFENSE**

17. As a Seventeenth Defense to the Complaint and to each claim for relief therein, Defendants allege that Plaintiff and/or the purported class and subclasses fail to state facts sufficient to support an award of compensatory damages against Defendants.

**EIGHTEENTH DEFENSE**

18. As an Eighteenth Defense to the Complaint and to each claim for relief therein, Defendants allege that Plaintiff and/or the purported class and subclasses are precluded from recovering any amounts from Defendants where Defendants have paid all sums legally due under applicable state law.

**NINETEENTH DEFENSE**

19. As a Nineteenth Defense to the Complaint and to each claim for relief therein, Defendants allege that the claims of Plaintiff and/or the purported class and subclasses are barred to the extent that plaintiffs and the purported class misperformed their duties, and failed to perform those duties which Defendants realistically expected them to perform.

**TWENTIETH DEFENSE**

20. As a Twentieth Defense to the Complaint and to each claim for relief therein, Defendants allege that because liability may be not determined by a single jury on a class-wide basis, allowing this action to proceed as a collective action would violate Defendants' rights under the Seventh Amendment.

**TWENTY-FIRST DEFENSE**

21. As a Twenty-First Defense to the Complaint and to each claim for relief therein, Defendants allege that Plaintiff and/or the purported class or subclasses have failed to exhaust their administrative, statutory, and/or contractual remedies.

///

- 10 -

SEARS DEFENDANTS' ANSWER TO COMPLAINT
CASE NO. 3:10-CV-01268-SC

**TWENTY-SECOND DEFENSE**

22. As a Twenty-Second Defense to the Complaint and to each claim for relief therein, Defendants allege that Plaintiff and/or the purported class and subclasses have failed to timely make a demand in writing for wages due and payable.

**TWENTY-THIRD DEFENSE**

23. As a Twenty-Third Defense to the Complaint and to each claim for relief therein, Defendants allege that Plaintiff and/or the purported class and subclasses secreted or absented themselves to avoid payment of wages or compensation, or refused to accept them when fully tendered.

**TWENTY-FOURTH DEFENSE**

24. As a Twenty-Fourth Defense to the Complaint and to each claim for relief therein, Defendants allege that Plaintiff lacks standing to assert the legal rights or interests of others.

**TWENTY-FIFTH DEFENSE**

25. As a Twenty-Fifth Defense to the Complaint and to the third claim for relief therein, Defendants allege that claim of Plaintiff and/or the purported class and subclasses under California Business and Professions Code § 17200 is barred because Plaintiffs cannot show an injury to competition, as distinguished from injury to themselves.

**TWENTY-SIXTH DEFENSE**

26. As a Twenty-Sixth Defense to the Complaint and to the third claim for relief therein, Defendants assert that the claim of Plaintiff and/or the purported class and subclasses under California Business and Professions Code § 17200 is barred because Plaintiffs cannot show a deception upon the public.

**TWENTY-SEVENTH DEFENSE**

27. As a Twenty-Seventh Defense to the Complaint and to the third claim for relief therein, Defendants assert that California Business and Professions Code § 17200 in unconstitutional in that, *inter alia*, it is void for vagueness, violative of equal protection, violative of due process, an undue burden upon interstate commerce, and violative of the freedom of contract.

**TWENTY-EIGHTH DEFENSE**

28. As a Twenty-Eighth Defense to the Complaint and to the third claim for relief therein, Defendants assert that Plaintiff's purported claim under California Business and Professions Code § 17200 violates Defendants' constitutional right to due process to the extent that claim does not afford Defendants the protections against multiple suits and duplicative liability ordinarily provided by class actions.

**TWENTY-NINTH DEFENSE**

29. As a Twenty-Ninth Defense to the Complaint and to the third claim for relief therein, Defendants assert that Plaintiffs' purported claim under California Business and Professions Code § 17200 violates Defendants' rights under the United States Constitution and the California Constitution by attempting to enforce § 17200 in a manner that renders the requirements of that statute unconstitutionally vague.

**THIRTIETH DEFENSE**

30. As a Thirtieth Defense to the Complaint, Defendants assert that the claims asserted are barred by the doctrines of *res judicata* and collateral estoppel.

**THIRTY-FIRST DEFENSE**

31. As a Thirty-First Defense to the Complaint, Defendants assert that Plaintiff and/or the purported class and subclasses, by their acts or omissions, are estopped from asserting any claims upon which they now seek relief.

**THIRTY-SECOND DEFENSE**

32. As a Thirty-Second Defense to the Complaint, Defendants assert that they acted in good faith and had reasonable grounds for believing their actions did not violate the California Labor Code and/or the California Business & Professions Code.

**THIRTY-THIRD DEFENSE**

33. As a Thirty-Third Defense to the Complaint, Defendants deny the allegations contained therein, but, if such conduct is found to have occurred, the conduct was consented to by the Plaintiff and putative class members.

///

**THIRTY-FOURTH DEFENSE**

34. As a Thirty-Fourth Defense to the Complaint, Plaintiff's claims and/or those of the class he seeks to represent are barred because at all times mentioned in the Complaint, Plaintiff was exempt from the requirements contained in the California Labor Code, Title 8 of the California Code of Regulations and Wage Orders of the Industrial Welfare Commission, including but not limited to the executive and administrative exemptions.

**THIRTY-FIFTH DEFENSE**

35. As a Thirty-Fifth Defense to the Complaint, Defendants allege that the claims of Plaintiff and/or the members of the class he purports to represent for California Labor Code § 203 waiting time penalties should be denied because Plaintiff and/or the members of the class he purports to represent failed to return to the office in which they worked for payment of wages as required by the California Labor Code, including but not limited to Section 208 thereto.

**THIRTY-SIXTH DEFENSE**

36. As a Thirty-Sixth Defense to the Complaint, Defendants reserve the right to assert further defenses as they become evident through discovery or investigation.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

Defendants pray that the Court grant the following relief:

1. That the Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby;

2. That judgment be entered in favor of Defendants on all claims for relief;

3. That Defendants be awarded attorneys' fees and costs of suit; and

4. For such other and further relief as this Court may deem proper.

Dated:   April 1, 2010

LYNNE C. HERMLE
JOSEPH C. LIBURT
CHRISTIAN N. BROWN
ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Christian N. Brown
Christian N. Brown
Attorneys for Defendants
SEARS HOLDINGS CORPORATION and
SEARS, ROEBUCK AND CO.