1  LYNNE C. HERMLE (State Bar No. 99779)
   JOSEPH C. LIBURT (State Bar No. 155507)
2  CHRISTIAN N. BROWN (State Bar No. 233147)
   JINNIFER D. PITCHER (State Bar No. 252880)
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA 94025
   Telephone:  (650) 614-7400 Fax: (650) 614-7401
5
   Attorneys for Defendants
6  SEARS HOLDINGS CORPORATION and SEARS, ROEBUCK
   AND CO.
7
   LOUIS M. MARLIN (State Bar No. 54053)
8  STANLEY D. SALTZMAN (State Bar No. 90058)
   STEPHEN O'DELL (State Bar No. 132279)
9  MARCUS J. BRADLEY (State Bar No. 174156)
   MARLIN & SALTZMAN
10 3200 El Camino Real, Suite 100
   Irvine, CA 92602
11 Telephone: (714) 669-4900 Fax:  (714) 669-4750

12 WALTER HAINES, ESQ. SBN 71075
   UNITED EMPLOYEES LAW GROUP
13 110 Pine Avenue, Suite 725
   Long Beach , California 90802
14 Phone: (888) 474 - 7242; Fax: (866) 435 - 7471

15 Attorneys for Plaintiff and Proposed Plaintiff Class
   PATRICK RODRIGUEZ
16

17                    UNITED STATES DISTRICT COURT

18                    NORTHERN DISTRICT OF CALIFORNIA

19                    SAN FRANCISCO/OAKLAND DIVISION

20
   PATRICK RODRIGUEZ, as an individual      Case No. 3:10-cv-01268-SC
21 and on behalf of all others similarly
   situated,
22
                      Plaintiff             **STIPULATION AND [PROPOSED]
23 vs.                                      ORDER RE LEAVE TO FILE FIRST
                                            AMENDED COMPLAINT**
24
   SEARS HOLDINGS CORPORATION, a
25 corporation; SEARS ROEBUCK AND
   CO., a corporation; and DOES 1 through
26 100, inclusive,

27                    Defendants

28

OHS West:260918952.1                                    STIPULATION
                                                        CASE No. 3:10-cv-01268-SC

1   COME NOW THE PARTIES HERETO by and through their attorneys of record, and
2   stipulate as follows:
3   WHEREAS, on February 11, 2010, Plaintiff Patrick Rodriguez, individually and on behalf
4   of all others similarly situated, filed a proposed class action Complaint in the Superior Court of
5   California for the County of Alameda.
6   WHEREAS, on March 25, 2010, Defendants Sears Holdings Corporation and Sears
7   Roebuck and Co., filed a Notice of Removal;
8   WHEREAS, the Complaint seeks relief on behalf of Plaintiff and the proposed Plaintiff
9   Class based on Defendants' (a) alleged failure to pay overtime compensation in violation of Labor
10  Code § 1194 and the orders and standards promulgated by the California Division of Labor
11  Standards Enforcement and the California Industrial Commission, (b) alleged failure to allow and
12  pay for meal and rest breaks pursuant to Labor Code §§ 220, 226.7 and 512, (c), alleged failure to
13  pay compensation at the time of termination in violation of Labor Code §§ 201-203, (d) alleged
14  failure to furnish plaintiff and the Plaintiff Class with accurate itemized statements upon payment
15  of wages as required by Labor Code § 226, and (e) alleged violation of California's unfair
16  competition laws (Business &Professions Code § 17200). Plaintiff and the proposed Plaintiff
17  Class also seek equitable remedies in the form of declaratory relief, injunctive relief, accounting,
18  and restitution;
19  WHEREAS, Plaintiff's current proposed class definition is: "All persons employed by
20  Defendants in the State of California as "Assistant Managers," and similar positions, who were
21  misclassified as exempt employees during the period from February 1, 2006, up to and including
22  the date judgment is rendered herein";
23  WHEREAS, the parties have agreed that the operative pleading should further specify the
24  entities that employ the proposed class members;
25  WHEREAS, Defendants are stipulating only to the Court's granting leave to amend the
26  Complaint in order to allow Plaintiff to better identify the specific entities whose employees he
27  seeks to include in the proposed class definition, and are not stipulating to the suitability of
28  Plaintiff's proposed class definition or the propriety of including the various entities Plaintiff

1 | identifies;

2 | WHEREAS Defendants reserve their rights to respond to an amended Complaint in any
3 | fashion permitted by law (including via a motion under Federal Rule of Civil Procedure 12) within
4 | 20 days of service and filing of an amended Complaint;

5 | NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the parties, through
6 | their respective counsel of record, that the Plaintiff should be granted leave to file a First Amended
7 | Complaint pursuant to FRCP Rule 15(a)(2) in order to specifically identify the Sears' entities that
8 | employ the proposed class members.

9 |
10 |
11 | Dated: May 20, 2010

LYNNE C. HERMLE
JOSEPH C. LIBURT
CHRISTIAN N. BROWN
KATINA M. MINER
ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
Christian N. Brown
Attorneys for Defendants

Dated: May 20, 2010

STANLEY SALTZMAN
MARCUS J. BRADLEY
STEPHEN O'DELL

_____
Marcus J. Bradley
Attorneys for Plaintiff and Proposed Class

## ORDER

THE COURT, having received and considered the parties' stipulation to permit the filing of the First Amended Complaint and having no objection thereto and finding good cause appearing therefor,

IT IS HEREBY ORDERED that Plaintiff is granted leave to file a First Amended Complaint on or before _____July 2_____, 2010. Defendants shall respond no later than twenty (20) days after the First Amended Complaint is filed and served.

Pursuant to the stipulation of the parties set forth above, IT IS SO ORDERED.

Dated: 6/2/10  _____

IT IS SO ORDERED
Judge Samuel Conti
United States District Court Judge
Northern District of California

# ATTACHMENT TO STIPULATION

# First Amended Complaint

**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq.  (SBN: 090058)
Marcus J. Bradley, Esq. (SBN: 174156)
Lynn P. Whitlock, Esq. (SBN: 127537)
29229 Canwood Street, Suite 208
Agoura Hills, California   91301
(818) 991-8080   Fax: (818) 991-8081

**UNITED EMPLOYEES LAW GROUP, PC**
Walter Haines, Esq. [SBN 71075]
110 Pine Avenue,  Suite  725
Long Beach , California  90802
Phone: (888) 474 - 7242; Fax: (866) 435 - 7471

Attorneys for Plaintiff and the Proposed Plaintiff Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| PATRICK RODRIGUEZ, as an individual and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff<br><br>vs.<br><br>SEARS HOLDINGS CORPORATION, a corporation and SEARS ROEBUCK AND CO., a corporation,<br><br>　　　　　　Defendants | Case No.  3:10-cv-01268-SC<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. **Failure to Pay Overtime Wages (*Lab. Code* § 1194);**<br>2. **Failure to Allow and Pay for Meal and Rest Periods (*Lab. Code* §§ 200, 226.7, 512);**<br>3. **Failure to Pay Compensation Upon Discharge (*Lab. Code* §§ 201-203);**<br>4. **Failure to Provide Proper Wage Statement (*Lab. Code* § 226);**<br>5. **Violation of California *Bus. & Prof. Code* §§ 17200-17208).** |

　　　PATRICK RODRIGUEZ, individually and behalf of all others similarly situated, alleges the following against SEARS HOLDINGS CORPORATION, and SEARS ROEBUCK AND CO. (hereinafter sometimes collectively referred to as "defendants"):

/ / /

/ / /

---
1
**First Amended Class Action Complaint**

## INTRODUCTION

1. This matter is brought as a class action pursuant to *California Code of Civil Procedure* § 382, on behalf of Plaintiff and the Plaintiff Class, which is comprised of all persons who are, or have been employed by defendants as Assistant Managers in any of defendants' California retail stores during the Class Period, which is February 11, 2006, to the date judgment is rendered herein.

2. Plaintiff seeks relief on behalf of himself and the Plaintiff Class based on defendants' (a) failure to pay overtime compensation in violation of *Labor Code* § 1194 and the orders and standards promulgated by the California Division of Labor Standards Enforcement and the California Industrial Commission, (b) failure to allow and pay for meal and rest breaks pursuant to *Labor Code* §§ 220, 226.7 and 512, (c), failure to pay compensation at the time of termination in violation of *Labor Code* §§ 201-203, (d) failure to furnish plaintiff and the Plaintiff Class with accurate itemized statements upon payment of wages as required by *Labor Code* § 226, and (e) violation of California's unfair competition laws (*Business &Professions Code* § 17200). Plaintiff and the Plaintiff Class also seek equitable remedies in the form of declaratory relief, injunctive relief, accounting, and restitution.

3. Plaintiff's claims are based on the erroneous misclassification of Plaintiff and members of the Plaintiff Class as exempt from California's wage and hour laws which require defendants to pay overtime compensation, and provide its employees proper, statutorily required meal and rest periods. In fact, Plaintiff and members of the Plaintiff Class performed non-exempt job duties, and thus are, and were entitled to, but denied overtime compensation, and proper meal and rest periods.

## JURISDICTION AND VENUE

4. Venue is proper in Alameda County because defendants maintain offices and transact business in Alameda County, because plaintiff Patrick Rodriguez resides in Alameda County, and because the conduct alleged herein which gives rise to the claims asserted occurred within Alameda County. Specifically, plaintiff Patrick Rodriguez worked for defendants within Alameda County, and the wages herein claimed were earned by him in Alameda County.

## THE PARTIES

5. At all times mentioned herein Plaintiff Patrick Rodriguez was, and now is, a resident of the County of Alameda, State of California.

6.      Plaintiff was employed by defendants as an Assistant Manager of defendants' Sears store in Oakland, California, from March, 2008, to January, 2010.

7.      The members of the proposed class are likewise current and former employees of defendants, employed by defendants within the state of California as Assistant Managers.

8.      Defendants Sears Roebuck and Company and Sears Holding Corporations are corporations doing business in the State of California, including the County of Alameda. Defendants conduct businesses under the names of Sears Roebuck and Company, Sears Home Centers, Sears Department Stores, Sears Essentials, The Great Indoors, K-Mart, and other entities unknown to Plaintiff at this time. All of these entities are retail entities which operate in and around Alameda County, and throughout the State of California, and employ and have employed individuals in the position of Assistant Manager.

9.      Defendants herein are engaged in an integrated enterprise in connection with their retail enterprises in California including, but not limited to, Sears Roebuck and Company, Sears Home Centers, Sears Department Stores, Sears Essentials, The Great Indoors and K-Mart. As such, these entities have and operate with (1) an interrelation of operations, (2) common management, (3) centralized control of labor relations and human resource issues, and (4) common ownership or financial control.

10.     Defendant Sears Holding Corporation is a publically traded corporation and is required to file an annual Form 10-K with the United States Securities and Exchange Commission. Its report for the Fiscal Year Ending February 3, 2007 sets forth the following relevant facts:

      a.  Defendant Sears Holding Corporation ("Holding") is the parent company of Kmart Holding Corporation ("Kmart") and Sears, Roebuck and Co. ("Sears"). Holding was formed in connection with the merger of Kmart and Sears.

      b.  "The Company is a broadline retailer with approximately 2,300 full-line and 1,100 specialty retail stores in the United States operating through Kmart and Sears. . . ."

      c.  All employees are considered employees of Defendant Sears Holding Corporation. "As of February 3, 2007, the Company had approximately

315,000 employees in the United States and U.S. territories, and approximately 37,000 employees in Canada through Sears Canada including, in each case, part-time employees."

10. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of the defendants. Plaintiff is informed and believes, and thereon alleges that each defendant named herein was the agent of the other, and the agent of all defendants. Plaintiff is further informed and believes, and thereon alleges, that each defendant was acting within the course and scope of said agency at all relevant times herein, for the benefit of themselves, each other, and the other defendants, and that each defendant's actions as alleged herein was authorized and ratified by the other defendants.

## FACTUAL ALLEGATIONS

11. Throughout the Class Period, as the same is defined herein, plaintiff and each member of the Plaintiff Class was a non-exempt employee, performing job duties which are classified as non-exempt, and thus covered by one or more Industrial Welfare Commission ("IWC") Wage Orders, including, but not limited to, Wage Order Nos. 7-1989, 7-1998, 7-200, 7-2001 ("Wage Orders"), as well as Cal. Code Regs., tit. 8, § 11070, and *Labor Code* § 510, and/or other applicable wage orders, regulations and statutes.

12. Specifically, the primary job duties performed by plaintiff and members of the Plaintiff Class were, and are maintaining the inventory and sales floor, cleaning the store, working the cash registers, sales, and assisting customers. Plaintiff and the members of the Plaintiff Class spent the vast majority of their time performing these non-exempt job duties, as opposed to job duties classified as exempt under California law.

13. Plaintiff and members of the Plaintiff Class are not involved in managing defendants' enterprise, and are not subject to any exemptions for executive, administrative or professional employees. Defendants were therefore obligated to pay plaintiff and members of the Plaintiff Class compensation for overtime, and to provide them the statutorily mandated meal and rest periods, and/or to compensate plaintiffs therefore. However, defendants improperly classified plaintiff and members

of the Plaintiff Class as exempt employees, exempt from the wage and hour provisions identified above.

14.     Plaintiff and each member of the Plaintiff Class routinely worked in excess of the maximum regular rate hours established by the IWC in the above-described Wage Orders, regulations, and statutes, which entitled them to overtime compensation as set by law.  Since at least February 11, 2006, and continuing to the present, defendants have had a consistent policy of failing to pay wages and/or overtime to plaintiff and members of the Plaintiff Class for all work performed and/or work over eight (8) hours per day or forty (40) per week.  Relying upon, and consistent with defendants' standard policy, practice and procedure of classifying plaintiff and each member of the Plaintiff Class as exempt employees, defendants failed and refused to compensate plaintiff and members of the Plaintiff Class for overtime worked by them.

15.     Plaintiff and each member of the Plaintiff Class were routinely not allowed meal and rest breaks as required by the IWC in the above-described Wage Orders, regulations, and statutes. Since at least February 11, 2006, and continuing to the present, defendants have had a consistent policy of failing to provide plaintiff and members of the Plaintiff Class statutorily required meal and rest periods.  Relying upon, and consistent with defendants' standard policy, practice and procedure of classifying plaintiff and each member of the Plaintiff Class as exempt employees, defendants failed and refused to allow plaintiff and members of the Plaintiff Class statutorily required meal and rest periods.

16.     Plaintiff and each member of the Plaintiff Class were routinely provided wage statements which do not truly and accurately reflect the number of hours worked by them, or the wages due to them, specifically including but not limited to, failing to reflect hours worked overtime, and overtime wages due, and compensation due for missed meal and rest breaks.  Since at least February 11, 2006, and continuing to the present, defendants have had a consistent policy of failing to provide plaintiff and members of the Plaintiff Class true and accurate wage statements upon payment of wages, as required by *California Labor Code* § 226(a).

17.     Plaintiff and each member of Sub-Class No. 1 (hereinafter sometimes referred to as the "Terminated Sub-Class"), whose employment with defendants was terminated during the class period,

were routinely not paid, upon termination, all wages due to them, in violation of California *Labor Code* section 201-203. Specifically, plaintiff and members of the Terminated Sub-Class were not paid for overtime, nor were they compensated for missed meal and rest breaks. Since at least February 11, 2006, and continuing to the present, defendants have had a consistent policy of failing to provide plaintiff and members of the Terminated Sub-Class all wages due to them upon termination. Relying upon, and consistent with defendants' standard policy, practice and procedure of classifying plaintiff and each member of the Terminated Sub-Class as exempt employees, defendants failed and refused to compensate plaintiff and members of the Terminated Sub-Class for overtime, and missed meal and rest breaks at the time their employment was terminated.

18.     During the Class Period, defendants required Plaintiff and members of the Plaintiff Class to work overtime without lawful compensation, and without proper meal and rest breaks. Defendants, in violation of the above-described Wage Orders and statutes, willfully failed and refused to pay plaintiff and members of the Plaintiff Class overtime compensation, failed to provide them, or to compensate them for meal and rest periods, failed to pay all wages due upon termination, and failed to provide true and accurate wage statements. Said policies, procedures, and practices are in violation of the California *Labor Code,* including, but not limited to, *Labor Code* §§ 201-203 and 227.3.

**CLASS ACTION ALLEGATIONS**

19.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action, pursuant to *California Code of Civil Procedure* section 382.   The class which plaintiff seeks to represent is composed of, and defined as follows:

Plaintiff Class:

> All persons employed by defendants during the Class Period as "Assistant Managers" and similar positions, at any of defendants' retail facilities in the State of California, specifically including to Sears Department Store, Sears Hardware Store, Sears Grand, Sears Essentials, Sears Appliance & Hardware (formerly known as Sears Hardware), Sears Outlet, The Great Indoors, Sears Full-line Stores,

    Sears Home Centers, Sears Roebuck and Co., Kmart, Big Kmart, and Kmart Super Centers.

Sub-Class No. 1:

    All members of the Plaintiff Class whose employment ended during the proposed class.

20.   The Class period is designated as the period from February 11, 2006, through and including the date judgment is rendered in this matter, and includes anyone employed by defendants in the State of California during that period meeting the class definition.

21.   The Class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of Class Members are unknown to plaintiff at this time and can only be ascertained through appropriate discovery directed to defendants, plaintiffs are informed and believe that the Class includes hundreds, and possibly thousands of members.

22.   Common questions of law and fact exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

  a.   Whether Plaintiff and members of the proposed class are subject to and entitled to the benefits of California Wage and Hour statutes;

  b.   Whether defendants misclassified plaintiff and members of the Plaintiff Class as exempt employees under California's wage and hour laws;

  c   Whether plaintiff and members of the Plaintiff Class are entitled to overtime compensation;

  d.   Whether defendants failed to pay overtime compensation to plaintiff and members of the Plaintiff Class;

  e.   Whether defendant's policy and practice of classifying plaintiff and members of the Plaintiff Class as exempt, and failing to provide them overtime compensation violated provisions of California's wage and hour laws;

7

**First Amended Class Action Complaint**

    f.    Whether plaintiff and members of the Plaintiff Class are entitled to meal and rest periods;

    g.    Whether defendants failed to provide and/or compensate plaintiff and members of the Plaintiff Class for meal and rest periods;

    h.    Whether defendant's policy and practice of not providing plaintiff and members of the Plaintiff Class meal and rest periods violated provisions of California's wage and hour laws;

    I.    Whether defendants unlawfully and/or willfully failed to promptly pay compensation owing to plaintiff and members of the Terminated Sub-Class upon termination of their employment, in violation of *Labor Code* §§ 201-203;

    j.    Whether defendants unlawfully and/or willfully failed to provide plaintiff and members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of *Labor Code* section 226;

    k.    Whether plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and

    l.    Whether defendants violated the Unfair Business Practices Act of California, *Bus. & Prof. Code* § 17200, et seq., by violating the above cited provisions, and treating plaintiff and members of the Plaintiff Class unfairly by failing to pay them overtime, failing to provide them meal and rest periods, failing to pay them wages due upon termination, and failing to provide true and accurate wage statements.

23.    The claims of the named Plaintiff are typical of the claims of the members of the proposed class. Plaintiff and other class members sustained losses, injuries and damages arising out defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other Class Members as well as plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

24.    Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interest of the members he seeks to represent. Plaintiff has

1 retained counsel competent experienced in prosecution of complex class actions, and together plaintiff
2 and his counsel intend to prosecute this action vigorously for the benefit of the Class. The interests
3 of the Class members will fairly and adequately be protected by plaintiff and his attorneys.

4     25.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would result in hundreds, and potentially thousands of individual, repetitive lawsuits. Individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

13     26.    The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the *California Code of Civil Procedure* section 382 because:

   a.   The prosecution of separate actions by hundreds or thousands of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for defendants.

   b.   The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

   c.   Defendants have acted or refused to act on grounds applicable to the entire Class, thereby making appropriate final declaratory and injunctive relief with respect to the Class as a whole.

26 / / /
27 / / /
28 / / /

## FIRST CAUSE OF ACTION

**(Failure to Pay Overtime Compensation)**

**(By All Plaintiffs Against All Defendants)**

27. Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 26.

28. Plaintiff and each member of the Plaintiff Class are entitled to overtime compensation for all hours worked in excess of the hours and time specified in the Wage Orders, statutes and regulations identified above.

29. Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring plaintiff and the Plaintiff Class, with improper motives amounting to malice, and in conscious disregard of the rights of plaintiff and the Plaintiff Class. Plaintiff and the Plaintiff Class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at the time of trial, but in excess of the minimum jurisdiction of this Court.

30. Defendants' conduct described herein violates the California *Code of Regulations*, Title 8, § 11070, and *Labor Code* §§ 200, 203, 226, 226.7, 512, and 1194. Plaintiff and members of the Plaintiff Class are thus entitled to recover, in addition to the unpaid balance of overtime compensation defendants owe them, interest, penalties, attorneys' fees, expenses and costs of suit. Plaintiff and members of the Plaintiff Class assert a claim for penalties pursuant to *Labor Code* §§ 201, 202, 203, 204, 210, 225.5, 223, 226, 226.3, 226, 226.3, 226.7, 227.3, 510, 512, 1194, and 1194.2.

## SECOND CAUSE OF ACTION

**(Failure to Allow and Pay for Meal and Rest Breaks)**

**(By All Plaintiffs Against All Defendants)**

31. Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 30.

32. *Labor Code* § 226.7(a) provides, "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

33. As alleged herein, defendants routinely and/or failed to permit, authorize and/or provide plaintiff and members of the Plaintiff Class with meal and rest breaks. By these actions defendants violated *Labor Code* § 226.7(a) in the number, length and manner of the breaks mandated by statute and regulation. At no time did plaintiff or members of the Plaintiff Class expressly or impliedly waive their right to meal and rest breaks.

34. As a result of the unlawful acts of defendants, plaintiff and members of the plaintiff class have been deprived of meal and rest breaks, and are entitled to recovery under *Labor Code* § 226.7(a) in an amount of one additional hour of pay at the employee's regular rate of compensation for each work day that a meal and/or rest period was not provided. Additionally, plaintiff and members of the Plaintiff Class are entitled to penalties under the *Labor Code* sections identified above.

## THIRD CAUSE OF ACTION

**(Failure to Pay Compensation at the Time of Termination)**

**(By Plaintiff and Members of the Terminated Sub-Class Against All Defendants)**

35. Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 34.

36. California *Labor Code* § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California *Labor Code* § 202 requires an employer to promptly pay compensation due and owing to an employee within no more than 72 hours of that employee's termination of employment by resignation, and at the time of termination if an employee is involuntarily terminated. California *Labor Code* section 203 provides that if an employer wilfully fails to pay compensation promptly upon discharge or resignation in a prompt and timely manner as required by *Labor Code* §§ 201 and 202, respectively, said employer is liable to said employee for a waiting time wage continuation as described herein.

37. Defendants' willful failure to pay plaintiff and members of the Terminated Sub-Class all the wages due to them upon termination is in violation of *Labor Code* §§ 201 and 203, which provide that an employee's wages continue accruing up to thirty days from the time said wages became due. Therefore, plaintiff and members of the Terminated Sub-Class are entitled to a waiting

time wage continuation penalty pursuant to *Labor Code* § 203.  Additionally, plaintiffs seek costs, interest, disbursements, and attorneys' fees, as provided by *Labor Code* §§ 218.5 and 218.6.

### FOURTH CAUSE OF ACTION

### (Failure to Provide Accurate Wage Statements)

### (By All Plaintiffs Against All Defendants)

38. Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 37.

39. *Labor Code* §226(a) sets forth reporting requirements for employers when they pay wages, as follows: "Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis. . . ." Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorney's fees."

40. Defendants failed to accurately record the overtime hours worked by plaintiff and members of the Plaintiff Class.

41. Plaintiff and members of the Plaintiff Class were damaged by these failures because, among other things, the failure to break down the incentive pay hindered Plaintiff and members of the Plaintiff Class from determining the amounts of wages actually owed to them.

42. Plaintiff and members of the Plaintiff Class request recovery of *Labor Code* § 226(e) penalties according to proof, as well as interest, attorney's fees and costs pursuant to *Labor Code* §226(e), in a sum as provided by the *Labor Code* and/or other statutes.

/ / /

/ / /

/ / /

**FIFTH CAUSE OF ACTION**

**(Unfair Competition: California *Business and Professions Code* § 17200 etc.)**

**(By All Plaintiff, on Behalf of Herself, the Plaintiff Class, and the General Public, Against All Defendants)**

43. Plaintiff incorporates herein by reference the allegations set forth above in paragraphs 1 through 42.

44. Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice.

45. Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described hereafter. Plaintiff and members of the proposed class have suffered and continue to suffer injury in fact and monetary damages as a result of defendants' actions.

46. The actions by defendants, including, but not limited to, the continuing failure to pay overtime, failure to provide meal and rest periods, failure to provide itemized wage statements, and failure to pay wages due upon termination, amount to conduct which is unlawful and a violation of law as alleged herein. As such, said conduct amounts to unfair business practices in violation of *Business and Professions Code* § 17200 et. seq.

47. Defendants' conduct as herein alleged has damaged plaintiffs and the members of the Plaintiff Class by denying them wages due and payable, and failing to provide proper wage statements. Defendants' actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury in fact and loss of money.

48. As a result of such conduct, defendants have unlawfully and unfairly obtained monies due to the plaintiff and the members of the Plaintiff Class.

49. All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the defendants. The amount of wages due plaintiff and members of the Plaintiff Class can be readily determined from defendants' records. The members of the proposed class are entitled to restitution of monies due and obtained by defendants during the Class Period as a result of defendants' unlawful and unfair conduct.

50.     Beginning at a date unknown to Plaintiff, but at least as early as February 11, 2006, defendants committed, and continue to commit acts of unfair competition as defined by § 17200 et. seq. of the *Business and Professions Code,* by and among other things, engaging in the acts and practices described above.

51.     Defendants' course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of §17200 etc. of the *Business and Professions Code.*

52.     The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of defendants' policies and practices and, therefore, defendants' actions described herein constitute an unfair business practice or act within the meaning of *Business and Professions Code* § 17200.

53.     Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

54.     Defendants' course of conduct described herein further violates *Business and Professions Code* 17200 in that it is fraudulent, illegal, improper, and unfair.

55.     The unlawful, unfair, and fraudulent business practices and acts of defendants, and each of them, as described herein above have injured Plaintiff and members of the Plaintiff Class in that they were wrongfully denied the timely and full payment of wages due to them.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, on behalf of himself, and on behalf of the members of the Plaintiff Class, prays for judgment against defendants as follows:

1. For nominal damages;
2. For compensatory damages;
3. For equitable relief in the nature of declaratory relief, restitution of all monies due to plaintiff and members of the Plaintiff Class, disgorgement of profits from the unlawful business practices of defendants, and accounting;

4.     For penalties permitted by *Labor Code* §§ 201, 202, 203, 204, 210, 225.5, 223, 226, 226.3, 226, 226.3, 226.7, 227.3, 510, 512, 1194, and 1194.2;

5.     For all penalties permitted by California's Private Attorney General's Act (PAGA), *Labor Code* § 2698, *et seq.*;

6.     For interest accrued to date;

7.     For costs of suit and expenses incurred herein pursuant to *Labor Code* §§ 226 and 1194;

8.     For reasonable attorney's fees pursuant to *Labor Code* §§ 226 and 1194; and

9.     For all such other and further relief that the Court may deem just and proper.

Dated: May 25, 2010            **MARLIN & SALTZMAN, LLP**

By: _____
       Marcus J. Bradley of Marlin & Saltzman,
       Attorneys for Plaintiff