1    LYNNE C. HERMLE (STATE BAR NO. 99779)
     lchermle@orrick.com
2    JOSEPH C. LIBURT (STATE BAR NO. 155507)
     jliburt@orrick.com
3    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1000 Marsh Road
4    Menlo Park, CA  94025
     Telephone:    (650) 614-7400
5    Facsimile:    (650) 614-7401

6    CHRISTIAN N. BROWN (STATE BAR NO. 233147)
     cbrown@orrick.com
7    ORRICK HERRINGTON & SUTCLIFFE LLP
     405 Howard Street
8    San Francisco, CA 94105
     Telephone:    (415) 773-5700
9    Facsimile:    (415) 773-5759

10   Attorneys for Defendants
     SEARS HOLDINGS CORPORATION and SEARS,
11   ROEBUCK AND CO.

12                     UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14                   SAN FRANCISCO/OAKLAND DIVISION

15

16
     PATRICK RODRIGUEZ, as an individual          Case No. 3:10-cv-01268-SC
17   and on behalf of all others similarly situated,
                                                   **DEFENDANTS' NOTICE OF
18                  Plaintiff,                      MOTION AND MOTION TO
                                                   DISMISS AND STRIKE PLAINTIFF'S
19          v.                                     FIRST AMENDED COMPLAINT, OR
                                                   IN THE ALTERNATIVE, MOTION
20   SEARS HOLDINGS CORPORATION, a                 FOR MORE DEFINITE STATEMENT**
     corporation; SEARS, ROEBUCK AND CO.,
21   a corporation; and DOES 1 through 100,        CLASS ACTION
     inclusive,
22                                                 **DATE:    August 6, 2010
                    Defendants.                    PLACE:   Courtroom 1
23                                                 TIME:    10:00 a.m.
                                                   JUDGE:   Hon. Samuel Conti**
24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION AND STATEMENT OF ISSUES ........................................................ 2

II. STATEMENT OF RELEVANT FACTS ......................................................................... 2

    A. Defendants' and Other Entities' Corporate Structure ............................................ 2

    B. Plaintiff's Conclusory Allegations Regarding His Employment ........................... 3

    C. Plaintiff's Claims for Relief .................................................................................... 4

    D. Procedural History .................................................................................................. 5

III. ARGUMENT ................................................................................................................. 5

    A. Legal Standard ........................................................................................................ 5

    B. Plaintiff's Conclusory Allegations Regarding His First Through Fifth
        Claims for Relief Are Insufficient Under Twombly and Iqbal ............................. 9

        1. Plaintiff's First Claim for Relief Alleging Failure to Pay Overtime
            Compensation ............................................................................................. 9

        2. Plaintiff's Second Claim for Relief Alleging Failure to Allow and
            Pay for Meal and Rest Breaks .................................................................. 10

        3. Plaintiff's Third Claim for Relief Alleging Failure to Pay
            Compensation at the Time of Termination ............................................... 12

        4. Plaintiff's Fourth Claim for Relief Alleging Failure to Provide
            Accurate Wage Statements ........................................................................ 13

        5. Plaintiff's Fifth Claim for Relief Alleging Unfair Competition ............... 14

    C. The Court Should Dismiss or Strike the Alleged Class Claims and
        Allegations ............................................................................................................ 14

        1. Plaintiff Fails to Allege 23(b) Requirements .......................................... 15

            a. Rule 23(b)(1)(A) ......................................................................... 15

            b. Rule 23(b)(1))(B) ........................................................................ 15

            c. Rule 23(b)(2) ............................................................................... 16

            d. Rule 23(b)(3) ............................................................................... 17

    D. This Court Should Dismiss Plaintiff's First Amended Complaint Against
        Defendant Sears Holdings and Strike All References to Sears Outlet and
        Kmart ................................................................................................................... 17

        1. Plaintiff Fails to Allege Plausible Facts Establishing Sears
            Holdings, Sears Outlet, or Kmart Corporation is His Joint Employer ...... 17

        2. Plaintiff Fails to Allege that Sears Outlet or Kmart is His Employer
            Or That Sears Outlet and Kmart Employees Are Jointly Employed
            By Sears Holdings Corporation ............................................................... 19

        3. Plaintiff's Integrated Enterprise Theory is Inapplicable to Claims
            Under the California Labor Code and Irrelevant as a Matter of Law ....... 20

        4. Plaintiff Fails to Allege Facts to Support Why This Court Should
            Disregard Separate Corporate Structures of Sears Holdings, Sears
            Outlet and Kmart ...................................................................................... 21

**TABLE OF CONTENTS**
**(continued)**

Page

    5.    Plaintiff Cannot Serve as an Adequate Class Representative And His Claims Are Not Typical of the Proposed Class of Sears Outlet and Kmart Employees ............................................................................... 22

    E.    In the Alternative, the Court Should Require A More Definite Statement ........... 24

IV.    CONCLUSION .............................................................................................................. 24

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Acosta v. The Yale Club of New York City*,
   No. 94-0888, 1995 U.S. Dist. LEXIS 14881 (S.D.N.Y. Oct. 12, 1995) .................................. 7

*Anderson v. Dist. Bd.*,
   77 F.3d 364 (11th Cir. 1996)................................................................................................. 24

*Anderson v. Blockbuster*,
   No. 10-00158, 2010 WL 1797249 (E.D. Cal. May 4, 2010) .......................................... passim

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ........................................................................................................ 1, 2

*Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*,
   459 U.S. 519 (1983) ................................................................................................................. 6

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1990)................................................................................................... 5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................. 1, 2

*Bowoto v. Chevron Texaco Corp.*,
   312 F. Supp. 2d 1229 (N.D. Cal. 2004) ................................................................................ 22

*Coughlin v. Sears, Roebuck & Co.*,
   No. 08-00016 (N.D. Cal. Mar. 26, 2008) .............................................................................. 20

*DeLeon v. Time Warner Cable*,
   No. 09-2438, 2009 U.S. Dist. LEXIS 74345 (C.D. Cal. Jul. 17, 2009) ............................ 8, 11

*Dianda v. PDEI, Inc.*,
   No. 08-56981 (9th Cir. Apr. 6, 2010) ................................................................................... 18

*Doe I v. Wal-Mart Stores*,
   572 F.3d 677 (9th Cir. 2009).................................................................................... 6, 17, 22

*Doe v. Unocal Corp.*,
   248 F.3d 915 (9th Cir. 2001)........................................................................................... 21, 22

*Dukes v. Wal-Mart Stores, Inc.*,
   603 F.3d 571 (9th Cir. 2010).................................................................................................. 16

*Elliot v. Spherion Pac. Workforce*,
   572 F. Supp. 2d 1169 (C.D. Cal. 2008) ................................................................................ 13

*Erie v. Tompkins*,
   304 U.S. 64 (1938)................................................................................................................. 14

*Fletcher v. Atex*,
   68 F.3d 1451, 1459-60 (2d Cir. 1995) ................................................................................. 21

*General Telephone Co. of Southwest v. Falcon*,
   457 U.S. 147 (1982) ............................................................................................... 23

*Gilhuly v. Kmart Corporation, U.S. District Court, Northern District of California*,
   No. 10-00360 (N.D. Cal.) ......................................................................................... 5

*In re Graphics Processing Units Antitrust Litig.*,
   No. 06-07417, 2007 WL 2127577 (N.D. Cal. Jul. 24, 2007)...................................... 9

*Harding v. Time Warner*,
   No. 09-1212, 2009 WL 2575898 (S.D. Cal. Aug. 18, 2009) ................................. 6, 7

*Harding v. Time Warner*,
   No. 09-1212, 2010 WL 457690 (S.D. Cal. Jan. 26, 2010)............................... 7, 8, 10

*In re Integra Realty Resources, Inc.*,
   354 F.3d 1246 (10th Cir. 2004)............................................................................... 15

*Jones v. Casey's Gen. Stores*,
   538 F. Supp. 2d 1094 (S.D. Iowa 2008) ......................................................... 7, 8, 10

*Kamm v. Sugasawara*,
   509 F.2d 205 (9th Cir. 1975) .................................................................................. 14

*Kauffman v. Dreyfus Fund, Inc.*,
   434 F.2d 727 (3rd Cir. 1970), *cert. denied* 401 U.S. 974 ...................................... 22

*La Mar v. H & B Novelty & Loan Co.*,
   489 F.2d 461 (9th Cir. 1973)................................................................................... 15

*Leber v. Berkley Vacation Resorts, Inc.*,
   No. 08-01752, 2009 WL 2252517 (D. Nev. Jul. 27, 2009) .................................... 19

*Moss v. U.S. Secret Serv.*,
   572 F.3d 962 (9th Cir. 2009)..................................................................................... 6

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001)..................................................................................... 5

*Noble v. Serco, Inc.*,
   No. 08-76, 2009 U.S. Dist. LEXIS 54632 (E.D. Ky. Jun. 25, 2009)........................ 9

*Ortiz v. Fibreboard Corp.*,
   527 U.S. 815 (1999)................................................................................................. 16

*Palmer v. Combined Ins. Co.*,
   No. 02-1764, 2003 U.S. Dist. LEXIS 2534 (N.D. Ill. Aug. 29, 2003) ................... 14

*Singh v. 7-Eleven, Inc.*,
   No. 05-04534, 2007 U.S. Dist. LEXIS 16677 (N.D. Cal. Mar.8, 2007)................... 20

*Rubin v. Wal-Mart Stores, Inc.*,
   599 F. Supp. 2d 1176 (N.D. Cal. 2009) .................................................................. 14

MOTION TO DISMISS AND STRIKE
FIRST AMENDED COMPLAINT

*Serino v. Payday California, Inc.*,
  No. 08-56940, 2010 WL 1678302 (9th Cir. Apr. 27, 2010) .................................................. 18

*Tomlinson v. Indymac Bank, F.S.B.*,
  359 F. Supp. 2d 891 (C.D. Cal. 2005) .................................................................................. 14

*United States v. Bestfoods*,
  524 U.S. 51 (1998) ................................................................................................................ 19

*Velasquez v. Khan*,
  No. 01-0246, 2005 U.S. Dist. LEXIS 34681 (E.D. Cal. Jul. 11, 2004) ................................ 13

*Warth v. Seldin*,
  422 U.S. 490 (1975) .............................................................................................................. 24

*Zhong v. August August Corp.*,
  498 F. Supp. 2d 625 (S.D.N.Y. 2007) .................................................................................. 10

*Zimmerman v. Bell*,
  800 F.2d 386 (4th Cir. 1986) ................................................................................................ 15

### STATE CASES

*Baltimore Football Club, Inc. v. Superior Court*,
  171 Cal. App. 3d 352 (1985) ................................................................................................ 23

*Hart v. Alameda County*,
  76 Cal. App. 4th 766 (2000) ................................................................................................. 23

*Isenberg v. Cal. Employment Stabilization Comm'n*,
  30 Cal. 2d 34 (1947) ............................................................................................................. 17

*Martinez v. Combs*,
  49 Cal. 4th 35 (2010) ....................................................................................................... 17, 20

*Wickham v. Southland Corp.*,
  168 Cal. App. 3d 49 (1985) .................................................................................................. 17

### FEDERAL STATUTES

Fed. R. Civ. P. 12(b)(6) ................................................................................................. 1, 5, 18

Fed. R. Civ. P. 12(e) ......................................................................................................... 1, 24

Fed. R. Civ. P. 12(f) ................................................................................................................ 1

Fed. R. Civ. P. 23 ................................................................................................................. 14

Fed. R. Civ. P. 23(a) ....................................................................................................... 14, 23

Fed. R. Civ. P. 23(b)(1)(A) .................................................................................................. 15

Fed. R. Civ. P. 23(b)(1)(B) ............................................................................................. 15, 16

Fed. R. Civ. P. 23(b)(2) ........................................................................................ 16

Fed. R. Civ. P. 23(b)(3) ........................................................................................ 17

Fed. R. Civ. P. 23(d) ............................................................................................... 1

Fed R. Civ. P. 23(d)(1)(D) ............................................................................. 14, 24

## STATE STATUTES

Cal. Bus. & Prof. Code § 17200 .................................................................. 5, 14, 20

Cal. Civ. Proc. Code § 382 .................................................................................... 14

Cal. Codes Regs. tit. 8, § 11070 ............................................................................ 11

Cal. Lab. Code §§ 201-203 .................................................................................... 12

Cal. Lab. Code § 203 ....................................................................................... 7, 19

Cal. Lab. Code § 226(a) ......................................................................................... 13

Cal. Lab. Code § 226(e) ......................................................................................... 13

Cal. Lab. Code § 226.7 ........................................................................................... 11

Cal. Lab. Code § 227.3 ........................................................................................... 19

MOTION TO DISMISS AND STRIKE
FIRST AMENDED COMPLAINT

1  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2  NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF

3  RECORD:

4  PLEASE TAKE NOTICE that Defendants Sears Holdings Corporation and Sears,

5  Roebuck and Co. ("Defendants") file this Motion to Dismiss Plaintiff's First Amended Complaint

6  ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6), and Motion to Strike the FAC

7  pursuant to Federal Rule of Civil Procedure 12(f) and Rule 23(d). In the alternative, the

8  Defendants move for a more definite statement under Federal Rule of Civil Procedure 12(e).

9  Plaintiff's FAC fails to meet the pleading standard established by the U.S. Supreme Court

10  in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937

11  (2009). Specifically, the FAC is comprised of formulaic recitations of legal allegations and

12  conclusory assertions of liability, but is devoid of the facts required to show an entitlement to

13  relief. Defendants move to dismiss the individual claims and class claims. Defendants also move

14  to dismiss Defendant Sears Holdings Corporation as a defendant, because Plaintiff fails to allege

15  plausible facts demonstrating that Sears Holdings ever employed Plaintiff. In addition,

16  Defendants move to strike all references to Sears Outlet and Kmart, two companies with whom

17  Plaintiff does not allege an employment relationship and which are not named as defendants.

18  This motion to dismiss and motion to strike are based upon this Notice of Motion and

19  Motion, the memorandum of points and authorities in support thereof, Defendants' Request for

20  Judicial Notice, any reply filed in support of this motion, oral argument at the hearing and any

21  other matters that the Court may properly consider.

22  <u>**STATEMENT OF RELIEF SOUGHT**</u>

23  Defendants seek dismissal of each claim for relief, and dismissal or striking of all class

24  claims and allegations, and striking of all references to Sears Outlet and Kmart.

25  / / /

26  / / /

27  / / /

28  / / /

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION AND STATEMENT OF ISSUES**

The Supreme Court has twice ruled that conclusory allegations, such as those alleged in Plaintiff's First Amended Complaint ("FAC"), are no longer acceptable in federal courts.  *See Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).  Plaintiff's FAC consists of formulaic recitations of legal allegations and conclusory assertions of liability, but is devoid of the facts required to show an entitlement to relief.  Therefore, Defendants Sears Holdings Corporation and Sears, Roebuck & Co. move to dismiss the individual and class claims asserted by Plaintiff's First through Fifth Claims for Relief, alleging failure to pay overtime wages, failure to provide meal and rest breaks, untimely payment of final wages, inaccurate wage statements, and unfair business practices.

Similarly, Defendants move to dismiss Plaintiff's inadequate class allegations, which do little more than restate class action standards.  Finally, Defendants request that this Court strike all improper references to Sears Outlet and Kmart entities.  Plaintiff purports to include Sears Outlet and Kmart as defendants without actually designating them as defendants, through the ruse of alleging in conclusory fashion that all employees related to Defendant Sears Holdings Corporation are employees of that holding company.  This is untrue, and for purposes of this Motion, Plaintiff does not even allege purported facts supporting Plaintiff's conclusory allegation.

**II.    STATEMENT OF RELEVANT FACTS**

**A.     Defendants' and Other Entities' Corporate Structure**

Defendant Sears Roebuck and Co. ("Sears Roebuck") is a corporation organized under the laws of the State of New York.  *See* Defendants' Request For Judicial Notice ("RJN"), Ex. B.  Sears Roebuck operates Sears brand stores (where Plaintiff worked), as well as other stores that operate under names such as Sears Essentials and The Great Indoors.  Sears Roebuck also owns or is a shareholder in separate companies (distinct legal entities) that serve a variety of manufacturing and logistical functions, as well as a few independent retail companies.

Sears Outlet Stores, LLC ("Sears Outlet") is a limited liability company organized under the laws of Delaware.  *See id.*, Ex. F.

1    Kmart Corporation is a corporation organized under the laws of the State of Michigan.

2    Kmart Corporation operates the Kmart retail stores.  Kmart Corporation is owned by Kmart

3    Management Corporation, which in turn is owned by Kmart Holding Corporation.  All three are

4    separate legal entities.  *See id.*, Exs. C-E.

5    In 2004, Defendant Sears Holdings was incorporated in Delaware.  *See id.*, Ex. A.  Sears

6    Holdings eventually became the parent company of Defendant Sears Roebuck, as well as the

7    parent company of Kmart Holdings Corporation.  That is, the following entities are each

8    separately incorporated, distinct legal entities, subject to the doctrine of limited liability:  Sears

9    Holdings Corporation, Sears, Roebuck and Co., Sears Outlet Stores, LLC, Kmart Holding

10   Corporation, Kmart Management Corporation, and Kmart Corporation.  *Id.,* Exs. A-F.

11       **B.**       **Plaintiff's Conclusory Allegations Regarding His Employment**

12   Plaintiff Patrick Rodriguez ("Plaintiff" or "Rodriguez") alleges that he "was employed by

13   defendants as an Assistant Manager of defendants' Sears store in Oakland, California, from

14   March, 2008, to January, 2010."  FAC ¶ 6.  Plaintiff does not plead sufficient facts demonstrating

15   joint employment, although he alleges conclusorily that "Defendants" were his joint employers.

16   Plaintiff does not specify which entity, if any, controlled his wages, his hours or his working

17   conditions.  Plaintiff does not state which entity was his nominal employer, which entity

18   employed him as a matter of law, or any facts showing how the joint employment standard is

19   satisfied.  In order to show whether any entity sufficiently (1) engaged Plaintiff, (2) suffered or

20   permitted him to work, or (3) exercised control over his wages, hours, or working conditions to

21   qualify as Plaintiff's or anyone else's employer, he must plead specific facts showing this.

22   Plaintiff further alleges that Defendants Sears Roebuck and Sears Holdings "do[] business

23   in the state of California" and "conduct businesses under the names of Sears Roebuck and

24   Company, Sears Home Centers[1], Sears Department Stores, Sears Essentials, The Great Indoors,

25   K-Mart, and other entities unknown to Plaintiff at this time."  *Id.* at ¶ 8.  "All of these entities are

26   retail entities which operate in and around Alameda County, and throughout the State of

27   
28   
[1] Defendants are unaware of any entity or division called "Sears Home Centers."

- 3 -

California, and have employed individuals in the position of Assistant Manager." *Id.* at ¶ 8. Whether or not these various entities conduct business in California and have Assistant Managers proves nothing about joint employment.[2]

Plaintiff also makes conclusory "integrated enterprise" allegations.  He alleges that "Defendants herein are engaged in an integrated enterprise in connection with their retail enterprises in California[.]"  FAC ¶ 9.  Plaintiff alleges that this "integrated enterprise" includes but is not limited to "Sears Roebuck and Company, Sears Home Centers, Sears Department Stores, Sears Essentials, The Great Indoors and K-Mart."  He alleges that "these entities operate with (1) an interrelation of operations, (2) common management, (3) centralized control of labor operations and human resource issues, and (4) common ownership or financial control." *Id.* Plaintiff alleges that Sears Holdings Corporation's Form 10-K states that Sears Holdings is the parent company of Kmart and Sears Roebuck, that it is a broadline retailer with approximately 2,300 full-line and 1,100 specialty retail stores operating through Kmart and Sears, and that all employees are "considered" employees of Sears Holdings Corporation. *Id.* at ¶ 10.

Plaintiff proposes a class comprised of "All persons employed by defendants during the Class Period as 'Assistant Managers' and similar positions, at any of defendants' retail facilities in the State of California, specifically including Sears Department Store, Sears Hardware Store, Sears Grand, Sears Essentials, Sears Appliance & Hardware (formerly known as Sears Hardware), Sears Outlet, The Great Indoors, Sears Full-line stores, Sears Home Centers, Sears Roebuck and Co., Kmart, Big Kmart, and Kmart Super Centers."  FAC ¶ 19.

## C.   Plaintiff's Claims for Relief

Plaintiff's first claim for relief alleges that Defendants fail to pay employees overtime wages, predicated on the assertion that putative class members are misclassified as exempt from overtime.  FAC ¶ 30.  Plaintiff's second claim for relief alleges that Defendants failed to provide meal and rest breaks.  FAC ¶¶ 31-34.  Plaintiff's third claim for relief alleges failure to pay compensation upon discharge on behalf of a sub-class of "members of the Plaintiff Class whose

---

[2] Indeed, Sears Holdings is a mere holding company and has no employees.

1    employment ended during the proposed class" based on the alleged failure to pay overtime and

2    alleged failure to pay for missed meal and rest breaks.  FAC ¶¶ 19, 35-37.  Plaintiff's fourth claim

3    for relief alleges a failure to accurately record overtime hours worked on wage statements.  FAC

4    ¶¶ 38-42.  Finally, Plaintiff's fifth claim for relief asserts that the acts complained of in the first,

5    second, third, and fourth claims for relief are unfair business practices pursuant to California

6    Business and Professions Code Section 17200, *et seq.*  FAC ¶¶ 43-55.

7        **D.    Procedural History**

8        Plaintiff filed the Original Complaint in the Superior Court of California, County of

9    Alameda, on February 11, 2010.  Defendants removed the case to this Court on March 25, 2010.

10   Defendants also filed a Notice of Related Case, as the allegations in this action are substantially

11   similar to allegations in the matter captioned *Gilhuly v. Kmart Corporation*, No. 10-00360 (N.D.

12   Cal.).[3]  On April 14, 2010, Judge Hamilton, who is presiding over *Gilhuly*, declined to find that

13   *Rodriguez* and *Gilhuly* are related.

14       Plaintiff filed his First Amended Complaint on June 8, 2010.  It has a proposed class

15   definition that includes employees of Sears Outlet and Kmart, two companies for which Plaintiff

16   never worked, and which are not designated as defendants in this action.

17   **III.   ARGUMENT**

18       **A.    Legal Standard**

19       A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal

20   sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal can be

21   based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

22   cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A

23

24   _____

25   [3] While the *Gilhuly* suit involves a different nominal defendant (Kmart Corporation), it involves a
     proposed class that overlaps with Plaintiff's proposed class in this case because Plaintiff here tries to
     include Kmart Corporation by defining it as part of Sears Holdings.  On January 26, 2010, plaintiff
26   Michael Gilhuly, a former Kmart employee, filed a class action complaint against Kmart Corporation
     alleging misclassification of three identified manager positions that also fall under the broad class
27   definition Rodriguez proposes here.  *Gilhuly* asserts claims similar to those Rodriguez asserts: failure to
     pay overtime and regular wages, failure to provide meal and rest periods, failure to pay wages on
     termination, and unfair business practices under California Business & Professions Code § 17200 *et seq.*

28

MOTION TO DISMISS AND STRIKE
                                                      FIRST AMENDED COMPLAINT

1   motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim
2   to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

3       *Twombly* and *Iqbal* set forth a two-step process for analyzing the sufficiency of a
4   complaint when challenged via a motion to dismiss.  First, the Court must accept as true all
5   factual allegations, but exclude/ignore any "conclusory statements" or "threadbare recitals of the
6   elements." *Iqbal*, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 555) ("Although for the
7   purposes of a motion to dismiss we must take all of the factual allegations in the complaint as
8   true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation'").
9   "[P]leadings that [] are no more than conclusions, are not entitled to the assumption of truth." *Id.*
10  at 1950; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

11      Second, the Court must determine whether the complaint on its face states a plausible
12  claim for relief.  *Iqbal*, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 570).  "The plausibility
13  standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility
14  that a defendant has acted unlawfully." *Id.*  Where a complaint pleads facts that are "merely
15  consistent with" a defendant's liability, it "stops short of the line between possibility and
16  plausibility of 'entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).  Therefore,
17  *Twombly* made clear that it is not proper for a court to assume that a plaintiff can prove facts he
18  has not alleged or that the defendants have violated laws in ways not alleged.  *Twombly*, 550 U.S.
19  at 563 n.8 (*quoting Associated Gen. Contractors of California, Inc. v. California State Council of
20  Carpenters*, 459 U.S. 519, 526 (1983)).  If a plaintiff's allegations do not bring his "claims across
21  the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570.

22      Accordingly, after *Twombly* and *Iqbal*, courts have increasingly dismissed wage-and-hour
23  class action complaints that merely recite statutory language setting forth elements of the claims
24  and "slavishly repeat[] the statutory language as to the purported factual allegations." *See, e.g.,*
25  *Anderson v. Blockbuster*, 2010 WL 1797249 (E.D. Cal. May 4, 2010); *Doe I v. Wal-Mart Stores*,
26  572 F.3d 677, 683 (9th Cir. 2009); *Harding v. Time Warner*, 2009 WL 2575898 (S.D. Cal. Aug.
27  18, 2009) (plaintiffs' allegations insufficient where they alleged Time Warner failed to pay and
28  properly calculate overtime; keep accurate records of all hours worked; provide all wages in a

MOTION TO DISMISS AND STRIKE
FIRST AMENDED COMPLAINT

1   compliant manner; provide uninterrupted meal periods; provide accurate itemized wage

2   statements, and comply with Labor Code § 203); 2010 WL 457690 (S.D. Cal. Jan. 26, 2010)

3   (dismissing plaintiffs' complaint again for failure to set forth plausible facts); *Jones v. Casey's*

4   *Gen. Stores,* 538 F. Supp. 2d 1094, 1102 (S.D. Iowa 2008) (plaintiffs' allegations insufficient

5   where Plaintiffs alleged they "regularly worked regular time and overtime each week but were

6   not paid regular and overtime wages in violation of the FLSA" and "Defendant ... regularly and

7   repeatedly fail[ed] to compensate Plaintiffs and similarly situated individuals for all hours

8   actually worked" and "Defendant ... fail[ed] to keep accurate time records to avoid paying them

9   overtime wages and other benefits").

10         In *Acosta v. The Yale Club of New York City*, 1995 U.S. Dist. LEXIS 14881 (S.D.N.Y.

11   Oct. 12, 1995), in a case decided before *Twombly* and *Iqbal,* the Court dismissed the plaintiffs'

12   Fair Labor Standards Act ("FLSA") overtime claim for failure to sufficiently plead such a claim.

13   The plaintiffs had alleged incidents where they were required to work extra hours on a given day,

14   or were coerced to work on holidays, for which they did not receive overtime.  *Id.* at *6.  The

15   plaintiffs generally alleged that "hundreds of hours of overtime were not paid to many of the

16   plaintiffs" and that "plaintiffs were simply uncompensated for hours they worked and sometimes

17   entire shifts worked without pay." *Id.* at *7.  In opposing the motion to dismiss, the plaintiffs

18   argued that, since the complaint had alleged that they were not paid for overtime work, "by

19   definition, plaintiffs are claiming that they worked over forty hours per week." *Id.* at *11.  In

20   dismissing the FLSA overtime claim, the court disagreed, holding that "simply stating that

21   plaintiffs were not paid for overtime work does not sufficiently allege a violation of the FLSA."

22         Last year, in *Harding v. Time Warner, Inc.*, 2009 WL 2575898, (S.D. Cal. Jan. 26, 2010),

23   the court rejected the conclusory allegations that the defendant failed to "pay and properly

24   calculate overtime," "keep accurate records of all hours worked by its employees," "provide all

25   wages in a compliant manner," "provide uninterrupted Meal Periods," and "provide accurate

26   Itemized Wage Statements."  *Id.* at *3.  Despite alleging in the complaint that defendant had an

27   improper rounding policy and practice which under-reported the amount of time worked by

28   plaintiff, the court found that the plaintiff's allegations were "too generic and conclusory to

1    satisfy the standard announced in *Twombly*." *Id.* at *4; 2010 WL 457690, *5-6 (S.D. Cal. Jan. 26,

2    2010) (dismissing complaint again for failing to satisfy pleading standards).

3         Just recently in *Anderson*, 2010 WL 1797249, the court rejected plaintiff's conclusory

4    allegations that "Plaintiff and class members consistently worked in excess of eight hours in a

5    day, in excess of 12 hours in a day and/or in excess of 40 hours in a week"; "Defendants willfully

6    failed to pay all overtime"; "Defendants willfully failed to pay Plaintiff and class members who

7    are no longer employed by Defendants their wages, earned and unpaid either at the time of

8    discharge, or within 72 hours of their leaving Defendants' employ." *Id.* at *3.  The court held

9    these conclusory allegations did not meet minimum pleading requirements because "Plaintiff fails

10   to state when or how Defendant failed to pay the required wages." *Id.*; *see also DeLeon v. Time

11   Warner Cable,* 2009 U.S. Dist. LEXIS 74345, *7-8 (C.D. Cal. Jul. 17, 2009) (granting motion to

12   dismiss and holding that merely parroting statutory language and making conclusory statements

13   of liability fail to state a claim for violations of the Labor Code).

14        In *Jones*, 538 F. Supp. 2d 1094, the defendants sought dismissal of an FLSA minimum

15   wage claim.  The court held that the following allegations were too conclusory to satisfy the

16   *Twombly* pleading standard: "Plaintiffs and other assistant managers regularly worked regular

17   time and overtime each week but were not paid regular and overtime wages in violation of the

18   FLSA" and "Defendant ... regularly and repeatedly fail[ed] to compensate Plaintiffs and similarly

19   situated individuals for all hours actually worked" and "Defendant ... fail[ed] to keep accurate

20   time records to avoid paying them over-time wages and other benefits."  The court stated that the

21   "Amended Complaint only provides generic, conclusory assertions of a right to relief" and that

22   "there [was] not, on the face of the Amended Complaint, a single *factual* allegation that would

23   permit an inference that even one member of the Plaintiffs' collective has a 'right to relief above

24   the speculative level.'" *Id.* at 1102-03.  Accordingly, the court dismissed the FLSA minimum

25   wage claim as "implausible on its face." *Id.* at 1103.

26        Dismissal of claims failing to meet the *Twombly* standard is especially vital for cases, like

27   this one, in which the threat of "sprawling, costly, and hugely time-consuming" discovery "will

28   push cost-conscious defendants to settle even anemic cases." *Twombly*, 550 U.S. at 559, 560 n. 6;

MOTION TO DISMISS AND STRIKE
FIRST AMENDED COMPLAINT

*see also Noble v. Serco, Inc.*, 2009 U.S. Dist LEXIS 54632 *4 (E.D. Ky. Jun. 25, 2009) (FLSA

claim for unpaid overtime "has the potential to be a complicated and expensive matter involving

multiple plaintiffs around the country"); *see also In re Graphics Processing Units Antitrust Litig.*,

2007 WL 2127577, *4-5 (N.D. Cal. Jul. 24, 2007) (allowing discovery prior to determining

sufficiency of allegations in cases involving burdensome discovery would "defeat one of the

rationales of *Twombly*.").

> **B.**      **Plaintiff's Conclusory Allegations Regarding His First Through Fifth Claims for Relief Are Insufficient Under *Twombly* and *Iqbal***

The allegations in Plaintiff's FAC barely recite the minimum legal elements of a claim, let

alone provide sufficient factual matter to state claims for relief plausible on their face.

> **1.**      **Plaintiff's First Claim for Relief Alleging Failure to Pay Overtime Compensation**

Where a plaintiff in a proposed class action alleges unpaid overtime wages, general

allegations that the plaintiff and proposed class members worked "in excess of" eight hours in one

day are insufficient under *Twombly* and *Iqbal*. *See Anderson*, 2010 WL 1797249, at *2

(dismissing overtime claims where plaintiff alleged that plaintiff and class members "consistently

worked in excess of eight hours in one day, in excess of 12 hours in a day and/or in excess of 40

hours in a week").

Here, Plaintiff fails to allege any plausible facts to show that he, let alone a proposed

class, is owed overtime compensation. Like *Anderson*, Plaintiff only generally alleges that he and

other members of the proposed class routinely worked overtime. *See, e.g.*, FAC ¶ 14 ("Plaintiff

and each member of the Plaintiff Class routinely worked in excess of the maximum regular rate

hours established by the IWC in the above-described Wage Orders, regulations, and statutes,

which entitled them to overtime compensation as set by law."); FAC ¶ 28 ("Plaintiff and each

member of the Plaintiff Class are entitled to overtime compensation for all hours worked in

excess of the hours and time specified in the Wage Orders, statutes, and regulations identified

above."). These statements are conclusory and not entitled to any presumption of truth. *Iqbal*,

129 S.Ct. at 1950 ("pleadings that, because they are no more than conclusions, are not entitled to

1   the assumption of truth."); *see also Jones,* 538 F. Supp. 2d at 1102 (holding the following

2   allegations insufficient: "Plaintiffs and other assistant managers regularly worked regular time

3   and overtime each week but were not paid regular and overtime wages in violation of the

4   FLSA").

5          Although Plaintiff alleges he and others were misclassified under a "policy," this is

6   insufficient.  FAC ¶¶ 11-14  *See Jones,* 538 F. Supp. 2d at 1102 (holding the following

7   allegations insufficient: "Through its actions, policies and practices, Defendant violated the FLSA

8   minimum wage and overtime pay requirements by regularly and repeatedly failing to compensate

9   Plaintiffs and similarly situated individuals for all hours actually worked.").  Even if Assistant

10  Managers were misclassified as exempt – which Defendants vigorously dispute – this would

11  merely be consistent with a failure to provide overtime, but would not make it "plausible" without

12  additional facts.  *Iqbal*, 129 S. Ct. at 949 (*quoting Twombly*, 550 U.S. at 557) (merely pleading

13  facts consistent with defendants' liability stops short of plausibility).  Merely being classified as

14  exempt does not necessarily mean that such individuals are entitled to overtime.  Rather, at

15  minimum, Plaintiff must allege the approximate hours worked for which wages were not

16  received, indicate the applicable rate of pay, and allege the amount of overtime wages due.  *See*

17  *Harding*, 2010 WL 457690, at *5 ("where the plaintiff alleges violations of the FLSA's minimum

18  and overtime wage provisions, the complaint should, at least approximately, allege the hours

19  worked for which these wages were not received") (*citing Zhong v. August August Corp.*, 498 F.

20  Supp. 2d 625, 628 (S.D.N.Y. 2007) and *Jones*, 538 F. Supp. 2d at 1102).  Plaintiff conclusorily

21  alleges he and class members "routinely worked" overtime (FAC ¶ 14) without providing

22  plausible facts to support this allegation.  The Court should dismiss his First Claim for Relief.

23          **2.      Plaintiff's Second Claim for Relief Alleging Failure to Allow and Pay
                      for Meal and Rest Breaks**

24

25          Nor does Plaintiff plead a factual basis for his Second Claim for Relief, that Defendants

26  failed to allow and pay for meal and rest breaks.  *See Anderson* , 2010 WL 1797249, at *2

27  (dismissing meal and rest break claims where plaintiff alleged "no more than conclusions").

28  Similar to *Anderson*, Plaintiff merely restates the law that employers are obligated to provide

MOTION TO DISMISS AND STRIKE
FIRST AMENDED COMPLAINT

1    meal and rest breaks or compensate them, and concludes that Defendants failed to do so. FAC ¶¶

2    13, 15, 17, 33-34. Although Plaintiff generally alleges that Defendants had a policy of failing to

3    allow and pay for meal and rest breaks, this is merely a legal conclusion, and even coupling it

4    with recitations of the applicable law (including Labor Code 226.7 and Rule 23) does not convert

5    these allegations into "plausible" facts that show Plaintiff is entitled to relief. *See DeLeon*, 2009

6    U.S. Dist. LEXIS 74345, *7-8 (granting defendant's motion to dismiss where plaintiff simply

7    parroted the statutory language of section). Plaintiff fails to allege any facts regarding *how* or

8    *why* meal breaks were allegedly not provided, or *how* or *why* breaks were allegedly not

9    authorized, or *how* or *why* putative class members were allegedly not compensated.

10       Plaintiff seems to imply that such breaks were not provided because Defendants

11   misclassified putative class members. *See* FAC ¶ 13 ("Plaintiff and members . . . are not subject

12   to any exemptions for executive, administrative, or professional employees. Defendants were

13   therefore obligated to pay plaintiff and members of the Plaintiff Class . . . statutorily mandated

14   meal and rest periods."). But merely being classified as exempt does not necessarily mean that

15   such individuals are entitled to meal or rest breaks. For example, even if Defendants had

16   misclassified putative class members – which they vigorously deny – Plaintiff fails to plead

17   plausible facts that he and putative class members worked the requisite number of hours per day

18   to be entitled to a meal break, and/or rest breaks. *See, e.g.*, Cal. Codes Regs. tit. 8, § 11070

19   (Wage Order 7-2001) (requiring meal periods where a person works more than 5 hours per day,

20   requiring a second meal period where employee works more than 10 hours per day; requiring rest

21   breaks for employees whose total daily work time is greater than three and one-half (3 1/2) hours).

22   Similarly, Plaintiff does not allege whether he (or the proposed class members) actually took meal

23   or rest breaks, how often they did so, under what circumstances, or other facts demonstrating

24   plausibility. Again, merely pleading facts that are not inconsistent with Defendants' liability

25   stops short of plausibility. *Iqbal*, 129 S. Ct. at 949 (*quoting Twombly*, 550 U.S. at 557). Because

26   Plaintiff fails to identify any plausible set of facts regarding his entitlement to meal and rest

27   breaks and how they were allegedly not provided or taken, the Court should dismiss Plaintiff's

28   Second Claim for Relief.

- 11 -

**3.**   **Plaintiff's Third Claim for Relief Alleging Failure to Pay Compensation at the Time of Termination**

The FAC fails to plead sufficient factual allegations to support the claim for failure to pay wages on discharge (Plaintiff's Third Claim).  In *Anderson*, the Court dismissed plaintiff's cause of action for "wages not paid upon termination" where plaintiffs only alleged that "Defendants willfully failed to pay Plaintiff and the class members who are no longer employed by Defendants their wages, earned and unpaid, either at the time of discharge or within 72 hours of leaving Defendants' employ."  *Anderson*, 2010 WL 1797249 at *3 ("These conclusory allegations do not meet minimum pleading requirements.  Plaintiff fails to state *when* or *how* Defendant failed to pay the required wages.  Without more, such legal conclusions do not suffice.").

Similarly here, Plaintiff's mere allegation that Defendants failed pay all wages upon termination is insufficient.  *See* FAC ¶ 18 (alleging defendants "failed to pay all wages due upon termination.").  Like *Anderson*, these allegations are insufficient because Plaintiff fails to state when or how Defendants allegedly failed to pay the required wages.  For example, Plaintiff fails to allege any plausible facts regarding:  whether Plaintiff (or other putative class members) were involuntarily terminated;  whether individuals who were involuntarily terminated were paid at the time of termination (or at all);  whether Plaintiff or other putative class members voluntarily resigned;  whether those individuals were paid within 72 hours of termination;  whether those individuals who voluntarily resigned gave more than 72 hours notice, etc.  *See* Cal. Lab. Code §§ 201-203 (providing different deadlines to provide final wages depending on type of termination and advance notice if termination is voluntary).

Plaintiff may argue his allegations are sufficient because he alleges that Defendants' failure to pay final wages timely was based on Defendants' "policy" of failing to pay overtime (First Claim for Relief) and failing to allow and pay for meal and rest periods (Second Claim for Relief).  FAC ¶ 18.  But to the extent Plaintiff's Third Claim for Relief is merely derivative of Plaintiff's First and Second Claims for Relief, the Court should dismiss Plaintiff's untimely payment of wages claim for the same reasons as the underlying claims.  Therefore, the Court should also dismiss Plaintiff's Third Claim for Relief.

**4.     Plaintiff's Fourth Claim for Relief Alleging Failure to Provide Accurate Wage Statements**

An employee is not eligible to recover for violations of Labor Code section 226(a) unless he/she demonstrates some injury from the employer's violation.  Cal. Lab. Code § 226(e); *Elliot v. Spherion Pac. Workforce*, 572 F. Supp. 2d 1169, 1181 (C.D. Cal. 2008) ("suffering injury" is a prerequisite for showing an employer's failure to comply with section 226(a)).  This injury must be more than the defendant's mere failure to include information on employees' wage statements.  *See Velasquez v. Khan*, 2005 U.S. Dist. LEXIS 34681, *10 (E.D. Cal. July 11, 2004) (denying after bench trial plaintiffs' request for damages under Section 226(e) because plaintiffs' failure to show damages precluded recovery, even though employer completely failed to provide any pay stubs at all).

In his Fourth Claim for Relief, Plaintiff makes two unsupported factual allegations.  First, Plaintiff alleges that Defendants failed to accurately record overtime hours worked by putative class members.  FAC ¶ 40.  But Plaintiff fails state how the alleged omission of overtime hours caused an injury to Plaintiff.  Without more, Plaintiff's allegations are merely a failure to include information, which is insufficient under section 226(e) and *Elliot*.

Second, Plaintiff alleges that Defendants' "failure to break down incentive pay hindered Plaintiff from determining the above of wages actually owed."  FAC ¶ 41.  This sentence is nonsensical.  *Iqbal*, 129 S.Ct. at 1940 ("determining whether a complaint states a plausible claim . . . is context-specific task, that requires the reviewing court to draw on its judicial experience and common sense").  Plaintiff has not set forth any plausible facts showing that Plaintiff or the putative class earned incentive pay as wages.  Furthermore, Plaintiff fails to explain how or why the omission of a "break down" of incentive pay prevented the putative class from determining the amounts of wages allegedly owed to them, or how this allegedly translated into actual harm.  Accordingly, because Plaintiff has not alleged "plausible" facts which entitle him to relief, the Court should also dismiss Plaintiff's Fourth Claim for Relief.

/ / /

/ / /

1

**5.      Plaintiff's Fifth Claim for Relief Alleging Unfair Competition**

2          The Court must also dismiss Plaintiff's Fifth Claim for Relief under California's Business

3   and Professions Code section 17200 because this claim depends entirely on Plaintiff's untenable

4   wage claims.  See Rubin v. Wal-Mart Stores, Inc., 599 F. Supp. 2d 1176, 1179 (N.D. Cal. 2009)

5   (where claims for violations of California Labor Code failed, "derivative" claim also failed).[4]

6   Accordingly, because it is derivative of his untenable wage claims, Plaintiff's Fifth Claim must

7   also fail for the same reasons as the underlying claims as set forth above.

8

**C.      The Court Should Dismiss or Strike the Alleged Class Claims and Allegations**

9          To maintain a class action, a plaintiff must satisfy the Rule 23(a) requirements of

10  numerosity, commonality, typicality, and adequate representation.  In addition, a plaintiff must

11  satisfy at least one 23(b) requirement as well.  A court may dismiss class allegations at the

12  pleading stage.  See Kamm v. Sugasawara, 509 F.2d 205, 212 (9th Cir. 1975) (district court

13  properly granted motion to dismiss and strike class allegations); Palmer v. Combined Ins. Co.,

14  2003 U.S. Dist. LEXIS 2534, *5 (N.D. Ill. Aug. 29, 2003) ("[I]t is sometimes possible to

15  determine from the pleadings alone [the Rule 23] requirements cannot possibly be met, and in

16  such cases, striking class allegations before commencing discovery is appropriate.").  In this

17  regard, Rule 23(d)(1)(D) provides that "the court may issue orders that require that the pleadings

18  be amended to eliminate allegations about representation of absent persons and that the action

19  proceed accordingly."

20         Here, Plaintiff merely recites the legal elements (and of the wrong statute[5]), and pleads

21  unsupported conclusions in his class allegations without providing any facts that actually show

22  _____

23  [4] To the extent Plaintiff's Fifth Claim for Relief under Section 17200 is predicated on claims for penalties,
    Defendants move to strike it.  See Tomlinson v. Indymac Bank, F.S.B., 359 F. Supp. 2d 891, 895 (C.D. Cal.
24  2005) (penalties not recoverable under UCL).  As a matter of law, Plaintiff's Section 17200 claim cannot
    be predicated on a claim for penalties;  thus this Claim for Relief must be predicated on claims for wages.
25  [5] Plaintiff purports to bring his class action under California Code of Civil Procedure 382, even though
    Federal Rule of Civil Procedure 23 governs this putative class action.  See Erie v. Tompkins, 304 U.S. 64
26  (1938); see FAC ¶ 19 ("Plaintiffs brings this action on behalf of himself and all others similarly situated as
    a class action, pursuant to California Code of Civil Procedure section 382"); ¶ 26 ("The various claims
27  asserted in this action are additionally or alternatively certifiable under the provisions of the California
    Code of Civil Procedure section 382[.]").

28

MOTION TO DISMISS AND STRIKE
FIRST AMENDED COMPLAINT

1   that any of the legal elements or conclusions are "plausible." *See* FAC ¶¶ 21-26. Pursuant to

2   *Iqbal*, Defendants should not have to face costly, burdensome, and expensive discovery unless

3   and until Plaintiff has alleged sufficient facts showing that the class claims are plausible. As set

4   forth below, the Court should dismiss Plaintiff's class claims and/or strike the class allegations.

### 1. Plaintiff Fails to Allege 23(b) Requirements

### a. Rule 23(b)(1)(A)

7   Under Rule 23(b)(1)(A), Plaintiff must allege that a separate lawsuit by each class

8   member would create a risk of imposing incompatible standards of conduct on the party opposing

9   the class, through inconsistent adjudications. It is not enough that a defendant <u>might</u> be found

10  liable in one case and not in others; nor is a risk of later money judgments "incompatible" with

11  earlier judgments. *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 465-67 (9th Cir. 1973);

12  *Zimmerman v. Bell*, 800 F.2d 386, 389 (4th Cir. 1986). Rather, to justify a class action on this

13  ground, it must be shown if a class action is not allowed, separate lawsuits by individual class

14  members are <u>likely</u>. *In re Integra Realty Resources, Inc.*, 354 F.3d 1246, 1263-64 (10th Cir.

15  2004) (Rule 23(b)(1)(A) requires "more than the mere possibility that inconsistent judgments and

16  resolutions of identical questions of law would result").

17  Here, Plaintiff fails to allege that separate lawsuits by individual class members are likely.

18  Rather, Plaintiff merely states conclusorily that <u>if</u> class members did bring such lawsuits, then

19  they would <u>create a risk</u> of varying adjudications. FAC ¶ 26.a. ("The prosecution of separate

20  actions by hundreds or thousands of individual class members would create a risk or [sic] varying

21  adjudications with respect to individual class members, thus establishing incompatible standards

22  of conduct for defendants."). The Court should dismiss (or strike) Plaintiff's Rule 23(b)(1)(A)

23  class allegations in paragraph 26 of the FAC. *See Anderson*, 2010 WL 1797249 at *4 (dismissing

24  class allegations as insufficiently pled for lack of specific facts).

### b. Rule 23(b)(1))(B)

26  Under Rule 23(b)(1)(B), Plaintiff must allege that there is a risk of substantial prejudice

27  to other class members. This element is satisfied where separate lawsuits by each class member

28  would create a risk of impairing the interests of other members of the class (*e.g.*, where funds

1    available for recovery are insufficient to cover the claims of each class member).  *Ortiz v.*

2    *Fibreboard Corp.*, 527 U.S. 815, 838-39 (1999).

3         Here, Plaintiff makes no factual allegations and alleges only conclusory recitations of the

4    Rule.  *See* FAC ¶ 26.b ("The prosecution of separate actions by individual class members would

5    also create the risk of adjudications with respect to them that, as a practical matter, would be

6    dispositive of the interest of the other class members who are not a party to such adjudications

7    and would substantially impair or impede the ability of such non-party class members.").

8    Plaintiff fails to allege any facts regarding any of the above elements.  For example, plaintiff does

9    not allege that the putative class consists of multiple claimants to a limited fund that is

10   insufficient to satisfy all claims, and provide specific facts to support this.  Therefore, the Court

11   should dismiss (or strike) Plaintiff's Rule 23(b)(1)(B) class allegations.  *See Anderson*, 2010 WL

12   1797249 at * 4 (dismissing class allegations as insufficiently pled for lack of specific facts).

13                    **c.      Rule 23(b)(2)**

14        Under Rule 23(b)(2), Plaintiff must allege that a party opposing the class has acted or

15   refused to act on grounds that apply generally to the class.  Again, Plaintiff alleges only

16   conclusory recitations of the Rule.  *See* FAC ¶ 26.c. ("Defendants have acted or refused to act on

17   grounds applicable to the entire Class, thereby making appropriate final declaratory and

18   injunctive relief with respect to the Class as a whole.").  Specific allegations are necessary to put

19   Defendants on notice as to what practices, precisely, Plaintiff seeks to enjoin.  Furthermore,

20   Plaintiff has failed to allege any facts (as required) regarding the value of injunctive relief in this

21   case and whether such value outweighs the importance of any monetary damages sought.  *See*

22   *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 620 (9th Cir. 2010) (en banc) (Rule 23(b)(2)

23   requires a district court to "squarely face and resolve the question of whether the monetary

24   damages sought by the plaintiff class predominate over the injunctive and declaratory relief").

25   Because Plaintiff has failed to allege these necessary facts, the Court should dismiss (or strike) his

26   Rule 23(b)(2) class claims in paragraph 26.c.  *See Anderson*, 2010 WL 1797249 at* 4 (dismissing

27   class allegations as insufficiently pled for lack of specific facts).

28   / / /

#### d.    Rule 23(b)(3)

Under Rule 23(b)(3), Plaintiff must allege that common questions "predominate" and a class action is "superior."  Plaintiff completely omits any reference to whether common issues "predominate" and the Court should dismiss (or strike) his Rule 23(b)(3) class allegations on that ground alone.  *See Anderson*, 2010 WL 1797249 at *4 (dismissing class allegations as insufficiently pled for lack of specific facts).  Also, Plaintiff merely recites legal principles, and fails to allege any plausible facts regarding whether a class action is a superior method of adjudications.  *See* FAC ¶ 25.  Because Plaintiff has failed to allege any facts regarding whether common issues predominate and failed to allege plausible facts regarding superiority, the Court should dismiss (or strike) his Rule 23(b)(3) class allegations in paragraph 25.  *See Anderson*, 2010 WL 1797249 at* 4 (dismissing class allegations as insufficiently pled for lack of specific facts).

### D.    This Court Should Dismiss Plaintiff's First Amended Complaint Against Defendant Sears Holdings and Strike All References to Sears Outlet and Kmart

#### 1.    Plaintiff Fails to Allege Plausible Facts Establishing Sears Holdings, Sears Outlet, or Kmart Corporation is His Joint Employer

The proper test for determining who is an "employer" under California law is whether the entity (1) exercises control over the wages, hours, or working conditions, (2) suffers or permits the individual to work, or (3) or engages the individual creating a common law employment relationship.  *Martinez v. Combs*, 49 Cal. 4th 35, 2010 WL 2000511, *16 (2010); *see also Isenberg v. Cal. Employment Stabilization Comm'n*, 30 Cal. 2d 34, 39 (1947) (holding that a common law employment relationship exists where a particular party has the right of control over the manner or means of accomplishing the result desired); *Wickham v. Southland Corp.*, 168 Cal. App. 3d 49, 54 (1985) (same).  Here, Plaintiff fails to allege any facts regarding any of these three tests.  Because Plaintiff has failed to provide plausible facts to support the conclusion that Sears Holdings, Sears Outlet, or Kmart Corporation is his joint employer, this Court should dismiss Sears Holdings as a defendant and strike references to Sears Outlet and Kmart Corporation.

In *Doe I v. Wal-Mart Stores,* the plaintiffs, who were employees of Wal-Mart's foreign suppliers, alleged that Wal-Mart was their joint employer.  *Doe*, 572 F.3d at 683.  Plaintiffs

1   alleged that Wal-Mart exercised control over their day-to-day employment.  Plaintiffs also alleged

2   that Wal-Mart contracted with suppliers regarding deadlines, quality of products, materials used,

3   prices, etc.  The district court dismissed the complaint for failure to state a claim under Rule

4   12(b)(6) and the Ninth Circuit affirmed.  The Ninth Circuit held that plaintiffs' allegations did not

5   support the conclusion that Wal-Mart was plaintiffs' employer because plaintiffs' general

6   statement that Wal-Mart exercised control over their day-to-day employment was a conclusion,

7   not a factual allegation stated with any specificity.  *Id.* at 683 ("We need not accept Plaintiffs'

8   unwarranted conclusion in reviewing a motion to dismiss.").

9        Here, Plaintiff's FAC is even less detailed than the allegations in *Wal-Mart,* and cannot

10   "plausibly" show that Sears Holdings, Sears Outlet, or Kmart Corporation was his joint employer.

11   Plaintiff's FAC is completely devoid of facts regarding which entity (if any) had the right to

12   control his hours, wages, or working conditions.  Similarly, the FAC contains no facts regarding

13   whether Defendants "suffered or permitted" Plaintiff to work.  Although Plaintiff alleges

14   Defendants "employed" him as an Assistant Manager (FAC ¶ 6), this is a vague conclusion that

15   the Court should not accept as a factual allegation.  Plaintiff is required to do more than offer

16   "labels and conclusions."  *Iqbal*, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a

17   cause of action, supported by mere conclusory statements, do not suffice.").  Examples of

18   relevant facts would be who hired Plaintiff, who told him how to do his job, who terminated him,

19   and who communicated instructions to him.  *See Dianda v. PDEI, Inc.*, No. 08-56981, slip. op. at

20   3 (9th Cir. Apr. 6, 2010) (unpublished); *Serino v. Payday California, Inc.*, 2010 WL 1678302 (9th

21   Cir. Apr. 27, 2010) (finding that "plaintiffs have put forth no evidence that Payday had the right

22   to control the details of the plaintiffs' work or that Payday exercised control over their

23   employment relationship").  Because Plaintiff has not alleged facts necessary to determine

24   employer status under California law, much less alleged any plausible facts necessary to establish

25   a joint employment relationship, this Court should dismiss his Complaint against Sears Holdings

26   in its entirety, and strike all references to Sears Outlet and Kmart.

27   / / /

28   / / /

MOTION TO DISMISS AND STRIKE
FIRST AMENDED COMPLAINT

2. **Plaintiff Fails to Allege that Sears Outlet or Kmart is His Employer Or That Sears Outlet and Kmart Employees Are Jointly Employed By Sears Holdings Corporation**

Only an "employer" is liable for failing to pay employees for accrued but unused vacation time. Cal. Labor Code § 227.3. Only an "employer" is required to pay wages to an "employee" upon termination. Cal. Lab. Code § 203. Here, in the absence of an employer-employee relationship, none of the claims for relief alleged in the FAC can stand against Sears Outlet or Kmart Corporation (or any other Kmart-related entity), and their employees cannot be made part of the proposed class.

All of Plaintiff's claims are predicated on an employer-employee relationship, as they all rely on sections of the California Labor Code. But Plaintiff fails to allege that any Sears Outlet or Kmart entity was his employer. Plaintiff's FAC completely fails to acknowledge that Sears Outlet is a separate legal entity, and likewise is devoid of any allegations as to why Sears Outlet employees should be included. *See, e.g.*, FAC ¶¶ 8-9 (fails to mention Sears Outlet). Regarding Kmart, Plaintiff seems to suggest that because Sears Holdings is the parent holding company of both Sears Roebuck and Kmart Holding (which is itself the parent of Kmart Management Corporation, which is the parent of Kmart Corporation, which actually employs employees in Kmart retail stores), every employee of every subsidiary and sub-subsidiary of Sears Holdings at every level is a proper class member. This is contrary to well-settled law regarding the lack of liability between parent and subsidiary corporations by virtue of such relationship, and Plaintiff's FAC does not provide sufficient facts to show otherwise. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries."); *Leber v. Berkley Vacation Resorts, Inc.*, 2009 WL 2252517 (D. Nev. July 27, 2009) ("The fact that all Defendants conduct business in the same industry and utilize similar compensation schemes is insufficient to establish joint employer status."). Nor does the fact that two companies have the relationship of parent and subsidiary (or here, Kmart Corporation being a 3rd level subsidiary below Sears Holdings) say

///

1    anything about the California standard for joint employment.  Thus, the Court should strike all

2    references to Sears Outlet and Kmart.

3        Similarly, Plaintiff's claim for unfair competition pursuant to California Business and

4    Professions Code Section 17200 is also grounded in his California Labor Code claims.  FAC ¶ 58

5    ("[Defendants'] conduct amounts to unfair business practices in violation of *Business and*

6    *Professions Code* § 17200, *et seq.*").  As with his other Labor Code-dependent claims, Plaintiff's

7    section 17200 claim cannot serve as a basis to pull employees of companies he never worked for

8    into this litigation.  The lack of a required employee-employer relationship thus provides a basis

9    to strike the proposed class definition to the extent the phrase "employees of Defendants"

10   includes employees of Sears Outlet and Kmart, two entities that Plaintiff fails to designate as

11   defendants and that Plaintiff is attempting to rope into the litigation.

12       **3.      Plaintiff's Integrated Enterprise Theory is Inapplicable to Claims
                   Under the California Labor Code and Irrelevant as a Matter of Law**

13

14       Plaintiff may argue that Sears Holdings is his joint employer and that Kmart is properly

15   referenced in the FAC by virtue of being a subsidiary of Sears Holding.  In support of this

16   argument, Plaintiff impliedly asks this Court to infer that Sears Holdings and Kmart may be

17   treated as a single employer under the "integrated enterprise" test.  *See* FAC ¶ 9.  Plaintiff's

18   argument is misplaced, as the "integrated enterprise" test is inapplicable to claims under the

19   California Labor Code for purposes of determining who is an employee's "employer."  *See*

20   *Coughlin v. Sears, Roebuck & Co.*, No. 08-00016 (N.D. Cal. Mar. 26, 2008) (granting

21   defendants' motion to strike Plaintiff's First Amended Complaint because integrated enterprise

22   test inapplicable under Labor Code); *Singh v. 7-Eleven, Inc.*, 2007 U.S. Dist. LEXIS 16677, at *

23   20 (N.D. Cal. Mar. 8, 2007) (noting that federally-created tests for whether a corporation is an

24   "employer," such as the integrated enterprise test, are inapplicable under the California Labor

25   Code); *Martinez v. Combs*, 49 Cal. 4th 35, 2010 WL 2000511, at *18 (2010) ("In no sense is the

26   IWC's definition of the term 'employ' based on federal law.").

27       In any case, even if the "integrated enterprise" test applied under California law – which it

28   doesn't – Plaintiff still fails to make a "plausible" showing that Sears Holdings and Kmart were

- 20 -

his joint employers.  *See Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555 (a pleading that

offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action

will not do.").  Here, Plaintiff merely alleges the purported elements of the integrated enterprise

test regarding Sears Holdings, but fails to allege any facts to support those conclusory statements.

FAC ¶ 9 ("Defendants herein are engaged in an integrated enterprise . . . as such these entities

have and operated with (1) an interrelation of operations, (2) common management, (3)

centralized control of labor relations and human resources issues, and (4) common ownership or

financial control.").  Furthermore, Plaintiff completely omits any discussion that Sears Outlet or

Kmart Corporation is in an integrated enterprise with Defendants.

### 4. Plaintiff Fails to Allege Facts to Support Why This Court Should Disregard Separate Corporate Structures of Sears Holdings, Sears Outlet and Kmart

Subsidiaries and parent corporations are separate entities.  To satisfy the alter ego

exception to the general rule, a plaintiff has the burden to show "(1) that there is such unity of

interest and ownership that the separate personalities of the two entities no longer exist, and (2)

that failure to disregard their separate identities would result in fraud or injustice."  *Doe,* 248 F.3d

at 926.  Further, "references in the parent's annual report to subsidiaries or chains of subsidiaries

as divisions of the parent company do not establish the existence of an alter ego relationship."  *Id.*

at 928 (references to subsidiary as "division" of Kodak not equivalent to evidence that two

companies operated as "single economic entity") (*citing Fletcher v. Atex*, 68 F.3d 1451, 1459-60

(2d Cir. 1995)).

Here, Plaintiff fails to indicate why the Court should disregard the separate corporate

status of Defendant Sears Roebuck and Defendant Sears Holdings, and Sears Outlet, LLC and

Kmart Corporation (which Plaintiff seeks to include in the proposed class but which are not

parties to the litigation).  *See* FAC ¶ 19.  As set forth in Defendants' accompanying Request for

Judicial Notice, Sears Roebuck, Sears Holdings, Sears Outlet and Kmart Corporation are

indisputably separate legal entities entitled to limited liability.  *See* RJN, Exs. A-F.   But Plaintiff

never alleges any facts as to why the nature of Sears Holdings, Sears Roebuck, Sears Outlet, and

Kmart demonstrates that they should be treated as alter egos.  Plaintiff completely fails to allege

1  any facts demonstrating that Sears Roebuck and Sears Holdings (or Sears Roebuck and Kmart, or

2  Sears Holdings and Kmart, or Sears Roebuck and Sears Outlet, or Sears Holdings or Sears Outlet,

3  or Sears Outlet and Kmart) have a unity of interest, or how the failure to treat Sears Roebuck,

4  Sears Holdings, Sears Outlet and Kmart Corporation separately would result in an injustice.

5        Plaintiff's only allegations related to parent company liability come in the form of (1) his

6  conclusory assertion that he was "employed" by both Sears Roebuck and its parent Sears

7  Holdings, and (2) his reference to Sears Holdings' 10K report.  But as set forth above, Plaintiff's

8  conclusory assertion that he was jointly "employed" by both Defendants is insufficient.  *Wal-*

9  *Mart Stores, Inc*., 572 F.3d at 683 (holding that plaintiffs' general statement that Wal-Mart

10  exercised control over their day-to-day employment is a conclusion, not a factual allegation stated

11  with any specificity).  Similarly, Plaintiff's reference to Sears Holdings' 10K report is insufficient

12  to establish a parent corporation's relationship with its subsidiary because such statements

13  describe only "common business practices."  *Doe v. Unocal Corp.*, 248 F.3d 915, 928 (9th Cir.

14  2001) ("references in the parent's annual report to subsidiaries or chains of subsidiaries as

15  divisions of the parent company do not establish the existence of an alter ego relationship");

16  *Bowoto v. Chevron Texaco Corp.*, 312 F. Supp. 2d 1229, 1234-35 (N.D. Cal. 2004) ("Mere

17  ownership of a subsidiary does not justify the imposition of liability on a parent."); *id.* ("The law

18  allows corporations to organize for the purpose of isolating liability of related corporate

19  entities.").  Therefore, Plaintiff's conclusory allegations regarding his own employment are not

20  sufficient to meet the pleading standards as stated in *Twombly* and *Iqbal*, and therefore this Court

21  should dismiss his claims against Defendant Sears Holdings and strike all references to Sears

22  Outlet and Kmart.

23        **5.    Plaintiff Cannot Serve as an Adequate Class Representative And His Claims Are Not Typical of the Proposed Class of Sears Outlet and**
24  **Kmart Employees**

25        The Court should also strike Plaintiff's overbroad class definition because Plaintiff cannot

26  serve as an adequate class representative and his claims cannot possibly be "typical" of members

27  of the proposed class who worked for Sears Outlet or Kmart.  "A plaintiff who is unable to secure

28  standing for [herself] is certainly not in a position to 'fairly insure the <u>adequate</u> representation' of

- 22 -

1    those alleged to be similarly situated." *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 734 (3rd

2    Cir. 1970) ("In short, a predicate to [a plaintiff's] right to represent a class is his eligibility to sue

3    in his own right.  What he may not achieve himself, he may not accomplish as a representative of

4    a class.") *cert. denied* 401 U.S. 974.  Having never worked for Sears Outlet or Kmart (as pled in

5    the FAC Plaintiff worked only at a "Sears" store in Oakland), and having failed to explain why

6    the Court should overlook this critical fact, the Court should strike Plaintiff's proposed class

7    definition to the extent it includes Sears Outlet or Kmart employees.

8        Plaintiff's lack of employment at Sears Outlet and Kmart also renders his claims atypical

9    of potential claims that might be raised by members of the proposed class.  Plaintiff thus fails to

10   meet the Rule 23(a) requirement that his claims be typical of the proposed class.  The

11   requirements of Rule 23(a) "effectively 'limit the class claims to those fairly encompassed by the

12   named plaintiff's claims.'"  *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 156

13   (1982) (citation omitted).  A class action may be maintained only against defendants as to whom

14   the class representative has a cause of action.  *See*, *e.g.*, *Hart v. Alameda County*, 76 Cal. App. 4th

15   766 (2000); *Baltimore Football Club, Inc. v. Superior Court*, 171 Cal. App. 3d 352 (1985).

16       In *Baltimore Football Club*, plaintiff NFL season-ticket holders sought restitution of ticket

17   monies retained by team owners when several football games were cancelled due to a players'

18   strike.  The complaint named all 28 NFL teams as defendants, but the plaintiffs had purchased

19   season tickets from only one team, the San Francisco Forty-Niners.  Although the plaintiffs'

20   claims against the Forty-Niners were "similar" to the claims of putative class members against

21   other NFL teams, plaintiffs failed to meet the typicality requirement.  As a result, the action was

22   dismissed as to all defendants other than the Forty-Niners.  *Id.* at 362.

23       This case is even more compelling that *Baltimore*.  Like *Baltimore*, Plaintiff seeks relief

24   from entities that he never had a relationship with.  Specifically, Plaintiff seeks to represent

25   employees against Sears Outlet, Kmart, Big Kmart and Super Kmart.  However, like *Baltimore*

26   *Football Club*, Plaintiff does not allege that he ever worked for Sears Outlet or Kmart (or any

27   other Kmart-related entity).  Moreover, unlike *Baltimore*, Plaintiff has not even designated Sears

28   Outlet or Kmart Corporation (or any other Kmart-related entity) as a defendant.  Therefore, just as

- 23 -

1   in *Baltimore*, even if putative class members who worked for Sears Outlet had "similar" claims

2   against Sears Outlet, and even if putative class members who worked for Kmart had "similar"

3   claims against Kmart as Plaintiff asserts against Sears Roebuck (both assumptions which

4   Defendants vigorously dispute), Plaintiff's claims cannot be "typical" of those putative class

5   members.  Therefore, the Court should strike Plaintiff's class definition to remove all references

6   to Sears Outlet and Kmart.  *See* Fed R. Civ. P. 23(d)(1)(D) (court may "require that the pleadings

7   be amended to eliminate allegations about representations of absent persons").

8           **E.      In the Alternative, the Court Should Require A More Definite Statement.**

9           Under Federal Rule of Civil Procedure 12(e), the Court has broad discretion to order

10   Plaintiff to provide a more definite statement where the complaint is "so vague or ambiguous"

11   that Defendants "cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P.

12   12(e).  Trial courts have broad discretion to require amendment of the complaint to provide

13   additional detail.  *Warth v. Seldin*, 422 U.S. 490, 501-502 (1975).  An order for a more definite

14   statement serves the Court's and the parties' interests because "[u]nless cases are pled clearly and

15   precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes

16   unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer

17   justice."  *Anderson v. Dist. Bd.*, 77 F.3d 364, 367 (11th Cir. 1996) (holding that trial court should

18   have instructed plaintiff's counsel to provide more definite statement).  Should this Court

19   determine that a motion to dismiss and motion to strike are not warranted, Defendants request that

20   the Court order a more definite statement from Plaintiff to address the above issues.

21   **IV.     CONCLUSION**

22          For the foregoing reasons, this Court should dismiss and strike Plaintiff's First Amended

23   Complaint, or in the alternative, require a more definite statement.

24   Dated:     June 28, 2010              ORRICK, HERRINGTON & SUTCLIFFE LLP

25                                         /s/ Joseph C. Liburt

26                                                 Joseph C. Liburt
                                           Attorneys for Defendants
27                                      SEARS, ROEBUCK AND CO. and SEARS
                                               HOLDINGS CORP.

28

MOTION TO DISMISS AND STRIKE
                                                      FIRST AMENDED COMPLAINT