LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (STATE BAR NO. 155507)
jliburt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:      (650) 614-7400
Facsimile:       (650) 614-7401

CHRISTIAN N. BROWN (STATE BAR NO. 233147)
cbrown@orrick.com
ORRICK HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone:      (415) 773-5700
Facsimile:       (415) 773-5759

Attorneys for Defendants
SEARS HOLDINGS CORPORATION and SEARS,
ROEBUCK AND CO.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| PATRICK RODRIGUEZ, as an individual and on behalf of all others similarly situated,, <br><br> Plaintiff, <br><br> v. <br><br> SEARS HOLDINGS CORPORATION, a corporation; SEARS, ROEBUCK AND CO., a corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 3:10-cv-01268-SC <br><br> **NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL** <br><br> CLASS ACTION <br><br> **DATE:      August 13, 2010** <br> **PLACE:    Courtroom 1** <br> **TIME:      10:00 a.m.** <br> **JUDGE:    Hon. Samuel Conti** |

1  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2  NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF

3  RECORD:

4       PLEASE TAKE NOTICE THAT ON August 13, at 10:00 a.m. or as soon thereafter as the

5  matter may be heard in the above-entitled Court, Defendants Sears Holdings Corporation and

6  Sears, Roebuck and Co. ("Defendants") will and hereby does move this Court for an order

7  striking Plaintiff's Demand for Jury Trial pursuant to Federal Rules of Civil Procedure 38, and 39,

8  and 12(f), on the grounds that the Plaintiff has waived his right to jury trial.  This motion will be

9  based on this Notice of Motion and Motion, the pleadings, the Declaration of Christian Brown,

10  Memorandum of Points and Authorities filed herewith, and other papers in the record.

11  **STATEMENT OF RELIEF**

12       Defendants request that this Court strike Plaintiff's Jury Demand, which was filed on June

13  22, 2010 (Docket No. 17) in its entirety, and set this case for a bench trial on all issues.

14  **MEMORANDUM OF POINTS AND AUTHORITIES**

15  **I.**     **INTRODUCTION AND STATEMENT OF ISSUES**

16       Plaintiff Patrick Rodriguez waived his right to a jury trial by failing to demand a jury trial

17  in state court, and then failing to follow federal procedure for securing a jury trial after

18  Defendants removed the case to this Court.  From the date the case was originally filed in state

19  court on February 22, 2010, until June 2010, Plaintiff never mentioned the word "jury" in any

20  pleading or court document, let alone demanded a jury trial.  With the deadline for demanding a

21  jury trial having long-since passed, counsel for Plaintiff suddenly realized that they had failed to

22  file a jury demand, and ultimately filed an untimely demand on June 22, 2010.  That Plaintiff

23  filed a First Amended Complaint during the intervening period, which does not assert additional

24  claims and which relies on the same operative facts implicated by the original complaint, provides

25  no remedy for Plaintiff's waiver of his right to a jury trial.  The Court should strike Plaintiff's jury

26  trial demand because it is untimely, procedurally improper, and because Plaintiff has no basis to

27  obtain relief even if Plaintiff follows the proper procedure and files a noticed motion under Rule

28  39.

     - 2 -     

1  Plaintiff's jury trial demand is untimely because Plaintiff was required to file it no later

2  than April 19, 2010, but instead filed it on June 22, 2010.  Once a party has missed the deadline to

3  file a jury trial demand, the only proper procedure to obtain a jury trial is to file a noticed motion

4  under Rule 39; Plaintiff has not filed such a motion.  But such a motion would be futile, because

5  Plaintiff has no basis to obtain a jury trial.  Plaintiff's counsel did nothing in either state or federal

6  court consistent with seeking a jury trial, and admitted on June 18, 2010, that they simply forgot

7  to file a demand for jury trial.  The Court lacks discretion to excuse a party's failure to demand a

8  jury trial where the oversight is a result of simple inadvertence.  Consequently, this Court should

9  strike Plaintiff's untimely Demand for Jury Trial.

10 **II.     FACTS**

11  Plaintiff Patrick Rodriguez ("Plaintiff" or "Rodriguez") filed his original, state-court

12  Complaint in the Superior Court of California for Alameda County on February 11, 2010.

13  Declaration of Christian N. Brown ("Brown Decl."), ¶ 2, Ex. A.   His state-court complaint never

14  mentions the word "jury" and does not include any jury demand.  Nor does the state court civil

15  case cover sheet indicate that Plaintiff every requested a jury trial, nor does the docket evidence

16  that Plaintiff deposited any required jury fees.  Brown Decl., ¶¶ 3-4, Exs. B, C.  While the case

17  was pending in state court for six weeks, Plaintiff never demanded for jury trial.  Brown Decl., ¶

18  4, Ex. C.

19  Defendants Sears Holdings Corporation and Sears, Roebuck and Co. timely removed the

20  case to this Court on March 25, 2010.  Brown Decl., ¶ 5, Ex. D.  On April 1, 2010, Defendants

21  efiled and served their Answer to Plaintiff's Complaint.  Following Defendants' Answer, Plaintiff

22  did not file a jury demand within the 14-day period required by the Federal Rules of Civil

23  Procedure.[1]  Brown Decl., ¶ 6, Ex. E.

24  On May 25, 2010, the parties stipulated for Plaintiff to file an amended complaint to

25  further specify the entities that allegedly employ the proposed class members.  Brown Decl., ¶ 7,

26  Ex. F.  The stipulation makes clear that the purpose of the amended complaint was simply to

27
28

---

[1] The deadline for Plaintiff to file his jury demand was 14 days after service of Defendants'
Answer. *See* Fed. R. Civ. P. 38(b).  Under Rule 6(d), 3 days are added for electronic service,
making the deadline April 19.

1  "better identify the specific entities whose employees he seeks to include in the proposed class

2  definition . . . ." *Id.*.

3        Plaintiff filed his First Amended Complaint ("FAC") on June 8, 2010.  Brown Decl., ¶ 8,

4  Ex. G.  Pursuant to the parties' stipulation, the FAC simply specifies the entities and store types

5  that employed members of the proposed class.  The FAC differs from the Complaint in only three

6  respects: (1) Plaintiff deleted references to Orchard Supply Hardware (*compare id.* at ¶ 2, Ex. A

7  (Compl. ¶¶ 8, 9) *with id.* at ¶¶ 8, Ex. G (FAC ¶ 8, 9)); (2) Plaintiff deleted references to Doe

8  Defendants (*compare* at ¶ 2, Ex. A (Compl. ¶ 10) *with id.* at ¶ 8, Ex. G (FAC ¶ 10); and (3)

9  Plaintiff further narrowed the class definition by identifying specific entities and types of stores

10  that employ members of the proposed class (*compare id.* at ¶ 2, Ex. A (Compl. ¶ 19) with *id.* at ¶

11  8, Ex. G (FAC ¶ 19)).  Specifically, Plaintiff narrowed the class definition by changing the

12  following paragraph:

13  
14          All persons employed by defendants in the State of California as
        "Assistant Managers," and similar positions, who were
        misclassified as exempt employees during the period from February
15          1, 2006, up to and including the date judgment is rendered here.

16  (*id.* at ¶ 2, Ex. A (Compl. ¶ 19)) to the following paragraph:

17  
18          All persons employed by defendants during the Class Period as
        "Assistant Managers" and similar positions, at any of defendants'
        retail facilities in the State of California, specifically including
19          Sears Department Store, Sears Hardware Store, Sears Grand, Sears
        Essentials, Sears Appliance & Hardware (formerly known as Sears
20          Hardware), Sears Outlet, The Great Indoors, Sears Full-line Stores,
        Sears Home Centers, Sears Roebuck & Co., Kmart, Big Kmart, and
21          Kmart Super Centers.

22  (*id.* at ¶ 8, Ex. G (FAC ¶ 19)).

23        Except for these three differences, the FAC tracks the Complaint verbatim.  Like his state-

24  court complaint, Plaintiff never mentions the word "jury" in his FAC.  He fails to include the text

25  "demand for jury trial" in the caption of his FAC, and he does not demand a jury trial in the text

26  of the FAC.  Brown Decl., Ex. G (FAC).

27        On June 18, 2010, counsel for Defendants and counsel for Plaintiff met and conferred

28  pursuant to Rule 26(f).  During that conference, Plaintiff's counsel indicated for the first time that

Plaintiff desired a jury trial but acknowledged that they had not yet made a demand, indicating that Plaintiff's failure to make a demand prior to June 18, 2010 was simply inadvertent.  Brown Decl., ¶ 9.

On June 22, 2010 – over two months after Defendants filed their Answer and over two months after the deadline to file his jury demand – Plaintiff filed a procedurally improper, belated demand for a jury trial.  Brown Decl., ¶ 10, Ex. H.

### III.   ARGUMENT

#### A.   Legal Standard

A court may strike from any pleading any "redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (motions to strike permit the court to dispense with spurious issues prior to trial to prevent waste of the court's time and resources).  This includes improper demands for a jury trial. *See Betta Products, Inc. v. Distribution Systems & Servs. Inc.*, No. 07-2071, 2007 WL 1750211, at *1 (N.D. Cal. Jun. 15, 2007) (Conti, J.).

#### B.   Plaintiff Has Waived His Right to a Jury Trial

A party waives its right to a jury trial unless a demand is timely served.  Fed. R. Civ. P. 38(d).  In removed actions, a plaintiff preserves his right to a jury trial if (1) he demanded a jury trial under state law <u>before</u> the removal, or (2) if he demands a jury trial in accordance with the Federal Rules of Civil Procedure <u>after</u> removal.  *See* Fed. R. Civ. P. 38, 81.

##### 1.   Plaintiff Failed to Demand a Jury Trial in State Court Prior to Removal

Under California law, a party must request a jury trial before the trial date is set by the court, and must deposit jury fees in advance of trial.  *See* Cal. Code Civ. Proc. § 631(d)(4) ("A party waives a jury trial . . . [b]y failing to announce that a jury is required, at the time the cause is first set for trial"); *id.* at § 631(d)(5) ( "A party waives a jury trial . . . [b]y failing to deposit, with the clerk, or judge, advance jury fees").

Here it is undisputed that Plaintiff failed to request a jury trial in state court under California law.  The original complaint filed in Alameda County never mentions – let alone

1    demands – a jury trial.  In addition, Plaintiff's civil cover sheet does not mention a jury trial, nor

2    did Plaintiff deposit any jury fees with the court.  Plaintiff had six weeks while this case was

3    pending in state court to file a jury demand, but never did.

### 2.      Plaintiff Failed to Timely Demand a Jury Trial After Removal

5          In removed cases, if the defendant answers the complaint after removal, the plaintiff has

6    14 days after service of the "last pleading directed to the issue" on which a jury is requested to

7    file a demand.  *See* Fed. R. Civ. P. 38(b) ("a party may demand a jury trial by serving the other

8    parties with a written demand . . . no later than 14 days after the last pleading directed to the issue

9    is served").[2]  Subsequent case law has interpreted "the last pleading directed to the issue" to mean

10   the defendant's Answer to the Complaint.  *See Trixler Brokerage Co. v. Ralston Purina Co.*, 505

11   F.2d 1045, 1050 (9th Cir. 1974) (last pleading directed to an issue is the responsive denial).

12   Therefore, if the defendant answers the complaint after removal, a plaintiff has 14 days after

13   service of the answer to timely file a jury demand.

14         Here, Plaintiff waived his right to a jury trial because he indisputably failed to file and

15   serve his jury demand by April 19, 2010, which was the last date he could do so under Rule

16   38(b).   April 19, 2010, was 14 days after Defendants filed and served their Answer, plus 3

17   additional days for electronic service under Rule 6(d).  This Court should therefore strike his

18   untimely demand.  *See Wave Hours Belmont Park, LLC v. Travelers Property Casualty Co. of*

19   *America*, 244 F.R.D. 608, 609, 613 (S.D. Cal. 2007) (striking jury demand where plaintiff

20   indisputably failed to file its jury demand within the requisite time period).

21         Plaintiff may contend that his jury demand is timely because the "last pleading at issue" is

22   the FAC.  Specifically, Plaintiff may contend that because he filed and served the FAC on June 8,

23   his jury demand is timely because he filed and served it within 14 days on June 22, 2010.  But

24   any such contention is unavailing.  When a plaintiff files an amended complaint, the court must

25   determine if it raises any new "issues" to which a party may have a right to jury trial for purposes

26   of determining whether the amended complaint qualifies as the "last pleading directed to the

27   issue" under Rule 38.  If the amended complaint does raise new issues, then it can render a jury

28   _____

[2] Plus any additional time under Rule 6(d) for method of service.

demand timely as to *those new issues*, but not as to the issues in the original complaint. But when the amended complaint raises no new issues of fact that would create a new right to a jury trial, and instead turns on the same "matrix of facts" as the original complaint, any jury demand based on the amended complaint is ineffective. *Betta Products, Inc. v. Distribution Systems & Servs. Inc.*, No. 07-2071, 2007 WL 1750211, at *1 (Conti, J.) ("a party's failure to demand a jury trial in response to the original complaint waives its right to a jury trial on the claims in the amended complaint"), *citing Las Vegas Sun, Inc. v. Summa Corp.*, 610 F.2d 614, 620 (9th Cir. 1979).

*Trixler*, 505 F.2d at 1050, is instructive. In *Trixler*, the plaintiff originally set forth five claims for relief in his complaint for breach of contract, bad faith, and violations of antitrust laws. The defendant answered and counterclaimed, and neither party requested a jury trial. More than seven months later, plaintiff filed a motion for leave to file an amended complaint with two additional claims for relief and a demand for jury trial. The court held that plaintiff had waived his right to a jury trial, despite his filing of an amended complaint because the new claims "at most, they clarify the charges already made . . . by elaborating on the charges of bad faith in the fifth claims [and] did not create new issues." *Id.*.

Here, Plaintiff has similarly waived his right to a jury trial. Plaintiff filed his original complaint setting forth five claims for relief, but failed to include a demand for a jury trial. He waited to file his FAC and subsequent demand for a jury trial over two months after the Defendants answered. Plaintiff's FAC does not raise any new "issues" of fact that are entitled to be decided by a jury; instead it is based on the same (or an even narrower set of) factual issues raised in the original complaint. The original complaint's proposed class definition included "all persons employed by defendants in the State of California as 'Assistant Managers,' and similar positions." Brown Decl., ¶ 2, Ex. A (Compl. ¶ 19). The FAC narrows the workplaces to Defendants' "retail facilities" which "specifically includ[e] Sears Department Store, Sears Hardware Store, Sears Grand, Sears Essentials, Sears Appliance & Hardware (formerly known as Sears Hardware), Sears Outlet, The Great Indoors, Sears Full-line Stores, Sears Home Centers, Sears Roebuck & Co., Kmart, Big Kmart, and Kmart Super Centers."[3] Brown Decl. ¶ 8, Ex. G

---

[3] Some of these entities are subject to Defendants' pending Motion to Dismiss and Strike, filed

1    (FAC ¶ 19).  Because the FAC is based, at most, on the same set of facts as the original complaint

2    (and arguably a narrower set of facts), Defendants' Answer was the "last pleading directed to the

3    issue" under Rule 38.  Plaintiff was therefore required to demand a jury trial within 14 days of

4    Defendants' Answer to the original complaint.  *See Betta Products, Inc. v. Distribution Systems &*

5    *Servs. Inc.*, No. 07-2071, 2007 WL 1750211 (N.D. Cal. Jun. 15, 2007) (Conti, J) ("If the issues in

6    the original complaint and the amended complaint turn on the same matrix of facts, a party's

7    failure to demand a jury trial in response to the original complaint waives its right to a jury trial

8    on the claims in the amended complaint"), *citing Las Vegas Sun, Inc. v. Summa Corp.*, 610 F.2d

9    614, 620 (9th Cir. 1979).

10       **C.    District Courts Lack Discretion to Order a Jury Trial Where a Party Has
                 Made an Untimely Demand As A Result Of Inadvertence Or Neglect.**

11

12       Although a district court "in its discretion, may order a jury trial on a motion by a party

13   who has not filed a timely demand for one[,]" this discretion is narrowly construed and "does not

14   permit a court to grant relief when the failure to make a timely demand results from an oversight

15   or inadvertence."  *Pac. Fisheries Corp. v. HIH Cas. & General Ins., Ltd.*, 239 F.3d 1000, 1002

16   (9th Cir. 2001) *cert. denied* 534 U.S. 944 (citing Fed. R. Civ. P. 39(b)).

17       Numerous cases are in accord.  *See, e.g., Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d

18   1080, 1086-87 (9th Cir. 2002) (holding plaintiff waived right to jury trial by failing to make

19   timely demand even though he initially brought complaint pro se; "[plaintiff's] good faith mistake

20   as to the deadline for demanding a jury trial establishes no more than inadvertence, which is not a

21   sufficient basis to grant relief from an untimely jury demand"); *Kulas v. Flores*, 255 F.3d 780,

22   784 (9th Cir. 2001) (holding that a pro se plaintiff waived any right to a jury trial by failing to file

23   a timely demand as required by Fed. R. Civ. P. 38(b)); *Chandler Supply Co v. GAF Corp.*, 650

24   F.2d 983, 987-88 (9th Cir. 1980) (affirming district court's striking an untimely jury demand

25   where counsel attributed the delay to being "swamped with other work" and delegated the task to

26   an associate); *Ward v. Sunrise Assisted Living Investments*, No. 05-3165, 2006 WL 37030, at *2

27   (N.D. Cal. Jan. 5, 2006) (granting motion to strike untimely jury demand where plaintiff's

28   and served on June 28, 2010.

1  counsel alleged that he was unfamiliar with practice in federal courts and misunderstood the

2  requirements of Rule 81); *Wave Hours Belmont Park, LLC v. Travelers Property Casualty Co. of*

3  *America*, 244 F.R.D. 608, 609, 613 (S.D. Cal. 2007) (granting motion to strike untimely jury

4  demand where counsel attributed delay to being busy with another matter and instructed a staff

5  member to prepare the jury demand).

6        Here, Plaintiff cannot show that his failure to demand a jury trial went beyond simple

7  neglect.  Plaintiff's counsel indicated for the first time that Plaintiff desired a jury trial during the

8  Rule 26(f) conference, but conceded that no demand had yet been filed.  In addition, Plaintiff's

9  conduct until this point has been consistent with a bench trial.  Plaintiff failed to demand a jury

10 trial in state court, failed to demand a jury trial in his state-court civil case cover sheet, and did

11 not deposit jury fees with the state court.  Furthermore, after removal, Plaintiff failed to demand a

12 jury trial within 14 days of Defendants' Answer, or even in his recent FAC, which he will

13 undoubtedly cite as the basis for his right to file the recent demand.  *See* Local Rule 3-6 ("When a

14 demand for jury trial is included in a pleading, the demand must be set forth at the end of the

15 pleading. . . .  In the caption of such pleading, immediately following the title of the pleading, the

16 following must appear: "'DEMAND FOR JURY TRIAL'.").  Because Plaintiff cannot

17 demonstrate any reason beyond mere inadvertence for his failure to timely file a jury demand, this

18 Court should strike his improper, belated demand.

19 **IV.    CONCLUSION**

20        For the foregoing reasons, this Court should strike Plaintiff's improper and belated

21 Demand for Jury Trial.

22 Dated:     July 6, 2010                        ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                  LYNNE C. HERMLE
23                                                JOSEPH C. LIBURT
                                                  CHRISTIAN N. BROWN
24
                                                           /s/ Christian N. Brown
25                                                _____
                                                        Christian N. Brown
26                                                   Attorneys for Defendants
                                                  SEARS, ROEBUCK AND CO. and SEARS
27                                                     HOLDINGS CORPORATION

28