IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK RODRIGUEZ, an individual, <br><br> Plaintiff, <br><br> v. <br><br> SEARS HOLDING CORPORATION, a corporation, SEARS, ROEBUCK AND COMPANY, a corporation, and DOES 1 through 100, inclusive, <br><br> Defendants. | ) Case No. 10-1268 SC <br> ) <br> ) ORDER GRANTING <br> ) MOTION TO STRIKE <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## I. INTRODUCTION

Now before the Court is a fully briefed Motion by Defendants Sears Holdings Corporation and Sears, Roebuck and Company ("Defendants") to strike the jury trial demand made by Plaintiff Patrick Rodriquez ("Plaintiff"). ECF Nos. 24 ("Mot."), 28 ("Opp'n"), 29 ("Reply"). For the following reasons, the Court GRANTS Defendants' Motion.

## II. BACKGROUND

Plaintiff originally filed this action on February 11, 2010 in California Superior Court for the County of Alameda. ECF No. 1 ("Notice of Removal") Ex. A ("Compl."). Plaintiff was an employee of Defendants, and brought a putative class action on behalf of

himself and others similarly situated for violations of various provisions of California's Labor Code and Business and Professions Code, including failure to pay overtime wages, failure to allow and pay for meal and rest periods, failure to pay compensation upon discharge, and failure to provide proper wage statements. Id. The Initial Complaint made no demand for a jury trial. See id.

On March 25, 2010, Defendants removed this action to this Court under 28 U.S.C. § 1441(a). See Notice of Removal. Plaintiff did not oppose removal. On June 8, 2010, Plaintiff filed and served his First Amended Complaint. ECF No. 13 ("FAC"). The causes of action identified in the FAC are identical to those in the Initial Complaint, and the FAC does not include a demand for jury trial. See id. On June 22, 2010, Plaintiff filed a Demand for Jury Trial. ECF No. 17 ("Demand for Jury Trial"). On July 6, 2010, Defendants filed their motion to strike this demand. See Mot. Plaintiff filed a Second Amended Complaint on August 3, 2010, with the same five causes of action stated in the FAC and Initial Complaint. ECF No. 30 ("SAC"). No Case Management Conference has occurred in this action; a conference scheduled for July 9, 2010 was continued by the Court to September 17, 2010. ECF No. 23.

**III. LEGAL STANDARD**

The Seventh Amendment to the U.S. Constitution provides a right to jury trial in suits at common law. U.S. Const. amend. VII. Rule 38 of the Federal Rules of Civil Procedure provides the procedure for exercising this right. Under Rule 38(d), "[a] party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent."

2

Under Rule 38(b):

> On any issue triable of right by a jury, a party may demand a jury trial by:
>
> > (1) serving the other parties with a written demand -- which may be included in a pleading -- no later than 14 days after the last pleading directed to the issue is served; and
> >
> > (2) filing the demand in accordance with Rule 5(d).

Rule 6(d) adds three days to Rule 38(b)'s fourteen-day window when service is made electronically under Rule 5(b)(E). When a party files an amended complaint, if "the issues in the original complaint and the amended complaint turn on the same matrix of facts," a party's failure to demand a jury trial in response to the original complaint waives its right to a jury trial on the claims in the amended complaint. Las Vegas Sun, Inc. v. Summa Corp., 610 F.2d 614, 620 (9th Cir. 1979). While the district court may, in its discretion, order a jury trial on a motion by a party who has not filed a timely demand for one, this discretion is narrow, "and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd., 239 F.3d 1000, 1002 (9th Cir. 2001).

**IV.   DISCUSSION**

Defendants argue that Plaintiff's jury demand is untimely and procedurally improper. Mot. at 2. Defendants argue that under Rules 38(b) and 6(d) of the Federal Rules of Civil Procedure, Plaintiff's jury demand was due seventeen days after service of Defendants' removal, making the deadline April 19, 2010. Id. at 3.

1  Defendants also argue that Plaintiff failed to demand a jury trial
2  while the action was in state court. Id. at 5. Defendants argue
3  that the Initial Complaint, FAC, and SAC contain the same causes of
4  action and do not raise new issues that would render the jury
5  demand timely. Id. at 6-7. Defendants claim that under Ninth
6  Circuit case law -- specifically, Pacific Fisheries, 239 F.3d 1000,
7  and other cases -- the Court lacks discretion to order a jury trial
8  where the plaintiff's demand is untimely as a result of
9  inadvertence or neglect. Id. at 8.

10  Plaintiff concedes that the jury demand was eight weeks late
11  "due to plaintiff's counsel's belief a jury had been demanded in
12  state court already", and does not argue that new issues were
13  raised in the amended complaints that would render the Jury Demand
14  timely. Opp'n at 2. Rather, Plaintiff stresses the importance of
15  this constitutional right and argues that the Court has discretion
16  to grant relief from an inadvertent waiver of jury under Rule
17  39(b), which provides: "Issues on which a jury trial is not
18  properly demanded are to be tried by the court. But the court may,
19  on motion, order a jury trial on any issue for which a jury might
20  have been demanded." Plaintiff also points to case law from other
21  circuits providing a number of factors for determining whether to
22  excuse an untimely jury demand and order a jury trial:

> (1) whether the case involves issues which are best tried to a jury, (2) whether there will be any prejudice to the opposing party in granting the relief; (3) whether granting the request for a jury trial will delay the trial or otherwise disrupt the proceedings; (4) the length of the delay in having requested the jury trial, and (5) whether granting the request will have a negative effect on the court's calendar or the administration of justice.

4

1  Opp'n at 8 (citing Parrott v. Wilson, 707 F.2d 1262, 1267 (11th
2  Cir. 1983).

3      Plaintiff argues that under the Parrott factors, the late jury
4  demand should be excused because: (1) the case involves issues
5  which are best tried to a jury (namely, a finding of willfulness by
6  Defendant in failing to pay all wages due upon termination, as well
7  as the damages amount); (2) there will be no prejudice to
8  Defendants; (3) it will not delay trial or disrupt proceedings, as
9  no status conference has occurred and no court dates have been set;
10 (4) the delay -- eight weeks -- is relatively short; and (5) a jury
11 trial will not have a negative effect on the Court's calendar.
12 Opp'n. at 8-9.  Plaintiff also cites to a district court case,
13 Johnson v. Dalton, 57 F. Supp. 2d 958, 960 (C.D. Cal. 1999), in
14 which the court found that it had the discretion to order a jury
15 trial despite an untimely jury demand.  Plaintiff claims that the
16 Ninth Circuit cases Defendants cite for the proposition that the
17 court lacks discretion to order a jury trial when the jury demand
18 is late due to inadvertence or neglect are essentially dicta;
19 Plaintiff notes that none are cases in which the Ninth Circuit
20 reversed for abuse of discretion a lower court's ordering of a jury
21 trial despite a late and unexcused jury demand.  Opp'n at 6.

22     The Court finds that while the authority cited by Defendants
23 may be dicta, it is on-point dicta.  While Plaintiff's inadvertent
24 failure to make a timely demand for a jury trial may be harmless,
25 Defendants cite a half-dozen Ninth Circuit cases with unambiguous
26 language stating that a district court abuses its discretion when
27 it permits a jury trial despite a plaintiff's inadvertent failure
28 to make a timely demand.  See Mardesich v. Marciel, 538 F.2d 848,

5

849 (9th Cir. 1976) (finding that district court had "no discretion to exercise" in its decision to deny plaintiff's untimely request for jury trial); Lewis v. Time Inc., 710 F.2d 549, 556-57 (9th Cir. 1983) (district court's discretion "does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence"); Kletzelman v. Capistrano Unified Sch. Dist., 91 F.3d 68, 71 (9th Cir. 1996) (same); Pac. Fisheries, 239 F.3d at 1002 (same); Lutz v. Glendale Union High Sch., 403 F.3d 1061, 1065 n.4 (9th Cir. 2005) ("had the district judge ordered a jury trial under Rule 39(b), he would have abused his discretion"). Plaintiff never argues that anything other than counsel's oversight caused him to miss the Rule 39(b) deadline. In light of these facts and the unambiguous language from our reviewing court, the Court GRANTS Defendants' motion to strike Plaintiff's Jury Demand as untimely.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion by Defendants Sears Holdings Corporation and Sears, Roebuck and Company to strike the demand for jury trial made by Plaintiff Patrick Rodriquez. There will be no jury trial; the case will be tried before the Court.

IT IS SO ORDERED.

Dated: August 24, 2010

UNITED STATES DISTRICT JUDGE